

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      Cr. No. 05-1849JH

DANA JARVIS, et al.,

    Defendant.

### RESPONSE TO MOTION FOR PROTECTIVE ORDER

Defendant Dana Jarvis, through undersigned counsel, hereby responds to the motion for a protective order as follows:

1. The real property and liquor license at issue, indeed all of the assets named in the indictment, are not subject to forfeiture at all, because they were assets acquired before the dates of the indictment. 21 USC §853(d)(1) provides that property is subject to forfeiture if "such property was acquired by such person during the period of the violation of this subchapter...." Under the plain meaning of the statute all seized property must be released as all was acquired by defendant Jarvis before 2002, the date that begins the time in the indictment.

2. The government may then say that the assets were seized as substitute assets in anticipation of obtaining a CCE conviction at trial and a money judgment that would follow. Substitute assets may not be restrained prior to trial. *United States v. Floyd*, 992 F.2d 498 (5th Cir. 1993), *In re*

*Assets of Martin*, 1 F.3d 1351, 1359-60, (3d Cir. 1993) (discusses legislative history), *United States v. Riplinsky*, 20 F.3d 359, 365(9th Cir. 1994), (citing a Senate report that makes it clear that Congress did not intend to allow pretrial restraint on substitute assets), *United States v. Regan*, 858 F.2d 115(2d Cir. 1988), *U.S. v. Lee*, 232 F.3d. 556, 561 (7th Cir. 2000)(making a distinction between restraining tainted assets and substitute assets). One circuit, the 4th, reached the wrong result in a heavily criticized case where bad acts of the defendant made bad law. *In re Billman*, 915 F.2d 916 (4th Cir. 1990). See generally Prosecution and Defense of Forfeiture Cases, §13.02[4][b] (Substitute assets may not be restrained prior to trial),Matthew Bender Publishers, 1981 supplemented through 2005. David B. Smith.

3. Defendant Jarvis invokes his right to an adversarial hearing to determine 1) whether any asset acquired before the dates of the indictment are subject to forfeiture and 2) if any named assets are subject to forfeiture, whether those assets are subject to pretrial restraint.

Respectfully submitted,

_____
Cliff McIntyre for Jarvis

I hereby certify that a copy of the foregoing
Was mailed to counsel of record
This __11TH__ of __OCT.__, 2005.

_____
Cliff McIntyre