IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED ORDER SETTING
DEADLINES AND DECLARING CASE COMPLEX**

THIS MATTER comes before the Court on the United States' Motion for Status Conference for the Purpose of Designating this a Complex Case, filed on September 1, 2005. The Court held a status conference on October 27, 2005, at which time the Court agreed that the case should be declared complex and requested the parties to prepare a stipulated scheduling order. In compliance with the Court's request, the parties have submitted this Order.

THE COURT HEREBY FINDS that, given the complexity of the case, the nature of the charges, and the number of parties involved, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161, et seq. THEREFORE, THE COURT FINDS that the ends of justice served by granting an exclusion of time in this case outweigh the best interests of the public and the defendants in a speedy trial.

THE COURT FURTHER FINDS, with regard to appointed counsel, that this case involves complex representation pursuant to 18 U.S.C. 3006A(d)(3).

THE COURT FURTHER FINDS that there is good cause to set aside the Court's standard discovery order and motion schedule order in this case, and establish an alternative discovery and motion schedule as agreed upon by the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), that the time between the date of the filing of the United States' Motion for Status Conference for the Purpose of Designating this a Complex Case and the date trial commences in this case is hereby excluded for purposes of the Speedy Trial Act computation.

IT IS FURTHER ORDERED that the Court's standard discovery order is hereby set aside and discovery in this case shall be conducted as follows:

1) The government shall produce discovery pursuant to Rule 16(a)(1)(A), (B), and (D), Fed. R. Crim. P., by November 18, 2005. If any material governed by Rule 16(a)(1)(A), (B), and/or (D) comes into the possession of the government after that date, the government shall produce such material as soon as practicable.

2) The government shall produce copies of Rule 16(E)(i) and (ii) material by December 5, 2005. If any material governed by Rule 16(E)(i) and/or (ii) comes into the possession of the government after that date, or if any material in the possession of the government is subsequently determined to fall within Rule 16(E)(i) and (ii), the government shall produce copies of such material as soon as practicable. This paragraph does not govern the discovery of material seized from the defendants, which is provided for in paragraph 3 below.

3) Pursuant to Rule 16(a)(1)(E)(iii), the government shall arrange a time for defense counsel to inspect and copy the documents and objects seized from the defendants in this case.

4) The government shall produce all material in its possession for which disclosure is mandated by Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), no later than ninety (90) days prior to trial, and shall continue to produce any additional Brady or Giglio material as soon as practicable after such material comes into the government's possession.

5) The government shall produce (a) a summary of any expert witness testimony pursuant to Rule 16(a)(1)(G), and (b) witness statements pursuant to 18 U.S.C. § 3500 (the Jencks Act), no later than forty-five (45) days prior to trial.

6) The government shall provide a single set of all discovery required to be produced under this Order to D. Penni Adrian, who will act as discovery coordinator on behalf of all defense counsel.  Upon the specific written request of any counsel in this case, the United States shall also provide a copy of discovery to that particular defendant's counsel.

7) The defendants shall produce any reciprocal discovery under Rule 16(b)(1) by March 6, 2006.

IT IS FURTHER ORDERED that the defendants shall file any motions pursuant to Rule 12(b)(3), Fed. R. Crim. P., by March 6, 2006.  Within ten (10) days of the filing of a motion by any defendant, any other defendant may file a notice of joinder in the motion, including in the notice of joinder any factual or legal argument that is specific to the joining defendant and specifying the relief sought by the joining defendant.  The government may file one omnibus response to motions that have been joined by other defendants.  The government shall file its response(s) to any Rule 12(b)(3) motions by April 24, 2006.  A single reply to each government response shall be filed on behalf of the filing defendant and any joining defendants by May 8,

2006.

    IT IS FURTHER ORDERED that the parties shall file any motions *in limine* at least thirty (30) days prior to trial.

    IT IS FURTHER ORDERED that this case is hereby set for jury selection and trial on October 2, 2006.

                                                             _____
                                                              JUDITH C. HERRERA
                                                             UNITED STATES DISTRICT JUDGE