IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                           Criminal No. CR 05-1849 JH

DANA JARVIS,

    Defendant.

**DEFENDANT DANA JARVIS' MOTION TO RELEASE ASSETS
AND FOR LEAVE TO RETAIN COUNSEL**

COMES NOW, Defendant Dana Jarvis, by and through attorneys, Robert J. Gorence, Gorence & Oliveros, P.C., and Paul Kennedy of Kennedy & Han, P.C., and hereby moves this Court to release assets to allow Defendant to retain defense attorneys. In support of this motion, Defendant states:

1. On or about August 23, 2005, Defendant was charged in a 26 count grand jury indictment. Count 1 charges Defendant with conspiracy to distribute marijuana under 21 U.S.C. §§ 846; 841(a)(1) and (b)(1)(A). Count 2 charges Defendant with maintaining a continuing criminal enterprise in violation of 21 U.S.C. § 848. Counts 3 through 26 charge Defendant with violations of federal money laundering statutes.

2. Due process "requires a district court to conduct a post-restraint pre-trial hearing before continuing to freeze assets if a defendant needs the assets for reasonable legal fees and living expenses and makes a *prima facia* showing that the grand jury erred in determining the assets are traceable to the underlying offense." United States v. Jones, 160b F.3d 641 (10th Cir. 1998). As a preliminary matter, a defendant must demonstrate that he has no assets, other than

those restrained with which to retain private counsel. Jones, 160 F.3d at 647. A defendant must also make a *prima facia* showing that he has a bona fide reason to believe that the restrained assets were not determined by the grand jury to have been derived, directly or indirectly, from gross proceeds traceable to the commission of the underlying offense. Id.

3. In the present matter, Defendant has no assets other than those restrained by the Government. The Government went so far as to seize assets that were acquired by Defendant well before it ever alleges that Count 1 arose. Defendant's absolute lack of assets with which to retain private counsel is unrebuttable. By means of the grand jury indictment and *lis pendens* the Government has effectively restrained absolutely everything belonging to Defendant. The indictment itself demonstrates this blanket restraint by the Government.

4. Here, the grand jury designated real property pursuant to 21 U.S.C. § 853(p), which is the substitute property subsection of the criminal forfeiture law.[1] The grand jury made no determination that these assets were traceable to the underlying offense in Count 1 through 26. Defendant reasonably believes that the grand jury did not make an actual determination that

---

[1]Land in Mora County, New Mexico, which is more particularly described as follows:

A certain tract of land within the Mora Grant, being situate in Sections 25 and 36, Township 21 North, Range 14 East, New Mexico, principal meridian, and more particularly described as follows (as alleged in the indictment).
and

Land in Mora County, New Mexico, which is more particularly described as follows:

Tract B: A certain tract or parcel of land lying and being situate within the Mora Grant, in Sections 25 and 36, Township 21 North, Range 14 East, N.M.P.M. County of Mora, State of New Mexico, and being more particularly bounded and described as follows (as alleged in the indictment).

these assets should be restrained because they constitute or were derived, directly or indirectly from gross proceeds traceable to the commission of the alleged offense in Count 1 of the indictment. Rather, the grand jury merely found that these were assets found in the name of Defendant that could possibly be sought should the assets named as traceable to the underlying offense not be forfeitable for some reason as described in 21 U.S.C. § 853(p).

5. Additionally, Defendant requests a hearing to establish that the property subject to forfeiture in paragraphs 2(a)-2(d), 3(a), 3(b) and 3(d) do not constitute traceable assets as alleged from Counts 1 through 26 with regard to these assets it will be the Defendant's burden to produce evidence that a grand jury erred in determining that the restrained assets were derived, directly or indirectly, from gross proceeds traceable to the commission of the underlying offense. Jones, 160 F.3d at 647.

6. Defendant Jarvis desires to retain Robert J. Gorence and Paul Kennedy for his defense but defense counsel will need adequate funds to cover the considerable costs and fees associated with defending this cause of action.

7. Defendant needs frozen assets for reasonable legal fees and costs of this litigation. At this time Defendant has no appreciable assets, other than those restrained, with which to retain private counsel and provide for the considerable costs of defending this cause of action.

8. The United States opposes this motion.

WHEREFORE, for all the above reasons, and for such reasons as may appear upon a full evidentiary hearing of this matter, Defendant asks that this Motion be granted.

                                          Respectfully submitted,

                                          Electronically filed:
                                          Robert J. Gorence, Esq.
                                          Gorence & Oliveros, P.C.
                                          201 12th Street NW

Albuquerque, NM 87102

<u>Electronically filed: 1/9/06</u>
Paul J. Kennedy
Kennedy & Han
201 12th Street NW
Albuquerque, NM 87102

   I hereby certify that a true and correct copy of the foregoing has been faxed on this ___ day of January, 2006 to:

AUSA James R.W. Braun
US Attorney's Office
PO Box 607
Albuquerque, NM 87103
(505) 346-7296 (fax)

AUSA Steve Kotz
US Attorney's Office
PO Box 607
Albuquerque, NM 87103
(505) 346-7296

Cliff McIntyre, Esq.
1500 Mountain Road NW
Albuquerque, NM 87104
(505) 243-6339 (fax)

Judy Rosenstein
PO Box 25622
Albuquerque, NM 87125
(505) 797-8086 (fax)


<u>Electronically filed: 1/9/06</u>
Robert J. Gorence