IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      CR No. 05-1849 JH

DANA JARVIS,

        Defendant.

## MOTION TO END UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AND FOR EXPEDITED HEARING

Defendant Dana Jarvis, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and 18 U.S.C. § 3142(e), and respectfully request that this Court issue an Order to the United States' Marshall service releasing Mr. Jarvis from Administrative Segregation and placing him back in general population at the Regional Correctional Center.  In addition, Mr. Jarvis requests a hearing and that the Court order the United States to disclose any and all findings, orders and/or directives, or any other extrajudicial communication which is alleged to establish good cause for the Defendants' current conditions of confinement prior to such hearing.

In support, Mr. Jarvis states as follows:

1.     Mr. Jarvis is charged in a multi-defendant, multi-count indictment revolving around alleged distribution of marijuana.  Mr. Jarvis is not charged with any crimes of violence in connection with the pending Indictment.

2.     Mr. Jarvis is currently being held at the Regional Correctional Center as a pretrial detainee subject to the magistrate judge's Detention Order of August 29, 2005 and the denial of Mr. Jarvis's Motion for Release on November 7, 2005.

3.      On Tuesday, February 7, 2006, with no warning, no explanation and no process, Mr. Jarvis was placed in Administrative Segregation.  Since his detention at the Regional Correctional Center, he has been a model inmate.   When undersigned counsel contacted RCC to inquire why Defendant was placed in Administrative Segregation, undersigned counsel was informed by RCC Officer (Captain Louie Mares) that RCC was instructed via email from the U.S. Marshal's Office to place Defendant in Administrative Segregation.  According to Captain Mares, no explanation was provided as to why Defendant was to be placed in Administrative Segregation.  As such, Mr. Jarvis had no opportunity to address these allegations prior to the change in his conditions of confinement.

4.      In a subsequent phone conversation and meeting with opposing counsel, undersigned counsel was informed that Defendant was allegedly involved in a plot to hire someone to kill an informant in this case as well as the case agent. Defendant categorically denies the allegation.  At the meeting with opposing counsel, undersigned counsel reviewed draft discovery regarding the allegations made against the Defendant. The discovery consisted of allegations made by one or two cell mates of the Defendant. Upon information and belief, the cell mate or cell mates have prior convictions and /or pending charges and are motivated by their desire to receive reduced sentences.  In response to undersigned counsel's inquiry regarding whether this investigation would result in charges against the Defendant, undersigned counsel was informed that Defendant would likely not face criminal charges regarding these allegation.

5.      Since being placed in Administrative Segregation, Mr. Jarvis has been locked alone in his cell for twenty-three hours a day and is only allowed out of his cell for

showers five days a week, and is occasionally allowed to review his case discovery on a lap top computer.  To date, since being placed in Administrative Segregation, he has not been allowed to have telephonic contact with anyone except undersigned counsel.  As such, he had been prohibited from speaking to his family, his wife and children.  Each time he is allowed to leave his cell, he is handcuffed and shackled.

      6.     As with all pretrial detainees, Mr. Jarvis is presumed to be innocent.  Because they have not been convicted of a crime, the Due Process Clause of the United States Constitution demands affords pre-trial detainees a basic, constitutional right to liberty, which protects them from being subjected to any severe restrictions that "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  A person who is lawfully detained may <u>only</u> be subjected to those restrictions of liberty which are reasonably calculated to effectuate the purposes of the pre-trial detention.  *Id*. at 540.

      7.     Mr. Jarvis's conditions of confinement mirror the conditions imposed on inmates confined in "super-maximum" prisons.  Like the administrative segregation units at RDC, "supermax prisons house prisoners in virtual isolation and subject them to almost complete idleness for extremely long periods of time."  Dr. Craig Haney, *Mental Health Issues in Long-Term Solitary and 'Supermax' Confinement*, 49 Crime & Delinquency 124, 126 (2003).  There is overwhelming evidence that individuals housed under such conditions suffer a range of adverse effects, including "appetite and sleep disturbances, anxiety, panic, rage, loss of control, paranoia [and] hallucinations." *Id*. at 130.  "There is not a single published study of solitary or supermax-like confinement in which nonvoluntary confinement lasting for longer than ten days where participants were unable to terminate their isolation at will that failed to result in negative psychological

3

effects." *Id*. at 132.   That is why it is imperative that this Court set a hearing on this matter as soon as practicable.  In the alternative, this Court can order Mr. Jarvis's previous conditions of confinement be reinstated until a hearing can be held.

8.    As Mr. Jarvis is a pretrial detainee, not subject to punishment and his current conditions amount to not only punishment, but severe and irreparably harmful punishment, due process requires that he be afforded more humane pretrial conditions of confinement.

WHEREFORE, Defendant Jarvis respectfully requests that this Court set a hearing on this matter at its earliest convenience and that it order he be moved out of Administrative Segragation.

Respectfully Submitted,

By:   *Electronically Filed*
Joe M. Romero, Jr.
Attorney for the Defendant
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

I hereby certify that a true and correct copy of
the foregoing pleading was mailed to opposing
counsel this 14th day of February, 2006.

*Electronically Filed 2/14/06*
_____
JOE M. ROMERO, JR.

4