IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DANA JARVIS, et al. )<br>)<br>    Defendant. ) | CR. No. 05-1849 JH |

**UNITED STATES' RESPONSE TO MOTION
FOR RELEASE OF FUNDS FILED ON FEBRUARY 3, 2006**

The United States responds to the motion for release of funds filed by Defendant Dana Jarvis on February 3, 2006. (Doc. 338).

**INTRODUCTION**:

Defendant has filed a motion for release of funds. The motion, however, does not seek a release of funds. Rather, it seeks removal of *lis pendens* filed on two parcels of real property in Mora County. The motion lacks merit as a matter of law.

**AUTHORITIES:**

I.   **A LIS PENDENS IS NOT A RESTRAINT**

Contrary to Defendant's characterization, the two parcels of real property have not been restrained. The United States has filed notices of *lis pendens* on the real property. The *lis pendens* are not subject to removal. A notice of *lis pendens* merely serves as constructive notice to prospective purchasers and encumbrancers that the property is in litigation and that the government claims an interest in the property subject to the eventual outcome to the lawsuit. See Superior Construction Inc. v. Linnerooth,

712 P.2d 1378, 1381 (N.M. 1986).  A *lis pendens* is a way for the government to preserve its rights in potentially forfeitable property without the need of a hearing and without affringing upon the interest holder's due process rights.  United States v. James Daniel Good Real Property, 510 U.S. 43, 58 (1993).  *Lis Pendens* do not constitute a restraint or taking and do not implicate due process rights.  Therefore, a pretrial hearing to determine if *lis pendens* should be removed is not warranted.  United States v. Register, 182 F.2d 820, 836-37 (11th Cir. 1999); Aronson v. City of Akron, 116 F.3d 806, 811-12 (6th Cir. 1997); United States v. Miller, 26 F.Supp.2d 415 (N.D.N.Y. 1998) (*lis pendens* is not a restraint; therefore, the government may file lis pendens on substitute assets).

    II.    **DEFENDANT HAS NOT MADE THE REQUISITE SHOWING TO OBTAIN A PRETRIAL HEARING**

Even if it is assumed *arguendo* that a hearing on property that has not been restrained is appropriate, defendant has failed to make the showing required to obtain such a hearing.  Due process does not automatically require a pretrial hearing on release of assets and a defendant may not simply ask for one.  United States v. Jones, 160 F.3d 641, 647 (10th Cir. 1998).  In Jones, the Tenth Circuit set forth two burdens a defendant must meet to obtain a pretrial hearing on the continued restraint of forfeitable assets.  First, he must establish the he lacks assets, other than those restrained, to retain counsel and to provide living expenses.  Id.  If a defendant fails to persuade the Court on this point, then a due process pretrial hearing is not warranted.  Id.  Second, the defendant must make a *prima facie* showing that the grand jury erred in determining the assets are traceable to the underlying offense.  Id.  Only after a defendant satisfies

both initial burdens may a district court conduct an adversarial hearing at which the government must meet its burden of proof regarding the restrained assets. <u>Id.</u> Defendant has simply stated, without evidentiary support, that he has no assets other than those "restrained" by the government. (Deft's mot. at 7). He has provided no affidavits or accounting in support of his assertion.

### III. **SUBSTITUTE ASSETS ARE SUBJECT TO PRETRIAL RESTRAINT**

Defendant correctly states that the Indictment subjects the two parcels of real property to forfeiture as substitute assets. Defendant's argument that substitute assets cannot be restrained pretrial is irrelevant because the parcels have not been restrained. In any event, substitute assets are subject to pretrial restraint.

If property that has a nexus to the underlying criminal charge is unavailable for specified reasons, substitute assets are subject to forfeiture as follows:

> (p) Forfeiture of substitute property
> (1) in general
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or admission of the defendant -
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.
> (2) Substitute property
> In any case described in subparagraphs (A) through (E) of paragraph 1, the court shall order the forfeiture of any other property of the defendant up to the value of any property described in subparagraphs (A) through (E) of paragraph 1, as applicable.

The statutory authority for the pretrial restraint of forfeitable assets is 21 U.S.C. § 853(e). This section allows the court to enter a restraining order or take other action to preserve property described in § 853(a) for forfeiture upon the filing of an Indictment

3

alleging that the property is subject to forfeiture. Contrary to defendant's contention, substitute assets are forfeitable assets within the ambit of § 853(a).

In construing a statute, a court's overriding purpose is to determine Congressional intent. Chickasaw Nation v. United States, 208 F.3d 871, 878 (10th Cir. 2000). To determine a statute's plain meaning, a court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. Id.

