IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
At Albuquerque NM

APR 25 2006

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.

**DANA JARVIS** a/k/a Todd Ward,
**AYLA JARVIS,**
**BENJAMIN SWENTNICKAS** a/k/a
"Doc,"
**DENNIS WILSON** a/k/a "Big Dennis,"
**GEORGE RIPLEY,**
**DAVID REID,**
**JOHN PATRICIO NIETO** a/k/a
"Townman" a/k/a "Big John,"
**LLOYD MONTOYA** a/k/a "Smiley,"
**GEORGE OSGOOD** a/k/a "Mushroom
George,"
**GREG HILL,**
**GENO BERTHOD** a/k/a "Old Man,"
**RUSSELL TRUJILLO** a/k/a "Rusty,"
**MATTHEW HOTHAN** a/k/a "Matrix,"
**MANUEL GIL** a/k/a "Manny,"
**MELANIA KIRWIN** a/k/a Mila Kirwin,
**HOLLY BRUNER** a/k/a "Q,"
**SAM JONES,**
**BILL JONES** a/k/a Charles Johnston,
**DAKOTA FITZNER,**
**RAFAL MISTRZAK,**
**MARY CANNANT,** and
**ADRIAN SANFORD,**

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL NO. 05-1849 JH

Count 1:  21 U.S.C. § 846 –
Conspiracy to Distribute 1000
Kilograms and More of Marijuana;

Count 2:  21 U.S.C. § 848 –
Continuing Criminal Enterprise;

Count 3:  18 U.S.C. § 1956(h) –
Conspiracy to Launder Money;

Counts 4 - 26:  18 U.S.C.
§§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) –
Money Laundering;

18 U.S.C. § 982 and 21 U.S.C.
§ 853:  Criminal Forfeiture.

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

## COUNT 1

From approximately 1990, the precise date being unknown to the Grand Jury, up

to and including August 25, 2005, in the State and District of New Mexico, and

elsewhere, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS,**

**BENJAMIN SWENTNICKAS** a/k/a "Doc," **DENNIS WILSON** a/k/a "Big Dennis,"

**GEORGE RIPLEY**, **DAVID REID**, **JOHN PATRICIO NIETO** a/k/a "Townman" a/k/a "Big John," **LLOYD MONTOYA** a/k/a "Smiley," **GEORGE OSGOOD** a/k/a "Mushroom George," **GREG HILL**, **GENO BERTHOD** a/k/a "Old Man," **RUSSELL TRUJILLO** a/k/a "Rusty," **MATTHEW HOTHAN** a/k/a "Matrix," **MANUEL GIL** a/k/a "Manny," **MELANIA KIRWIN** a/k/a Mila Kirwin, **HOLLY BRUNER** a/k/a "Q," **SAM JONES**, **BILL JONES** a/k/a Charles Johnston, **DAKOTA FITZNER**, **RAFAL MISTRZAK**, **MARY CANNANT**, and **ADRIAN SANFORD**, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons whose names are known and unknown to the grand jury to distribute 1000 kilograms and more of marijuana, a schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

**Manner and Means of the Conspiracy**

During the course of the conspiracy, the defendants and other unindicted co-conspirators participated in a collective endeavor, organized and supervised by defendant Dana Jarvis, to distribute marijuana for profit. Dana Jarvis obtained bulk wholesale quantities of marijuana from sources of supply in the Tucson, Arizona area, including defendant BENJAMIN Swentnickas and unindicted co-conspirators Jorge Luis Ortiz-Moffett, "Navigator," and Dennis Cox. Prior to purchase, the marijuana was inspected for quality by Dana Jarvis and/or another member of the conspiracy, including Dana Jarvis's daughter, defendant Ayla Jarvis. The marijuana was then weighed and wrapped by members of the conspiracy, including defendants Manuel Gil, Dennis Wilson, Melania Kirwin, Holly Brunner, Matthew Hothan, Sam Jones, and Adrian Sanford at "stash house" locations in the Tucson area.

Generally, the bulk marijuana was transported by members of the conspiracy, including defendants Russell Trujillo, Lloyd Montoya, and Dakota Fitzner, from the Tucson area to New Mexico where it was stored at additional stash houses maintained by Dana Jarvis and/or other members of the conspiracy, including defendants Mary

2

Cannant, Dakota Fitzner, and Dennis Wilson. From the New Mexico stash houses, marijuana was transported by members of the conspiracy, including defendants George Ripley and Dakota Fitzner, to various locations throughout the United States, to include the Denver, Colorado area; Columbus, Ohio; and Bloomington, Indiana. Although the marijuana was generally transported in duffel bags by motor vehicle, in the summer of 2005 the marijuana was also transported in suitcases aboard aircraft piloted by defendant David Reid.

