IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 MAY 10 AM 9: 57

CLERK - ALBUQUERQUE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CR. No. 05-1849 JH |
| DANA JARVIS, et al. ) | |
| Defendant. ) | |

## MOTION FOR ORDER TO SHOW CAUSE WHY
## PROTECTIVE ORDER SHOULD NOT BE VACATED

The United States, moves this Court to enter an Order directing Harlow's on the Hill, L.L.C. to show cause why the Court's Protective Order entered November 4, 2005 should not be vacated. (Doc. 246). As grounds for this motion, Plaintiff states that Harlow's on the Hill, L.L.C. has failed to comply with the terms of the protective order.

### BACKGROUND

The original Indictment and the first Superceding Indictment contain a forfeiture allegation pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, which names, *inter alia*, real property located at 3523 Central N.E. and New Mexico liquor license number 2599 as properties subject to forfeiture.

The United States filed a Notice of Lis Pendens against the real property and obtained a seizure warrant for the liquor license.

Subsequent to seizing the liquor license, the United States learned that Defendant Dana Jarvis had used the real property and the liquor license as collateral for a $125,000.00 promissory note to First State Bank of New Mexico. Moreover, on April 23, 2005, Jarvis had entered into a lease agreement with Harlow's on the Hill, L.L.C. which contained a fifteen year term and required

monthly payments of $5,600.00 to Mr. Jarvis.

When the original Indictment was returned, the principals of the lessee, through Jay Baum-Lambros, indicated their desire to continue operation of the business due to substantial amounts of money invested into the business. Moreover, First State Bank desired to receive monthly payment on the underlying note.

Accordingly, the United States filed an application for protective order, (Doc. 203), to preserve the real property and the liquor license and to protect third party interests. After a hearing, the Court entered its Protective Order on November 4, 2005. (Doc. 246). The Order required Harlow's to fully comply with the terms of the Order, including timely lease payments to the United States Marshal's Service from which the Marshal's Service would pay First State Bank N.M. The Order required the Marshal's Service to deposit any excess proceeds into the seized assets deposit fund pending final disposition of this case. After the Court entered the Protective Order, the following ensued:

On December 13, 2005 the United States Marshal's Service (USMS) received a check in the amount of $4,618.68 from Harlow's on the Hill through its principal, Jay Lambros. (Declaration of Susan Finley ¶ 3).

On January 23, 2006, the USMS received and deposited a check in the amount of $2,957.32 from Mr. Lambros for the January 2006 rent. Mr. Lambros had deducted $2,342.68 for the rent owed for a roof repair without discussing this deduction with the USMS or obtaining approval to conduct such repairs. On February 8, 2006 the check was returned for insufficient funds. (Declaration of Susan Finley, ¶ 4).

On February 10, 2006, the USMS deposited a check received from Mr. Lambros in the

amount of $5,100.00 for the February 2006 rent. On February 14, 2006, the check was returned for insufficient funds. (Declaration of Susan Finley ¶ 5).

On March 21, 2006, the USMS deposited a check in the amount of $14,000.00 it had received from Mr. Lambros for the January, February and March, 2006 rent. The check was returned for insufficient funds. (Declaration of Susan Finley ¶ 6).

On April 5, 2006, Mr. Lambros delivered a check in the amount of $5,100.00 to the USMS for the April, 2006 rent. Mr. Lambros did not have sufficient funds in his account to cover the check when he delivered it. (Declaration of Susan Finley ¶ 7).

The USMS has expended funds in the amount of $6,376.58 to pay the note to First State Bank N.M. To date, Harlow's on the Hill has paid only $4,618.68 to the USMS in December, 2005. (Declaration of Susan Finley ¶ 8). Mr. Lambros has avoided communication with the USMS and has failed to respond to their inquires.

WHEREFORE, the United States respectfully requests that this Court issue an order directing Harlow's on the Hill to show cause why the Protective Order should not be vacated and that the Court grant such further relief as it deems appropriate.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P. O. Box 607
Albuquerque, New Mexico 87103-0607
(505) 346-7274, Ext. 1464

3

I hereby certified that a
copy was mailed to

Joe M. Romero, Esq.
Counsel for Dana Jarvis
1905 Lomas NW
Albuquerque, NM 87104

Victor E. Carlin, Esq.
Moses, Dunn, Farmer and Tuthill, P.C.
612 First St., N.W.
P.O. Box 27047
Albuquerque, NM 87125-7047

was hand-delivered to:

Jay Baum-Lambros for
Harlow's on the Hill, Inc.

on _10_ day of May, 2006

STEPHEN R. KOTZ
Assistant U.S. Attorney