IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CR. No. 05-1849 JH |
| | ) |
| DANA JARVIS, et al. | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO MOTION
TO RECONSIDER DEFENDANT'S
MOTION FOR RELEASE OF FUNDS FILED ON MAY 30, 2006**

The United States responds to the Motion to Reconsider the Order Denying Defendant's Motion for Release of Funds filed by Defendant Dana Jarvis on May 30, 2006. (Doc. 500).

Defendant advances to arguments in support of his motion for reconsideration. First, he contends that the government may not file a notice of *lis pendens* against property designated as a substitute asset under 21 U.S.C. § 853(p). Second, he argues that the notice of *lis pendens* constitutes an improper restraint under New Mexico State law. Neither of these arguments has merit.

FILING NOTICES OF *LIS PENDENS* DOES NOT CONSTITUTE A RESTRAINT

The United States has previously addressed the issue of whether filing a notice of *lis pendens* constitutes a restraint implicating due process under 21 U.S.C. § 853. (Doc. 344). Defendant's reconsideration motion cites a New Mexico Supreme Court opinion, *Ruiz v. Vuren*, 110 NM 478 (1990), for the proposition that a notice of *lis pendens* is a restraint because it interferes with the prospect of sale. The opinion is inapposite for two reasons. First, the issue before the New

Mexico court was the appropriate measure of damages for abuse of process in filing a notice of *lis pendens*. The issue here is whether a *lis pendens* is a restraint under federal statute. Second, federal courts, including the Supreme Court, unanimously hold the filing of a notice of *lis pendens* does not constitute a restraint within the meaning of 21 U.S.C. § 853(e).

In its Memorandum Opinion (Doc 373), this Court noted that notices of *lis pendens* have a practical effect of impeding an owner's ability to sell property, but that the right to alienate the property exists. *See United States v. Register*, 182 F.3d 820, 836-37 (11th Cir. 1999). In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 54 (1993), the Supreme Court stated that while outright seizure deprives the interest holder of valuable rights of ownership, including the right of sale, a *lis pendens* deprives the property owner of none of those rights of ownership. Consequently, the Supreme Court approved a *lis pendens* as the least intrusive method of preserving potentially forfeitable assets. *Id*. Substitute property under 21 U.S.C. § 853(p) is a potentially forfeitable asset.

### THE UNITED STATES PROPERLY FILED NOTICES OF *LIS PENDENS*

Defendant asserts that the government cannot file a notice *lis pendens* as to substitute property at this time because an order forfeiting substitute property may be imposed only after a defendant is convicted and the government establishes one of the requirements of 21 U.S.C. § 853(p). He reasons that because the government has not yet convicted him or established one of these requirements, it is precluded from filing notices of *lis pendens* prior to trial. This reasoning is flawed. To forfeit assets under 18 U.S.C. § 982(a)(1) as property facilitating the crime or as the proceeds of the crime, the defendant must first be convicted of the underlying crime.

Then, the United States must establish a nexus between the property and the crime of conviction. *See* Fed.R.Crim.P. 32.2. At this stage of the litigation, the United States has not convicted defendant or established the requisite nexus. Yet, defendant argues that the substitute assets named in the Superseding Indictment, as opposed to the assets alleged to be directly forfeitable, are somehow not the subject of existing litigation.

In an attempt to buttress his argument, defendant asserts that substitute assets are not subject to restraint. (Defendant's Motion at p. 3). This argument incorrectly assumes that notices of *lis pendens* do not constitute restraint under 21 U.S.C. § 853 and ignores the authority holding that substitute assets are subject to pretrial restraint.

The statutory authority for the pretrial restraint of forfeitable assets is 21 U.S.C. § 853(e). This section allows the court to enter a restraining order or take other action to preserve property described in § 853(a) for forfeiture upon the filing of an Indictment alleging that the property is subject to forfeiture. Contrary to defendant's contention, substitute assets are forfeitable assets within the ambit of § 853(a).

