IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 MAY 24 PM 3: 15

CLERK-ALBUQUERQUE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CR. No. 05-1849 JH |
| GREG HILL, ) | |
| Defendant. ) | |

## HARDSHIP RELEASE AGREEMENT REGARDING A 1999 CHEVROLET Z-71 PICKUP VIN: 2GCEK19T1X1204114

On August 25, 2005, the United States seized a 1999 Chevrolet Z-71 Pickup, VIN: 2GCEK19T1X1204114, owned by Greg Hill in Bloomington, Indiana. Defendant Greg Hill has filed a motion for return of property pursuant to Fed.R.Crim.P. 41(g) in the United States District Court for the Southern District of Indiana, Indianapolis Division.

The vehicle is named as subject to forfeiture in the forfeiture allegation of the Superseding Indictment. See Forfeiture Allegation ¶ 4(d) (page 10).

The United States and Defendant Greg Hill have reached an agreement regarding release of the vehicle to Mr. Hill pending in this case, based upon substantial hardship to Defendant Hill.

Mr. Hill certifies that the vehicle does not contain any hidden compartments and is not designed for illegal use.

The United States does not, by entering into this agreement, acknowledge or agree that Defendant has a valid claim to the vehicle.

The United States and Greg Hill, and his attorney, Kathleen M. Sweeney, have agreed to the return of the vehicle to Greg Hill pending completion of the proceedings in accord with the following

Court's Order of Approval
filed 6-21-06
(see signature page, page 4)

FILED
at Santa Fe, NM
JUN 21 2006
MATTHEW J. DYKMAN
CLERK



536

terms:

## TERMS OF RELEASE

It is agreed by and between the undersigned parties as follows:

1.      The 1999 Chevrolet Pickup truck, 1999 Chevrolet Z-71 Pickup, VIN: 2GCEK19T1X1204114, shall be released pending final disposition in this matter to Greg Hill upon execution of this agreement and approval by the Court for its use by Mr. Hill.

2.      Upon release of the vehicle, pending final disposition of this case, claimant agrees to maintain the vehicle so as to preserve it in at least the same condition as when the vehicle was seized. Mr. Hill agrees to make, at his expense, all repairs and undertake all maintenance necessary to assure compliance with this paragraph. This shall include, but is not limited to all regular scheduled maintenance and inspection items specified by the manufacture and replacement of such items as fluids, oils, lubricates, water, tires, belts, hoses, or other parts regard to be replaced to maintain the vehicle in at least the same condition as when seized.

3.      Mr. Hill shall comply with all licensing and inspection requirements of the State of Indiana, including timely payment of all personal property, taxes and licensing fees.

4.      Mr. Hill agrees to maintain insurance coverage on the vehicle acceptable to the United States to insure the vehicle against loss, including but not limited to, liability, collision and comprehensive for the vehicle. This coverage shall include comprehensive and collision coverage of a deductible in an event of a loss not to exceed $250.00. Prior to release of the vehicle, Mr. Hill shall furnish written proof that the United States has been named as a loss payee on the insurance policy in the event of any partial or total loss involving the vehicle.

5.      Mr. Hill will not transfer title to this vehicle under any circumstances. Mr. Hill

2

will not encumber the vehicle in any manner, nor grant any interest in the vehicle to any party.

6. Mr. Hill shall permit a representative of the United States Marshal's Service to conduct monthly inspections of the vehicle.

7. Mr. Hill agrees not to make any alterations to the Defendant vehicle, including removal or replacement of components other than as required by paragraph 2, without the express written approval of a representative of the U.S. Marshal's Service.

8. Mr. Hill agrees to report any accident involving the vehicle to the U.S. Marshal's Service within three days of the occurrence. Mr. Hill shall provide a copy of any accident report filed concerning the vehicle, including a copy of any police report.

9. Mr. Hill agrees that he will not permit the use of the vehicle for any purpose which violates any local or county ordinance or state or federal statute.

10. Unless expressly agreed to in writing by the U.S. Marshal's Service, no individual other than Mr. Hill may operate the vehicle.

11. Mr. Hill agrees to report any moving violation he receives.

12. Mr. Hill shall not subject the vehicle to any unusual wear and tear which would diminish the value of the vehicle. This includes, but is not limited to, hauling of any materials, cargo or passengers at weights which exceed manufactures specification.

13. Mr. Hill shall not remove the defendant vehicle from the State of Indiana without the express written consent of the U.S. Marshal's Service.

14. Mr. Hill expressly agrees that violation of any provision of this agreement shall constitute a material breach of the agreement and that upon the occurrence of a violation, the U.S. Marshal's Service may, in its discretion, seize the vehicle and maintain custody throughout the

3

pendency of the criminal proceeding.

15. Mr. Hill agrees to release and hold the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacity, harmless from any claim, whether presently or hereinafter known, made by himself arising from or on account of the seizure, custody, and release of defendant vehicle. The United States shall have no liability for damages or injuries caused by use of the vehicle while in the possession of Mr. Hill.

17. The parties will each bear their own costs and attorney's fees in this matter.

Submitted by:

_Katherine Sweeney, Esq._

_Greg Hill_

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103

It is so ordered and approved by:

_____
UNITED STATES DISTRICT COURT JUDGE

4

pendency of the criminal proceeding.

15. Mr. Hill agrees to release and hold the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacity, harmless from any claim, whether presently or hereinafter known, made by himself arising from or on account of the seizure, custody, and release of defendant vehicle. The United States shall have no liability for damages or injuries caused by use of the vehicle while in the possession of Mr. Hill.

17. The parties will each bear their own costs and attorney's fees in this matter.

Submitted by:

_____
Katherine Sweeney, Esq.

_____
STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103

_____
Greg Hill

It is so ordered and approved by:

_____
UNITED STATES DISTRICT COURT JUDGE

4