## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.           Criminal No. 05-1849 JH

DANA JARVIS,

    Defendant.

### DEFENDANT JARVIS'S MOTION TO VACATE PROTECTIVE ORDER

Defendant Dana Jarvis, pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 21 U.S.C. § 853(e)(f) and respectfully moves the Court to vacate its Protective Order filed November 4, 2005 [Doc. No. 246], find that the liquor license may not be severed from the real property at issue, return the control and management of the real property and its attendant liquor license to Defendant, order the Government to return all rents held in its asset seizure account, and enjoin the government from seizing and/or re-seizing the property at issue. In support of his Motion, Defendant states:

### I. BACKGROUND

The Protective Order at issue involves Defendant's real property and premises located at 3523 Central NE in Albuquerque, New Mexico and New Mexico Dispenser Liquor License No. 2599. The real property and premises is located in the center of an area in Albuquerque known as "Nob Hill" and includes a 3,100 square foot building located on property zoned for commercial use, as well as certain furniture, fixtures, signs

and equipment conducive to a nightclub venue. The property and premises currently operates as a nightclub pursuant to a fifteen year lease agreement entered into between Lessor Dana Jarvis and Lessee Harlow's On The Hill, L.L.C. on April 23, 2005, pre-indictment of Mr. Jarvis. The lease agreement provides, *inter alia*, that the "Lessee is willing to lease said Liquor License No. 2599, together with the real property[ ] [and] premises… ." *See* Exhibit A, p. 1.

The Government alleges that the real property and liquor license are subject to forfeiture under 18 U.S.C. § 982 and 21 U.S.C. § 853. *See* Original Indictment [Doc. No. 1]; Superseding Indictment [Doc. No. 414]. On August 24, 2005, the Government obtained a Seizure Warrant for Defendant's liquor license. Then, in early October of 2005, the Government filed a Notice of *Lis Pendens*[1] against the real property and an Application For Protective Order [Doc. No. 235] pursuant to 21 U.S.C. § 853(e) regarding both the real property and the liquor license. *See* Application For Protective Order [Doc. No. 235] (asserting that a protective order was "necessary to preserve the status quo and minimize the effect of the [pending] criminal proceeding on third party claimants"). In addition to acknowledging the need to preserve the real property and the liquor license, the Government allegedly sought to protect the interests of the United States, Dana Jarvis and First State Bank[2] as those interests pertained to the property at issue. On October 11, 2005, Defendant filed his Response To Motion For Protective Order [Doc. No. 215] and a hearing was held on November 3, 2005.

---

[1] A motion to lift the *lis pendens* has been filed with the Court. *See* Doc. No. 526

[2] First State Bank has secured its interest on a $125,000 promissory note by accepting as collateral the real property and liquor license at issue. In its application for the protective order, the Government noted that, "as of August 30, 2005, the principal amount owed to the bank was approximately $124,479.00 plus interest[ ] . . . [with] monthly payments [ ] in the amount of $891.93." *See* [Doc. No. 235].

Although the parties generally agreed that the status quo surrounding the property should be preserved, the parties disagreed as to the methods necessary to assure such, acknowledging that Harlow's On The Hill has a substantial interest in preserving the status quo. *See* Tr. @ 5, 19-21, the Government asserted that the United States Marshals Service was best suited to broker a modified lease agreement with Harlow's. *See* Tr. The Government proposed that Mr. Jay Lambrose, the principal for Harlow's, would pay his monthly lease obligation of $5,600.00 to the United States Marshals Service instead of as required under the terms of the original and only lease agreement, to Mr. Jarvis. Out of the lease payment, the United States Marshals Service would pay the bank its monthly note payment of $891.93 and deposit any remaining amount into "an interest bearing *seized assets* deposit fund" pending the final disposition of any forfeiture proceeding. *See* Application, p. 4 [emphasis added].

