IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CR. No. 05-1849 JH |
| | ) |
| DANA JARVIS, et al. | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT JARVIS'
MOTION TO VACATE PROTECTIVE ORDER FILED ON JUNE 22, 2006 (Doc. 537)**

Defendant Dana Jarvis has moved this Court to vacate its Protective Order entered on November 4, 2005, return control of real property and the liquor license to him and return all rents the U.S. Marshal's Service has collected under the Protective Order. The motion should be denied.

The Superseding Indictment alleges that the Defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of drug trafficking offenses and any property used to facilitate the offenses and shall forfeit pursuant to 18 U.S.C. § 982(a)(1) all property involved in money laundering offenses and all property traceable to such property. The forfeiture allegation includes but is not limited to the real property located at 3523 Central NE and New Mexico Liquor License 2599

In April 2005, through a broker, defendant Dana Jarvis ("Jarvis") leased the real property and the liquor license to Harlow's on the Hill, LLC. Harlow's did not open for

business until the weekend following the return of the original Indictment on August 25, 2005. The Protective Order allows Harlow's to operate the business, provided that Harlow's makes timely lease payments to the U.S. Marshal's Service. From the lease proceeds, the Marshal's Service is required to make timely payments to First State Bank on a $125,000 promissory note secured by the property.

Jarvis contends that the Protective Order is unnecessary and unlawfully interferes with his right to collect legitimate rental proceeds and his right to contract freely. He claims that he has a "vested interest" in the property that allows him to control the property without restriction until a judgment of forfeiture is entered against the property. Jarvis's argument is premised upon an incorrect understanding of the applicable authority, and the argument ignores the factual basis for the forfeiture.

Prior to leasing the property to Harlow's, Jarvis operated the premises under the name "Club Rhythm & Blues". Investigation disclosed that Jarvis engaged in large-scale drug trafficking for many years and acquired property with the proceeds of illegal activity and used the property to facilitate the drug trade. Club Rhythm and Blues and the liquor license were such properties. Jarvis did not make a profit from the Club. In fact, the club lost money, and Jarvis infused the business with drug proceeds to keep the doors open and to launder the proceeds. There is a rebuttable presumption at trial that the property is subject to forfeiture because Jarvis acquired it during the period of violation and there was no likely source for the property other than the violation. 21 U.S.C. § 853(d).

Against this background, Jarvis contends that the rental proceeds are legitimate and cannot be forfeited. If the proceeds stood alone, he would be correct. However,

but for Jarvis's drug trafficking and money laundering, there would be no rent proceeds. Not only were the rent proceeds obtained directly or indirectly as the result of drug trafficking offenses and therefore are forfeitable under 21 U.S.C. § 853, the proceeds are forfeitable pursuant to 18 U.S.C. § 982(a) because they are traceable to property involved in illegal money laundering.

Proceeds are defined as property the defendant would not have obtained or retained but for the criminal offense. *See e.g. United States v. Reiner,* 397 F.Supp.2d 101 (D. Me. 2005)(all revenue of health club that was a front for prostitution business constituted proceeds of the prostitution offense because the club would not have existed, and thus would have no income at all, but for the illegal activity; that some of its revenue was for legal services is therefore irrelevant). Moreover, proceeds means gross proceeds and not merely profits. *United States v. Keeling*, 235 F.3d 533, 537 (10th Cir. 2000). The purpose of forfeiture is to remove property facilitating crime or property produced by crime. *Id*.

Contrary to Jarvis's assertions, the Protective Order is both necessary and prudent. 21 U.S.C. § 853(e) provides that the Court may take any action to preserve the availability of property for forfeiture. The order balances the interests of the Lessee, the Lienholder, the Government and the Jarvis in the property. To the extent possible, it preserves the income realized from the property for forfeiture and for Jarvis in the event he is not convicted. Jarvis should not be allowed to dissipate forfeitable assets as he pleases prior to trial.

Jarvis wrongly asserts that he has a vested, and impliedly superior, interest in the property entitling him to collect rent and control the property until such time as the

property is forfeited. (Defendant's motion at p. 5). However, the relation back doctrine, incorporated into 21 U.S.C. § 853(c), vests the Government's interest in the property at the time of the offense giving rise to the forfeiture. This statute provides:

> All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to the forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

Thus, the Government's interest in the real property and the liquor license vested at the onset of the conspiracy. *See United States v. Nava*, 404 F.3d 1119 (9th Cir. 2005).

Jarvis contends that he is entitled to a return of the rent collected and deposited into the Seized Asset Deposit Fund (SADF) by the U.S. Marshals Service pursuant to the Protective Order as a remedy for the Government's violation of the Supreme Court's directive in *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993). This argument is frivolous.

In *Good*, the Government filed a civil forfeiture action against a parcel of residential real property and seized the property. The Court held that the seizure was improper because the property owner was not afforded notice and opportunity for a preseizure hearing. This holding has been codified at 18 U.S.C. § 985, which sets forth procedures for pursuit of *in rem* civil forfeiture against real property. The majority of circuits hold that the remedy for a *Good* violation is return of rents and profits that would

have been paid to the owner during the period of illegal seizure.  *See e.g. United States v. 408 Peyton Road*, 162 F.3d 644 (11th Cir. 1998)(*en banc).*

Putting aside the question of whether *Good* applies to an *in personam* criminal forfeiture, the Government did not seize the real property.  The U.S. Marshals Service simply has served as a custodian and manager of the rental proceeds under the Protective Order.  The SADF is a temporary holding account into which the Marshals Service deposits proceeds pending Court action.  Jarvis cannot seek a remedy for a violation that did not occur.

Jarvis seeks prospectively to enjoin the Government from re-seizing the liquor license.  He argues that seizure of the license would reduce the value of the lease and real property and that the license cannot be seized because it is akin to real property.

Jarvis attempts to categorize the liquor license as "real property" presumably because the *Good* decision applies only to real property and does not apply to personal property.  *See United States v. One Parcel at Lot 41, Berry Hill Farm*, 128 F.3d 1386, 1392 (10th Cir. 1997).  New Mexico Statute plainly classifies a liquor license as personal property belonging to the State.  *See* NM Stat. Ann. § 60-6A-19: "The holder of a license issued under the liquor control act has no vested property right in the license, because it is the property of the State".  Licenses "shall be considered property subject to execution, attachment, a security transaction, liens, receivership and all other incidents of tangible personal property under the laws of the State".  In any event, even real property may be seized pre-trial under the appropriate circumstances and with an opportunity to be heard.

As set forth in the Government's Motion for Order to Show Cause (Doc. 459), the lessee has not complied fully with the terms of the Protective Order and the business may fail.  Nonetheless, the Government agreed to give Harlow's on the Hill 60 more days to come into compliance with the terms of the lease.  If the business fails, the Government may move for an interlocutory sale of both the license and the real property, which would require the seizure of both.  Until that time, however, Jarvis's argument is premature.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        *Electronically filed*

        STEPHEN R. KOTZ
        Assistant U.S. Attorney
        P. O. Box 607
        Albuquerque, New Mexico  87103-0607
        (505) 346-7274, Ext. 1464

I hereby certified that a
copy was mailed to

Joe M. Romero, Esq.
Counsel for Dana Jarvis
1905 Lomas NW
Albuquerque, NM 87104

Victor E. Carlin, Esq.
Moses, Dunn, Farmer and Tuthill, P.C.
612 First St., N.W.
P.O. Box 27047
Albuquerque, NM 87125-7047

on this 7th day of July, 2006

_____

STEPHEN R. KOTZ
Assistant U.S. Attorney