## SCOTT M. DAVIDSON, PH.D., ESQ., LLC
### ATTORNEY AT LAW

204 BRYN MAWR DRIVE NE
ALBUQUERQUE, NEW MEXICO 87106
WWW.SMDAPPELLATELAW.COM

PHONE: (505) 255-9084
FAX: (505) 255-9089
E-MAIL:SCOTT@SMDAPPELLATELAW.COM

May 8, 2006

James R.W. Braun, Esq.
Assistant United States Attorney
United States Attorney's Office
District of New Mexico
P. O. Box 607
Albuquerque, NM 87103

Re:   *United States v. Jarvis*, No. CR 05-12849 JH (D.N.M.)

Dear Mr. Braun:

I am writing this letter pursuant to the discovery Order entered on August 29, 2005, by the Honorable Alan C. Torgerson, United States Magistrate Judge. Pursuant to ¶ 2(C) of the Order, the Defendants jointly request production of books, papers, documents, or portions thereof, which are within the possession, custody or control of the Government, pertaining to interception of electronic communications in this case.

The books, papers, documents, or portions thereof sought by the Defendants are material to the preparation of the Defendants' defense, form the basis of or are relevant to the lawfulness of the interception of electronic communications intended for use by the Government as evidence in chief at trial, or pertain to information obtained from the Defendants and the lawfulness of the manner in which this information was obtained. In order to independently assess whether the interception of electronic communications complies with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. § 2510-22, the United States Constitution, and other applicable laws, the Defendants hereby specifically request the documents described as follows:

1. Reports, sometimes known as "ten-day reports," pertaining to the interception of electronic communications in this case.

2. Chain of custody records for the original recordings of the electronic communications intercepted and recorded during the course of electronic surveillance in this case.

3. Drug Enforcement Administration and/or task force policy regarding approval of a request from an appropriate judicial branch official for an order authorizing the interception of electronic communications; DEA and/or task force policy regarding the monitoring of electronic communications; and names and titles of individuals

Page 1 of 3
Attachment A

in the chain of command regarding the approval of a request for authorization to intercept electronic communications pertaining to this case.

4. All pen register records and printouts pertaining to this investigation, any of the defendants in this case, or any factual allegation made or individual referred to in the affidavits of DEA Special Agent Richard L. Stark.

5. Net worth investigation records pertaining to this investigation, any of the defendants in this case, or any factual allegation made or individual referred to in the affidavits of DEA Special Agent Richard L. Stark.

6. Reports regarding any aspect of this case prepared by any financial analyst, accountant, investigator or other individual consulted by DEA Special Agent Richard L. Stark or other law enforcement officials in the course of this investigation.

7. Audiotapes or similar records of any physical surveillance or consensual monitoring (wires) pertaining to this investigation, any of the defendants in this case, or any factual allegation in the affidavits of DEA Special Agent Richard L. Stark.

8. Cellular or long-distance toll records, including records of the duration of telephone calls, or anything similar, such as those referenced in ¶ 70 of the first affidavit of DEA Special Agent Richard L. Stark or pertaining to this investigation, any of the defendants in this case, or any factual allegation in the affidavits of DEA Special Agent Richard L. Stark.

9. Any state or federal grand jury transcripts pertaining to this investigation, any of the defendants in this case, or any individual named in the affidavits of DEA Special Agent Richard L. Stark.

10. Memoranda or any record in an electronic or paper form, not to exclude law enforcement original notes, regarding any payments, vetting, polygraph records, drug testing, agreements, and any other information pertaining to reliability or lack of reliability of confidential informants, confidential sources, cooperating witnesses, or any other sources of information by any description, pertaining to this investigation, any of the defendants in this case, or any factual allegation made or individual referred to in the affidavits of DEA Special Agent Richard L. Stark.

11. Records of any other wiretap or interception of electronic communications that were used as a basis for any factual allegation in the affidavits of DEA Special Agent Richard L. Stark, or are pertinent to any aspect of this investigation or any of the defendants in this case.

12. Records pertaining to the detention, imprisonment, incarceration, probation, supervision, or parole of any individual referred to in the affidavits of DEA Special Agent Richard L. Stark.

13. Logs, reports, records, original notes, or any other record created by any method pertaining to physical surveillance of any individual named in the affidavits of DEA Special Agent Richard L. Stark. The materials sought in this request include records created by any method that may be used to preserve evidence gathered during or as a result of physical surveillance or that may be used to refresh law enforcement recollection.

14. Any record created by any method, including sign-in and sign-out logs, or similar records, for the wiretap facility or room, indicating the dates and times that each individual involved in the interception of electronic communications in this case entered and exited the wiretap facility or room.

15. Any record created by any method, such as minimization logs or similar records, regarding the minimization of interception of electronic communications that are unrelated to this investigation.

16. Any record created by any method regarding the minimization training received by the monitors of the interception of electronic surveillance in this case. The records sought in this request include minimization instructions, minimization training manuals, materials used in minimization instruction or training, sign-in sheets or similar records pertaining to attendance at the training sessions, and training records. The records sought in this request also include any record created by any method memorializing where and when each individual conducting monitoring in this wiretap received training, such as, but not limited to a sign-in sheet for such training. The records sought in this request also include a copy of any item posted at the monitoring facility or room which apprises the monitors of the minimization procedures, requirements or guidelines.

17. Any reports by prosecuting officials in the United States Attorney's Office for the District of New Mexico to the Administrative Office of the United States Courts, that include information pertaining to the applications for interception of wire communications in this case.

The Defendants request that you please respond in writing no later than May 22, 2006. If this matter must be addressed by motion to the Court, we wish to make that motion as soon as possible. If you have any questions, please feel free to call me at 255-9084 (office) or 366-4797 (cell).

Very truly yours,

Scott M. Davidson, Ph.D., Esq.