IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**vs.**              **Criminal No. 05-1849 JH**

**DANA JARVIS,**

   **Defendant.**

**DEFENDANT'S REPLY TO UNITED STATES' RESPONSE
TO DEFENDANT JARVIS'S MOTION TO VACATE PROTECTIVE ORDER**

  Defendant Dana Jarvis replies as follows to the government's response to Defendant's Motion to Vacate Protective Order.

  Trial in this matter is anticipated to occur in April of 2007. Obviously, no judgment has yet been filed in this case. However, the government contends that the property that is the subject of the protective order is "tainted" as illegally-gotten gains traceable to the crimes for which Defendant is charged. As a result, the government contends that any and all proceeds flowing from this property are forfeitable pursuant to 21 USC § 853(a) and 18 USC § 982(a).

  In support, the government relies on *U.S. v. Reiner*, 397 F.Supp.2d 101(D. Me. 2005) wherein the Court identified all revenue from a health club that was a front for a prostitution ring as illegal proceeds. See Doc. No. 555. However, application of *Reiner* to the facts in this case ignores the fact that Club Rhythm & Blues no longer exists and that the proceeds from Harlow's constitutes proceeds from a legitimate business. See Doc.

No. 555 ("all revenue of health club that was a front for prostitution business constituted proceeds of the prostitution offense because the club would not have existed, and thus would have no income at all, but for the illegal activity").

Despite the government's contention, it has not shown that the Protective Order is necessary and prudent in order to preserve the real property or liquor license at issue. To the contrary, the facts and procedural history of this case support Defendant's position that he seeks to protect the property at issue. As noted by the government, a liquor license pursuant to NMSA 1978, § 60-6A-19 is personal property belonging to the state. Further, the real property and appurtenances are incapable of removal from the court's jurisdiction. What may be removed are the proceeds of Mr. Lambrose's legitimate business. However, the government reaches too far in restraining these proceeds.

Lastly, the government suggests that Mr. Lambrose's business "may fail." See Doc. No. 555. However the government fails to highlight the fact that Mr. Lambrose's difficulties in meeting his lease payment obligations surfaced after the government made demands on Mr. Lambrose that were beyond the agreements made by the contracting parties. For example, Mr. Jarvis and Mr. Lambrose agreed that Mr. Lambrose would make certain building repairs in lieu of his rent payments. The government, however, intervened and required Mr. Lambrose to pay both. This was a governmentally created hardship that placed tension on Mr. Lambrose ability to meet his obligations under the lease agreement.

**WHEREFORE,** Defendant Jarvis respectfully requests that the Court vacate the Protective Order and enjoin the government from seizing the liquor license at issue and to

allow the legitimate proceeds flowing therefrom to be paid to Mr. Jarvis without restraint by the government.

Respectfully Submitted,

By:   *electronically filed*_____
Joe M. Romero, Jr.
Attorney for the Defendant
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

I hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel this 18th day of July, 2006.

*electronically filed*_____
JOE M. ROMERO, JR.