IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                             Criminal No. 05-1849 JH

**DANA JARVIS,**

      **Defendant.**

## MOTION TO EXCLUDE CONSIDERATION OF THE CONTENTS SPECIFIC WIRETAPPED PHONE CALL AT ANY FUTURE PROCEEDING

Defendant Dana Jarvis, by and through his attorney, Joe M. Romero, Jr., hereby moves this Court to Suppress all information recorded during Call No. 957, which was intercepted on or about March 21, 2005 and to exclude the contents of that unlawful recording at any future pretrial proceedings as well as the trial in this matter. In support of this Motion, Defendant states:

### FACTUAL BACKGROUND

1.    On or about March 21, 2005 government agents were monitoring telephone number (505) 470-1811 when the Defendant discussed his alleged desire to confront adult male gang members who had battered his teenage daughter Ayla Jarvis. The gang members were uninvited guests at a teenage party. Ayla was beaten after asking the uninvited gang members to leave the party. Ayla's injuries included two black eyes, lacerations to the face and head, and multiple bruises to her torso and arms.

2.    Upon being informed that Ayla had been injured, Defendant's initial reaction was anger. Being a loving father and concerned about the well-being of his children, he was upset and emotional about the fact that two grown men had beaten his

daughter. During a telephone conversation with an old friend regarding an unrelated subject, the Defendant expressed his anger and frustration about the unjustified assault on his daughter. He asked his friend to back him up in the event he was able to locate the persons responsible for beating Ayla.

3.  Defendant in fact never located or discovered the persons who beat Ayla, and thus never contacted or confronted them. Regarding the wiretap discovery in this case, phone calls were recorded over a period of 6 months and involved 8 target phones. The government recorded 11,475 phone calls. Of the 11,475 recorded phone calls, the prosecution is able to point to a grand total of 2 phone calls, including Call No. 957, which allegedly establish that Defendant is a danger to the community. These 2 phone calls never led to or resulted in any violent acts perpetrated or procured by the Defendant.

4.  At the release hearing before U.S. Magistrate Judge Alan Torgerson on August 29, 2005, Call No. 957 was played in order to support the government's contention that Defendant was a "danger to the community."

5.  This case involves an alleged conspiracy to distribute marijuana. There is no allegation of violence inherent in the charges against Defendant.

6.  If necessary, Defendant will show that, based upon the contents of other calls, he did not seriously plan to harm anyone or have anyone harmed. He reacted, as any father would, to news that violent gang members had beaten his daughter. However, for the reasons stated below, the contents of the aforementioned call should not be considered by this Court.

7.  Defendant has never been convicted of any violent crime, nor does he have a history of violent conduct.

8. This issue is ripe for consideration as a) Defendant has been confined continuously since his arrest, and b) his detention was in part based upon the contents of Call No. 957.

## DISCUSSION

Initially, it is important to note that the contents of Call No. 957 are irrelevant to the charges against Defendant and, consequently, the instant request that that material be suppressed is unusual. However, as the government has chosen to rely upon that information in at least one prior hearing, Defendant believes that it is crucial that the Court evaluate the lawfulness of the acquisition of that recording. "Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, lays out a strict framework for authorizing electronic eavesdropping by law enforcement officials. See 18 U.S.C. §§ 2510-2522 (1994 & Supp. 1996)." United States v. Garcia, 232 F.3d 1309, 1312 (10th Cir. 2000). Included within the provisions and restrictions of the authorization for wiretapping is the requirement that "every [wiretap] order…shall contain a provision that the authorization to intercept…shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter." 18 U.S.C. § 2518(5) (Supp. 1999). In conducting wiretap intercepts, therefore, law enforcement agents must "minimize" the intrusion into otherwise lawful communications.

***A. First, the government must make a prima facie showing that it took reasonable steps to minimize the interception of communications outside the scope of the authorization and order.***

The starting point for review of the adequacy of minimization efforts is an examination of the reasonableness of the agents' efforts to refrain from monitoring

3

conversations deemed non-pertinent to the investigation. United States v. Willis, 890 F.2d 1099, 1101 (10th Cir. 1989). Reasonableness must be determined from the facts of each case. Id., *citing* United States v. Hyde, 574 F.2d 856, 869 (5th Cir. 1978). The statute focuses on law enforcement agents' conduct rather than their motive and, therefore, minimization efforts must be reasonable in light of **objective** assessment of the officers' actions rather than their **subjective** intent. See Scott v. U.S., 436 U.S. 128, 136-37, 141-43 (1978).