21 U.S.C. § 853 was enacted by Congress as part of the Criminal Forfeiture Act of 1984. See Pub.L. 98-473, § 303, 98 Stat. 2044. Prior to the enactment of § 853, criminal forfeiture was obtained pursuant to the Racketeer Influenced and Corrupt Organization (RICO) statute, 18 U.S.C. § 1961 et seq., or the Continuing Criminal Enterprise (CCE) statute, 21 U.S.C. § 848. See S.Rep. No. 98-225, at 193 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3376. These statutes did not authorize the government to forfeit property that a criminal defendant disposed of in anticipation of the criminal proceedings. Id. at 195, reprinted in 1984 U.S.C.C.A.N. at 3378. Thus, when Congress enacted the Criminal Forfeiture Act of 1984, it amended RICO's criminal forfeiture procedure to address its deficiencies and created 21 U.S.C. § 853, which "is, in nearly all respects, identical to the RICO criminal forfeiture statute as amended." Id. at 198, 209, 198 reprinted in 1984 U.S.C.C.A.N. at 3381, 3392.

Congress included a relation-back provision - 21 U.S.C. § 853(c) - which governs third-party transfers. Section 853(c) provides that "all right, title and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under the section. Section 853(c) does

not limit application of the relation back principle to tainted property.  United States v. McHan, 345 F.3d 262 (4th Cir. 2003).

Likewise, the mandatory language of Section 853(p) does not distinguish between tainted and substitute property:  "If any of the [tainted] property *described in subsection (a)* of this section . . . [has been placed beyond the reach of a forfeiture] . . ., the court shall order the forfeiture of any other property of the defendant up to the value of [the tainted] property that is nonavailable for forfeiture.  This section expressly equates substitute property with tainted property when the tainted property is unavailable for forfeiture." Id.

The authorities defendant relies upon hold that substitute assets are not subject to pretrial restraint because § 853(e)(1)(A) does not refer to § 853(p).  See United States v. Rapinsky, 20 F.3d 395, 362-63 (9th Cir. 1994); United States v. Floyd, 992 F.2d 498, 501 (5th Cir. 1993); United States v. Gotti, 155 F.3d 144 (2d Cir. 1998).

The purpose of § 853(e)(1)(A), however, is to preserve assets and assure the availability of property pending disposition of the criminal case.  United States v. Jones, 160 F.3d at 647 (citing S. Rep. No. 98-225 at 202, 204, 1984 U.S.C.C.A.N. at 2285, 3387).  Congress did not intend to carve out a subset of forfeitable property that could not be restrained.  In re Restraint of Bowman Gaskins Financial Group Accounts, 345 F.Supp.2d 613, 625-26 (E.D. Va. 2004).  Moreover, Congress enacted 21 U.S.C. § 853(o) to eliminate any doubt about the construction of the statute by instructing that the statute by "liberally construed to effectuate its remedial purposes."  The remedial purpose of both the relation-back provision, and the substitute property provision is to thwart the defendant's effort to avoid the impact of a criminal forfeiture.  United States v.

McHan, 345 F.3d. 262, 271 (4th Cir. 2003). See also, In re Billman, 915 F.2d 916, 921 (4th Cir. 1990) (a defendant cannot thwart the operation of forfeiture laws by transferring assets to a third person who does not qualify as a bona fide purchaser for value).

Although the language of § 853(e)(1)(A) does not refer to property described in § 853(p), this does not preclude application of § 853(e) to subsection (p) property. The language of § 853(p) equates substitute property with property described in § 853(a). See McHan, 345 F.3d at 271. To effectuate the remedial purposes of § 853, subsection (e)(1)(A) must be read in conjunction with § 853(p) to preserve availability of substitute assets pending trial. Id. See also United States v. Roybal, et al., Criminal Number 03-568 WJ, mem. opinion and order, (December 18, 2003) (Doc. 265). Therefore, substitute property may be restrained prior to trial.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        ***Electronically filed on February 21, 2006***

        STEPHEN R. KOTZ
        Assistant U.S. Attorney
        P. O. Box 607
        Albuquerque, New Mexico  87103-0607
        (505) 346-7274, Ext. 1464

I hereby certified that a
copy was faxed/mailed to counsel
for defendant, Dana Jarvis,
Joseph M. Romero, Jr.,
on 21st  day of February, 2006

   /s/                 
STEPHEN R. KOTZ
Assistant U.S. Attorney