From the Denver area, defendant Geno Berthod transported the marijuana to the east coast of the United States. In Bloomington, defendant Greg Hill re-distributed the marijuana for profit. In Columbus the marijuana was re-distributed for profit by unindicted co-conspirators.

The proceeds from the distribution of the marijuana, in the form of United States currency, were transported back to New Mexico, either by motor vehicle driven by members of the conspiracy, including defendants Dakota Fitzner, Rafal Mistrzak and George Osgood, or aboard aircraft piloted by defendant David Reid. In New Mexico, the proceeds would be delivered to members of the conspiracy who would count the proceeds. Some or all of the proceeds were then transported by members of the conspiracy, including defendant John Nieto, to an unindicted co-conspirator in Tucson for safekeeping. Dana Jarvis used the proceeds to, among other things, purchase assets, pay co-conspirators, operate his nightclub in Albuquerque (Club Rhythm and Blues), and purchase additional bulk marijuana for distribution.

In violation of 21 U.S.C. § 846.

## COUNT 2

From approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did unlawfully, knowingly and

3

intentionally engage in a continuing criminal enterprise, in that the defendant did violate the provisions of Title 21 of the United States Code, Sections 841(a) and 841(b), the punishment for which exceeds one year imprisonment, and such violations were part of a continuing series of violations of Title 21 of the United States Code that were undertaken by the defendant in concert with five or more other persons with respect to whom the defendant occupied a position of organizer, a supervisory position, or other positions of management, and from which the defendant obtained substantial income and resources, and the said violations included, without limitation, the following: (1) possession with intent to distribute marijuana in early March 2005; (2) possession with intent to distribute marijuana on or about May 20, 2005; (3) possession with intent to distribute marijuana in early July 2005; (4) possession with intent to distribute marijuana on or about July 16, 2005; and (5) possession with intent to distribute marijuana on or about August 11, 2005.

In violation of 21 U.S.C. §§ 848(a), 848(c) and 18 U.S.C. § 2.

### COUNT 3

From approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS, GEORGE RIPLEY, DAVID REID, JOHN PATRICIO NIETO** a/k/a "Townman" a/k/a "Big John," **GEORGE OSGOOD** a/k/a "Mushroom George," **GREG HILL, GENO BERTHOD** a/k/a "Old Man," **DAKOTA FITZNER**, and **RAFAL MISTRZAK**, did unlawfully, knowingly and intentionally conspire and agree with each other and with other persons whose names are known and unknown to the grand jury to commit the following offenses against the United States, that is, laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

In violation of 18 U.S.C. § 1956(h).

4

## COUNTS 4 - 12

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency through First State Bank checking account number 1874527, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activities, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the checks identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Check Cleared | Amount of Check | Check Number | Name of Payee |
|-------|--------------------|-----------------|--------------|---------------|
| 4 | December 4, 2002 | $932.08 | 569 | Commercial Federal |
| 5 | January 6, 2003 | $932.08 | 590 | Commercial Federal |
| 6 | February 3, 2003 | $932.08 | 604 | Commercial Federal |
| 7 | March 10, 2003 | $932.08 | 622 | Commercial Federal |
| 8 | April 9, 2003 | $932.08 | 638 | Commercial Federal |
| 9 | May 12, 2003 | $932.08 | 653 | Commercial Federal |
| 10 | June 9, 2003 | $932.08 | 668 | Commercial Federal |
| 11 | July 7, 2003 | $932.08 | 686 | Commercial Federal |
| 12 | August 11, 2003 | $932.08 | 701 | Commercial Federal |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),1956(a)(1)(B)(i) and 2.

## COUNTS 13 - 23

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency through First State Bank savings account number 1223801, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the drafts identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Draft Cleared | Amount of Draft | Name of Payee |
|-------|--------------------|-----------------|---------------|
| 13 | July 7, 2004 | $932.08 | Commercial Federal |
| 14 | August 4, 2004 | $932.08 | Commercial Federal |
| 15 | September 7, 2004 | $932.08 | Commercial Federal |
| 16 | October 5, 2004 | $932.08 | Commercial Federal |
| 17 | November 4, 2004 | $932.08 | Commercial Federal |
| 18 | December 6, 2004 | $932.08 | Commercial Federal |
| 19 | January 4, 2005 | $932.08 | Commercial Federal |
| 20 | February 4, 2005 | $932.08 | Commercial Federal |
| 21 | March 4, 2005 | $932.08 | Commercial Federal |
| 22 | April 5, 2005 | $932.08 | Commercial Federal |
| 23 | May 4, 2005 | $932.08 | Commercial Federal |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),1956(a)(1)(B)(i) and 2.