In construing a statute, a court's overriding purpose is to determine Congressional intent. *Chickasaw Nation v. United States*, 208 F.3d 871, 878 (10th Cir. 2000). To determine a statute's plain meaning, a court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. *Id.*

21 U.S.C. § 853 was enacted by Congress as part of the Criminal Forfeiture Act of 1984. *See* Pub.L. 98-473, § 303, 98 Stat. 2044. Prior to the enactment of § 853, criminal forfeiture was obtained pursuant to the Racketeer Influenced and Corrupt Organization (RICO) statute, 18 U.S.C. § 1961 et seq., or the Continuing Criminal Enterprise (CCE) statute, 21 U.S.C. § 848.

*See* S.Rep. No. 98-225, at 193 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3376. These statutes did not authorize the government to forfeit property that a criminal defendant disposed of in anticipation of the criminal proceedings. *Id.* at 195, *reprinted in* 1984 U.S.C.C.A.N. at 3378. Thus, when Congress enacted the Criminal Forfeiture Act of 1984, it amended RICO's criminal forfeiture procedure to address its deficiencies and created 21 U.S.C. § 853, which "is, in nearly all respects, identical to the RICO criminal forfeiture statute as amended." *Id.* at 198, 209, 198 *reprinted in* 1984 U.S.C.C.A.N. at 3381, 3392.

Congress included a relation-back provision - 21 U.S.C. § 853(c) - which governs third-party transfers. Section 853(c) provides that "all right, title and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under the section. Section 853(c) does not limit application of the relation back principle to tainted property. *United States v. McHan*, 345 F.3d 262 (4th Cir. 2003).

Likewise, the mandatory language of Section 853(p) does not distinguish between tainted and substitute property: "If any of the [tainted] property *described in subsection (a)* of this section . . . [has been placed beyond the reach of a forfeiture] . . ., the court shall order the forfeiture of any other property of the defendant up to the value of [the tainted] property that is not available for forfeiture. This section expressly equates substitute property with tainted property when the tainted property is unavailable for forfeiture." *Id.*

Some circuits have held that substitute assets are not subject to pretrial restraint because § 853(e)(1)(A) does not refer to § 853(p). *See e.g. United States v. Rapinsky*, 20 F.3d 395, 362-63 (9th Cir. 1994); *United States v. Floyd*, 992 F.2d 498, 501 (5th Cir. 1993).

The purpose of § 853(e)(1)(A), however, is to preserve assets and assure the availability

of property pending disposition of the criminal case. *United States v. Jones*, 160 F.3d at 647 (citing S. Rep. No. 98-225 at 202, 204, 1984 U.S.C.C.A.N. at 2285, 3387). Moreover, Congress enacted 21 U.S.C. § 853(o) to eliminate any doubt about the construction of the statute by instructing that the statute by "liberally construed to effectuate its remedial purposes." The remedial purpose of both the relation-back provision, and the substitute property provision is to thwart the defendant's effort to avoid the impact of a criminal forfeiture. *United States v. McHan*, 345 F.3d. 262, 271 (4th Cir. 2003). *See also, In re Billman*, 915 F.2d 916, 921 (4th Cir. 1990) (a defendant cannot thwart the operation of forfeiture laws by transferring assets to a third person who does not qualify as a bona fide purchaser for value) and *United States v. Regan*, 858 F.2d 115 (2nd Cir. 1989).

Although the language of § 853(e)(1)(A) does not refer to property described in § 853(p), this does not preclude application of § 853(e) to subsection (p) property. The language of § 853(p) equates substitute property with property described in § 853(a). *See McHan*, 345 F.3d at 271. To effectuate the remedial purposes of § 853, subsection (e)(1)(A) must be read in conjunction with § 853(p) to preserve availability of substitute assets pending trial. *Id. See also United States v. Roybal, et al.*, Criminal Number 03-568 WJ, mem. opinion and order, (December 18, 2003) (Doc. 265). Therefore, substitute property may be restrained prior to trial.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        *Electronically filed on June 13, 2006*

        STEPHEN R. KOTZ
        Assistant U.S. Attorney
        P. O. Box 607
        Albuquerque, New Mexico 87103-0607
        (505) 346-7274, Ext. 1464

I hereby certified that a
copy was faxed/mailed to counsel
for defendant, Joseph M. Romero, Jr.
on the   13th    day of June, 2006

 /s/
STEPHEN R. KOTZ
Assistant U.S. Attorney