Defendant, through counsel, asserted his opposition to the Government's proposal on the basis that the terms of the existing lease should apply and that the property at issue could be preserved by allowing an innocent individual holding Mr. Jarvis's power of attorney to manage the lease agreement. *See* Tr. @ 7, 18-24. Defendant further argued that he should be allowed to continue to support his children and pay other financial obligations with income generated from his property pending the outcome of his trial. *Id.*

On November 4, 2005, the Court entered its order wherein it granted the Government's application and authorized Harlow's On The Hill to continue to operate the business located at 3523 Central NE and continued use of Defendant's New Mexico Liquor License. *See* Protective Order [Doc. No. 246]. The Protective Order further ordered Harlow's On the Hill to make timely lease payments to the United States

Marshals Services. *See id*. The Court further ordered Harlow's On The Hill to maintain the present condition of the real property, including timely payments for insurance, utilities, taxes, and assessments. *Id.* Lastly, the Court ordered the United States Marshals Service to timely pay first State Bank its monthly payment of $891.93 and to deposit any excess income into a "Seized Assets Deposit Fund pending disposition of this case." *Id*.

On May 10, 2006, the Government filed a Motion For An Order To Show Cause Why Protective Order Should Not Be Vacated alleging that Harlow's On The Hill is in arrears on its lease payments. While not discussed within the Motion, the undersigned counsel has verbally been informed by opposing counsel of the Government's subsequent intent to re-seize Mr. Jarvis's liquor license should the Court vacate the Protective Order subsequent to the hearing scheduled for June 22, 2005. Defendant agrees that the protective order should be vacated but strongly opposes any attempt by the Government to re-seize the liquor lciense.

## II.  ARGUMENT & SUPPORTING AUTHORITIES

**A.**     **The Protective Order Pertaining to the Real Property is Unnecessary to Preserve the Real Property Because the Notice of Lis Pendens Previously Filed is Sufficient to Assure the Availablity of the Property for Forfeiture**

A seizure warrant pursuant to 21 U.S.C. § 853(f) may only issue if the Court determines (1) that there is probable cause to believe that the property is forfeitable *and* (2) that a protective order under 21 U.S.C. § 853(e) may be insufficient to assure the availability of the property at the time of forfeiture. 21 U.S.C. 853(f); *See also* 21 U.S.C. § 853(e); *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 58-59 (1993) (relying on 21 U. S. C. § 853(f) for the proposition that the federal drug laws "permit seizure before entry of a criminal forfeiture judgment only where the Government

persuades a district court that there is probable cause to believe that a protective order 'may not be sufficient to assure the availability of the property for forfeiture) [internal quotation omitted]. The filing of a notice of *lis pendens* is, standing alone, an effective means by which the government's potential interest in conserving real property pending the outcome of the forfeiture proceedings, due to the immobile nature of real estate." *James Daniel Good Real Prop.,* 510 U.S. at 62. However, should the Government forward evidence that the property owner is likely to "destroy his property when advised of the pending action, the government may [also] obtain an *ex parte* restraining order, or other appropriate relief, upon a proper showing . . . ." *Id.*; *See also*, 21 U. S. C. § 853(e)(f). Such other relief will not generally be required, short of extreme circumstances not alleged nor proven here by the United States.

The Government has sufficiently protected any interest that it may have in Defendant's real property by filing its Notice of Lis Pendens on or around October 4, 2005, pursuant to *James Daniel Good,* although it is not now clear that all *James Daniel Good's* requirements have been met. Both the Court and Government acknowledge that Mr. Lambrose is an innocent and legitimate business owner who is operating the real property for lawful purposes. Further, the Government acknowledges that Mr. Lambrose has a substantial and vested interest in preserving and protecting this property under his lease agreement. Mr. Lambrose has no right to alienate Defendant's property. Mr. Jarvis also has a substantial and vested interest to preserve and protect his own property, as is his right unless and until judgment of forfeiture is entered against his real property and appurtenances. Further, Mr. Jarvis remains in pretrial detention at the Regional Correctional Center under super-maximum conditions where he is isolated from any

possibility of harming his property. Lastly, real property cannot abscond on its own accord from the jurisdiction of the court. Accordingly, the facts go against any need to invoke as protection 21 U. S. C. § 853(e) in addition to the *lis pendens* that has already been filed in this matter.