### *B. The effort to minimize must be objectively reasonable in light of the circumstances confronting the interceptor. The interceptors' subjective intent is not relevant.*

In determining the lawfulness of minimization efforts, the government must first make a *prima facie* showing that the minimization performed was reasonable. In the instant case, the government cannot even meet this threshold standard. The call in question clearly opens in a discussion that is not related to any federal crime—let alone the federal crimes for which Dana Jarvis was being investigated.

### *C. Following a prima facie showing of reasonableness by the government the Defendant must show that more effective minimization was possible.*

If the government is able to make a *prima facie* showing of reasonableness, the burden then shifts to the defendant to show more effective minimization could have taken place. Willis, 890 F.2d at 1102(*citing* United States v. Armocida, 515 F.2d 29, 45 (3d Cir.), *cert. denied*, 423 U.S. 858, 96 S. Ct. 111, 46 L. Ed. 2d 84 (1975). Assuming, for the sake of argument that the government is able to make the required prima facie showing, the failure to minimize Call No. 957 is still readily apparent. More effective minimization could have taken place. Specifically, the officers should have discontinued listening to the call after it was apparent that no discussion about drug trafficking was taking place.

4

Thus, although it is well established that the police must minimize the interception of communications outside the scope of the authorization and order, it is clear that that was not done in the case of Call No. 957. The contents of that call must therefore be suppressed and should not be considered at any pretrial hearing or during trial.

***D. If the intercepted communications concern crimes not listed in the interception order, the government can use the contents of the communication as evidence only upon applying to the court "as soon as practicable" for a determination that the interception complied with Title III requirements.***

Title III provides, in pertinent part, that when a law enforcement officer engages in electronic surveillance intercepts communications relating to crimes other than those specified in the order, he or she must obtain judicial permission **before** disclosing those communications, or evidence derived therefrom, in a court proceeding. See United States v. Levy, 905 F.2d 326, 329 (10th Cir. 1990)(emphasis added); see also, *e.g.*, U.S. v. Angiulo, 847 F.2d 956, 980-81 (1st Cir. 1988) (evidence admissible because government acted in good faith when obtaining original wiretap order, interception of communications related to offenses outside scope of original order was incidental to execution of original order, **and government made timely motion seeking permission to use additional evidence**)(emphasis added).

It is important to note that Defendant does not seek suppression of the contents of Call No. 957 based upon the past disclosure of that call in contravention of Title III. It is well settled in this Circuit that the sole remedy for failure to apply for a determination that the interception complied with Title III prior to disclosure is a civil action under § 2520. See U.S. v. Levy, 905 F.2d 326, 329 (10th Cir. 1990). Instead, Defendant seeks suppression/exclusion of the contents of Call No. 957 based upon the government's failure to properly minimize its intrusion into Defendant's communications. The violation

5

of Title III's requirement that the government seek additional authorization prior to disclosing the contents of Call No. 957 is addressed so that this Court can determine whether or not to consider the evidence in future pretrial proceedings.

***E. The trial court has discretion to determine the necessity of holding an evidentiary hearing on the adequacy of the minimization effort.***

Defendant Jarvis contends that this issue merits an evidentiary hearing and requests that such a hearing be convened at the Court's earliest convenience. See, *e.g.*, U.S. v. Santora, 600 F.2d 1317, 1320 (9th Cir. 1979).

## CONCLUSION

Put simply, the recording is not related to the crimes for which Defendant was investigated and is now being prosecuted. Nothing in the recording at issue related to or would have been thought, by an objectively reasonable officer, to have related to any federal crime.

Respectfully Submitted,

By:   *electronically filed*_____
Joe M. Romero, Jr.
Attorney for the Defendant
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

I hereby certify that a true and correct copy of
the foregoing pleading was mailed to opposing
counsel on the 3rd day of August, 2006.

*electronically filed*_____
JOE M. ROMERO, JR.

7