**COUNTS 24 - 26**

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency from Compass Bank checking account number 87080587 into First State Bank checking account number 1874527, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the checks identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Check Cleared | Amount of Check | Check Number | Name of Payee |
|-------|--------------------|-----------------|--------------|---------------|
| 24 | January 31, 2005 | $700.00 | 7321 | Santa Fe Consulting |
| 25 | February 7, 2005 | $700.00 | 7351 | Santa Fe Consulting |
| 26 | July 19, 2005 | $1,350.00 | 8038 | Santa Fe Consulting |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),1956(a)(1)(B)(i) and 2.

**FORFEITURE ALLEGATION**

Upon conviction of one or more of the offenses alleged in Counts 1 through 26 of this Superseding Indictment, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS, BENJAMIN SWENTNICKAS** a/k/a "Doc," **DENNIS WILSON** a/k/a "Big Dennis," **GEORGE RIPLEY, DAVID REID, JOHN PATRICIO NIETO** a/k/a "Townman"

a/k/a "Big John," **LLOYD MONTOYA** a/k/a "Smiley," **GEORGE OSGOOD** a/k/a "Mushroom George," **GREG HILL, GENO BERTHOD** a/k/a "Old Man," **RUSSELL TRUJILLO** a/k/a "Rusty," **MATTHEW HOTHAN** a/k/a "Matrix," **MANUEL GIL** a/k/a "Manny," **MELANIA KIRWIN** a/k/a Mila Kirwin, **HOLLY BRUNER** a/k/a "Q," **SAM JONES, BILL JONES** a/k/a Charles Johnston, **DAKOTA FITZNER, RAFAL MISTRZAK, MARY CANNANT,** and **ADRIAN SANFORD,** shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense in violation of 21 U.S.C. §§ 841, 846, or 848 for which the defendants are convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses, and shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal, involved in each offense in violation of 18 U.S.C. § 1956, or conspiracy to commit such offense, for which the defendants are convicted, and all property traceable to such property, including but not limited to the following:

1. MONEY JUDGMENT

A sum of money equal to $158,400,000.00 United States currency, representing the amount of money derived from or involved in the offenses, for which the defendants are jointly and severally liable.

2. BANK ACCOUNTS

a. All United States currency, funds, or other monetary instruments credited to account number 40455157, in the name of Dana Jarvis, located at Bank One, or its successor in interest.

b. All United States currency, funds, or other monetary instruments credited to account number 689832822, in the name of Dana Jarvis, located at Bank One, or its successor in interest.

c. All United States currency, funds, or other monetary instruments credited to account number 1874527, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

d. All United States currency, funds, or other monetary instruments credited to account number 1223801, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

e. All United States currency, funds, or other monetary instruments credited to account number 87080587, in the name of Continental Steel West Corp. d/b/a Continental Steel, located at Compass Bank, or its successor in interest.

f. All United States currency, funds, or other monetary instruments credited to account number 2504448676, in the name of RC Aviation, located at Compass Bank, or its successor in interest.

g. All United States currency, funds, or other monetary instruments credited to account number 7692176673, in the name of Barbara Hanna, located at Wells Fargo Bank, or its successor in interest.

3. REAL PROPERTY

a. 1440 Calle Cielo Vista, Bernalillo, New Mexico, which is more particularly described as follows:

> TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B.

b. 3523 Central Avenue N.E., Albuquerque, New Mexico, which is more particularly described as follows:

> LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE MAP OF SAID ADDITION FILED IN THE OFFICE

OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926.

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT THEN (10) WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING

THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING.

c. 8012 1st Street N.W., Albuquerque, New Mexico, which is more

particularly described as follows:

LOT "A-1" OF THE PLAT OF LOTS A-1 AND A-2, LANDS OF LARRY SWANK, SITUATE WITHIN PROJECTED SECTION 22, T. 11 N., R. 3 E., N.M.P.M., BERNALILLO COUNTY, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON SAID PLAT FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO ON FEBRUARY 2, 1995.

d. 67 Willow (a/k/a 28 Quail Run), Santa Fe, New Mexico, which is more

particularly described as follows:

SE 1/4 SE 1/4 NE 1/4 SW 1/4 OF SECTION 31, TOWNSHIP 15 NORTH, RANGE 9 EAST, N.M.P.M., SANTA FE COUNTY, NEW MEXICO.

4. CONVEYANCES

a. 1978 Beechcraft King Air C-90 Turboprop Aircraft, United States

Registration Number N754TW, Serial Number LJ-754.

b. 1972 Cessna 421B Aircraft, United States Registration Number N3AJ,

Serial Number 421B0230.

c. 1999 Honda Accord, VIN 1HGCG1656XA057214.

d. 1999 Chevrolet Z-71 pickup, VIN 2GCEK19T1X1204114.

e. 2003 Honda Goldwing motorcycle, VIN 1HFSC47023A207622.