**B.**    **The Protective Order Pertaining to the Liquor License is Unnecessary to Preserve and Protect the License Because the New Mexico Liquor Control Act Provides Adequate Control over the Transfer of the the Liquor License and the Lessor is Prohibited from Such Under the Lease Agreement.**

The transfer of a New Mexico liquor license is subject to NMSA 1978 § 60-6B-4 (2006) and no transfer may occur without prior approval of the director and governing body responsible for its regulation and oversight.   NMSA 1978 § 60-6B-4(A)(B). Further, the terms of the lease agreement between Defendant Jarvis and Harlow's On The Hill also precludes Mr. Lambrose from transferring the liquor license at issue.

The Government in this case has not produced any showing that the liquor license at issue is subject to destruction by either Harlow's On The Hill or Defendant Jarvis. Like a notice of *lis pendens* on real property, the regulatory oversight of New Mexico liquor licenses adequately preserves and protects the property at issue from destruction. As already stated, the Court and Government have acknowledged that Mr. Lambrose is a legitimate business person with a substantial interest in the preservation and protection of the liquor license necessary to his success. Mr. Lambrose has a fifteen year lease for Harlow's.  He has purchased a home directly behind the property, surely evidence of his intent to protect his lease obligations such that his business, reliant on the liquor license leased with the real property, succeeds. As a legitimate business person, Mr. Lambrose understands that he is subject to those statutes and regulations governing his ability to use the liquor license, and is already in compliance with the annual renewal of the license,

due June 30, 2006. The liquor license at issue has been legitimately transferred to Mr. Lambrose for his use under these same statues and regulations. Mr. Jarvis maintains that he, too, has a legitimate and substantial interest in preserving and protecting his liquor license as his constitutional right to preserve and protect his property from governmental taking, before judgment unless and until the United States secures a judgment against this property. Further, Mr. Jarvis remains in supermaximum confinement at the Regional Correctional Center where he is isolated from any possibility of harming or transferring this property. Lastly, although labeled as a tangible asset for certain purposes, a liquor license is akin to real property in this case in that a liquor license may not abscond on its own volition from the State of New Mexico or the jurisdiction of the Court.

C.      **The Protective Order Creates an Unlawful Restraint on the Legitimate Rents Generated By the Lease Agreement Between Defendant and Harlow's On The Hill**

By statute, forfeitable property found to be the proceeds of, or involved in, illegal activity under 18 U.S.C. § 982(a)(1) is subject to restraint immediately.  21 U.S.C. § 853(e)(1). In contrast, substitute assets are *not subject to restraint at all* and are only subject *to forfeiture if* there is a criminal conviction and directly tainted assets are unavailable *at that time*. 21 U.S.C. § 853(p). Whether the Government claims that the income generated by the existing lease agreement is directly forfeitable under 21 U.S.C. § 853(e)(1) or by substitution under 21 U.S.C. § 853(p) is of no consequence under the facts of this case and findings by this Court.

The Government has already acknowledged that Mr. Lambrose is an innocent and legitimate business person. Further, this acknowledgment has been ratified by the Court in its Protective Order. Accordingly, any argument by the Government that it has any

interest whatsoever in the rents produced by Mr. Lambrose's legitimate business operation under his lease agreement with Mr. Jarvis is without merit. Given this, any rents deposited into the interest bearing *seized assets* deposit fund, should be returned to Mr. Jarvis immediately, as the remedy for a *James Daniel Good* violation. *See U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1315 (10th Cir. 1994). Failure to do contravenes thirteen years of United States Supreme Court law.