5. LIQUOR LICENSE

New Mexico Liquor License No. 2599 in the name of Club Rhythm and Blues located at 3523 Central N.E., Albuquerque, New Mexico, owned by Dana Jarvis.

6. UNITED STATES CURRENCY

a. $1,050.00 in United States currency seized from 5 Camerada Road, Santa Fe, New Mexico on August 25, 2005.

b. $40,000.00 in United States currency seized from 3900 Ramp Creek Road, Bloomington, Indiana on August 25, 2005.

c. $8,000.00 in United States currency seized from 9227 West Weaver Circle, Casa Grande, Arizona on August 25, 2005.

d. $42,000.00 in United States currency seized from 05 Lauro, Santa Fe, New Mexico on August 25, 2005.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value;

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above, including but not limited to the following:

1. REAL PROPERTY

      a. 9227 West Weaver Circle, Casa Grande, Arizona, which is more

particularly described as follows:

> SITUATED IN PINAL COUNTY, ARIZONA TO WIT: LOT 2, OF WEAVER RANCH UNIT 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, IN CABINET C OF MAPS, SLIDE 174.

      b. 7596 Corrales Road, Corrales, New Mexico, which is more particularly

described as follows:

> LOT NUMBERED TWO (2), CORRALES CLASSIC FARMS, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT THEREOF ENTITLED "SUMMARY PLAT, LOTS 1 AND 2, CORRALES CLASSIC FARMS, SITUATE WITHIN THE TOWN OF ALAMEDA GRANT (PROJECTED), SECTION 14, T.12N., R.3E., N.M.P.M., BEING A REPLAT OF A PORTION OF TRACT 30 AND ALL OF TRACTS 31 AND 32, MIDDLE RIO GRANDE CONSERVANCY DISTRICT PROPERTY MAP NO. 14, VILLAGE OF CORRALES, SANDOVAL COUNTY, NEW MEXICO", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO, ON DECEMBER 11, 1992, VOLUME 3, FOLIO 1019-B, INSTRUMENT NO. 271.

      c. Land in Mora County, New Mexico, which is more particularly

described as follows:

> A CERTAIN TRACT OF LAND WITHIN THE MORA GRANT, BEING SITUATE IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, NEW MEXICO, PRINCIPAL MERIDIAN, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT FOR THE SECTION CORNER COMMON TO SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, NEW MEXICO PRINCIPAL MERIDIAN; THENCE DUE NORTH A DISTANCE OF 847.82 FEET, THENCE S. 49°51'E., A DISTANCE OF 2614.45 FEET; THENCE S. 42°58'w. A DISTANCE OF 2109.41 FEET, THENCE S. 59°09'E. A DISTANCE OF 371 FEET; THENCE S.70°54'E. A DISTANCE OF 256.95 FEET; THENCE DUE NORTH A DISTANCE OF 2106.99 FEET TO THE POINT AND PLACE OF BEGINNING. CONTAINING 82.044 ACRES, MORE OR LESS, TOGETHER WITH ALL WATER RIGHTS AND EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY.

d. Land in Mora County, New Mexico, which is more particularly described as follows:

TRACT B: A CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATE WITHIN THE MORA GRANT, IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, N.M.P.M. COUNTY OF MORA, STATE OF NEW MEXICO, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT, ALSO BEING A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY, FROM WHICH POINT THE SECTION CORNER COMMON TO SECTIONS 25 AND 36 T. 21 N., R 14 E., N.M.P.M. BEARS SOUTH, A DISTANCE OF 847.82 FEET; THENCE FROM SAID POINT OF BEGINNING, S. 49°51'00"E., A DISTANCE OF 1307.22 FEET TO A POINT; THENCE S. 40°09'00"W., A DISTANCE OF 150.00 FEET TO A POINT; THENCE N. 49°51'00"W., A DISTANCE OF 1180.69 FEET TO A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY; THENCE DUE NORTH, ALONG SAID FOREST BOUNDARY, A DISTANCE OF 196.24 FEET TO THE POINT AND PLACE OF BEGINNING.

CONTAINING 4.284 ACRES MORE OR LESS. TOGETHER WITH ALL WATER RIGHTS AND EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY. SHOWN AS TRACT B ON PLAT OF SURVEY ENTITLED "REPLAT OF SURVEY FOR DANA JARVIS" PREPARED BY ARSENIO J. MARTINEZ, N.M.L.S. NO. 4254, IN JULY, 1972.

## 2. BANK ACCOUNTS

All United States currency, funds, or other monetary instruments credited to account number 2937487, in the name of Greg and Mary Hill, located at Monroe Bank in Bloomington, Indiana, or its successor in interest.

A TRUE BILL:

/S/ _____

FOREPERSON OF THE GRAND JURY

DAVID C. IGLESIAS
United States Attorney

04/25/06  10:12am