D.    **The Government Should Be Precluded From Frustrating the Purpose of the Contract Between Mr. Jarvis and Harlow's On The Hill by Severing the Liquor License From the Real Property and Premises**

The property and premises currently operates as a nightclub pursuant to a lease agreement entered into between Lessor Dana Jarvis and Lessee Harlow's On The Hill, L.L.C. on April 23, 2005. The lease agreement provides, by its terms, that the "Lessee is willing to lease said Liquor License No. 2599, *together with* the real property[ ] [and] premises… ." The Government should be disallowed from interfering with the contract rights of both Mr. Jarvis and Mr. Lambrose by frustrating the purpose of the contract between Mr. Jarvis and Harlow's On The Hill, in the absence of any showing that it is necessary to do so in order to protect the property. The Government has forwarded no evidence and only asserts an interest in this alleged forfeitable property. Accordingly, it would be a governmental interference in the constitutional freedom to contract rights of both Mr. Jarvis and Mr. Lambrose to allow other than Mr. Jarvis to collect his own rents, pre-forfeiture judgment.

Perhaps more importantly to the government in protecting its interests pre-trial, the Liquor License is *only* operable under New Mexico law insofar as it is linked to the real property by approval under NMSA 1978 § 60-6B-4. The Government has no interest

in this liquor license until or unless it is forfeited after conviction. Until or unless this condition is met, Mr. Jarvis is the rightful owner who should be in rightful control of the license. The Government has proffered no evidence that Mr. Jarvis intends to transfer, abscond with, or destroy this liquor license. Mr. Jarvis cannot transfer or destroy the liquor license without public notice and complex public administrative proceedings, of which the United States could not escape notice. Any attempt by the Government to seize Mr. Jarvis's liquor license by severing it from the property would destroy the commercial value of his real property, and render the lease for Harlow's valueless. Not only would this frustrate the purpose of the contract, but it would also frustrate the purpose of 21 U.S.C. § 853(e)(f) to preserve the property.

E.    **The Protective Order Unnecessarily Violates the Public Policy favoring Freedom of Contract**

Although the Court authorized Jay Lambrose to continue operating his business and maintain the property at issue under the current lease agreement, the Court also ordered Mr. Lambrose to remit his lease payments to the United States Marshals Service. This order is contrary to a material term of the lease agreement between Mr. Lambrose and Mr. Jarvis. Because it materially alters the terms of the contract, the order forces Mr. Lambrose into breach. This breach of contract substantially prejudices Mr. Jarvis by precluding his ability to realize the consideration in exchange for lease of his property to Mr. Lambrose. Instead, the United States Marshals Service realizes the benefits of the contract between Mr. Jarvis and Mr. Lambrose. The United States Marshals Service is not the intended beneficiary of this contract, the contracting parties were.  Consequently, Mr. Jarvis is prejudiced by the Court's order.

The strong public policy favoring freedom of contract has not been offset by any showing of the United States. Again, Mr. Lambrose is an acknowledged innocent business person and the income generated by Mr. Lambrose's continued ability to operate his business has been ratified by the Court. This income should be rightfully allocated between and controlled by Mr. Lambrose and Mr. Jarvis, and not the United States Marshals Service. This was the consideration that the contracting parties contemplated when entering into this legitimate contract.

E.    **Defendant Reasserts All of the Arguments Forwarded At the November 3, 2005 Hearing**

**WHEREFORE,** Mr.  Jarvis respectfully requests this Court vacate its Protective Order and return control to him of his real property and attached appurtenances, including the liquor license, such that the property and attached interests are preserved.

Mr. Jarvis also requests this Court enjoin the Government from seizing the real property and/or re-seizing the liquor license as the United States has made no showing supporting such gross infringement on Mr. Jarvis' constitutionally protected property and contract rights. Defendant prays that the Court will order the Government to return his rents to him pursuant to *James Daniel Good*, currently held in the Government's asset seizure account, including any interest earned thereon and for any other relief that the Court deems appropriate.

Respectfully Submitted by,

<u>*Electronically Filed*</u>
Joe M. Romero, Jr.
Attorney for the Defendant
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

I hereby certify that a true and correct copy of
the foregoing pleading was hand-delivered to opposing
counsel this 22nd day of June, 2006.

*Electronically Filed*

_____

JOE M. ROMERO, JR.