IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Plaintiff,  )  )  vs.  )  )  DANA JARVIS, et al.,  )  )  Defendants.  ) | Cr. No. 05-1849 JH |

## SECOND ORDER SETTING
## DEADLINES AND DECLARING CASE COMPLEX

An order setting deadlines and declaring this case as complex was previously entered on December 6, 2005. On April 25, 2006, the grand jury returned a superseding indictment which included eight additional defendants. The Court thereafter held a status conference on July 11, 2006, at which time the Court requested the parties to prepare a second scheduling order. In compliance with the Court's request, the parties have submitted this Order.

THE COURT HEREBY FINDS that, given the complexity of the case, the nature of the charges, and the number of parties involved, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

THEREFORE, THE COURT FINDS that the ends of justice served by granting an exclusion of time in this case outweigh the best interests of the public and the defendants in a speedy trial.

THE COURT FURTHER FINDS, with regard to appointed counsel, that this case

involves complex representation pursuant to 18 U.S.C. 3006A(d)(3).

THE COURT FURTHER FINDS that there is good cause to set aside the Court's standard discovery order and motion schedule order in this case, and establish an alternative discovery and motion schedule as agreed upon by the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), that the time between the date of the filing of the United States' Motion for Status Conference for the Purpose of Designating this a Complex Case and the date trial commences in this case is hereby excluded for purposes of the Speedy Trial Act computation.

IT IS FURTHER ORDERED that discovery in this case shall be conducted as follows:

1) The government has previously disclosed and/or produced material governed by Rule 16(a)(1)(A), (B), and (D), Fed. R. Crim. P. If any additional material governed by Rule 16(a)(1)(A), (B), and/or (D) hereafter comes into the possession of the government, the government shall produce such material as soon as practicable.

2) The government has previously produced copies of Rule 16(E)(i) and (ii) material. If any material governed by Rule 16(E)(i) and/or (ii) hereafter comes into the possession of the government, or if any material presently in the possession of the government is subsequently determined to fall within Rule 16(E)(i) and (ii), the government shall produce copies of such material as soon as practicable. This paragraph does not govern the discovery of material seized from the defendants, which is provided for in paragraph 3 below.

3) Pursuant to Rule 16(a)(1)(E)(iii), the government has previously made the documents and non-drug objects seized from the defendants in this case available for defense counsel to inspect.

4) The government shall produce all material in its possession for which disclosure is mandated by Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), no later than ninety (90) days prior to trial, and shall continue to produce any additional Brady or Giglio material as soon as practicable after such material comes into the government's possession.

5) The government shall produce a summary of any expert witness testimony pursuant to Rule 16(a)(1)(G) no later than seventy-five (75) days prior to trial.

6) The government shall produce witness statements pursuant to 18 U.S.C. § 3500 (the Jencks Act) no later than forty-five (45) days prior to trial.

7) The government shall provide a single set of all discovery required to be produced under this Order to D. Penni Adrian, who will act as discovery coordinator on behalf of all defense counsel. Upon the specific written request of any counsel in this case, the United States shall also provide a copy of discovery to that particular defendant's counsel.

8) The defendants shall produce any reciprocal discovery under Rule 16(b)(1)(A) by August 31, 2006.

9) The defendants shall produce a summary of any expert witness testimony pursuant to Rule 16(b)(1)(C) no later than forty-five (45) days prior to trial.

IT IS FURTHER ORDERED that the defendants shall file any motions pursuant to Rule 12(b)(3), Fed. R. Crim. P., with the exception of a motion to suppress wiretap evidence, by October 20, 2006. Within ten (10) days of the filing of a motion by any defendant, any other defendant may file a notice of joinder in the motion, including in the notice of joinder any factual or legal argument that is specific to the joining defendant and specifying the relief sought by the

joining defendant. The government may file one omnibus response to motions that have been joined by other defendants. The government shall file its response(s) to any Rule 12(b)(3) motions by December 15, 2006. A single reply to each government response shall be filed on behalf of the filing defendant and any joining defendants by January 26, 2006.

IT IS FURTHER ORDERED that the defendants shall jointly file any motion to suppress wiretap evidence by the later of October 20, 2006, or within thirty (30) days after a ruling on the defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications. The government shall file its response to any such motion by the later of December 15, 2006, or thirty (30) days after the filing of such motion.

IT IS FURTHER ORDERED that the parties shall file any motions *in limine* at least thirty (30) days prior to trial.

FINALLY, IT IS ORDERED that this case is hereby set for jury selection and trial on APRIL 10, 2007 at 9:30 a.m., 333 Lomas Blvd. N.W. Brazos Courtroom--5th Floor, Albuquuerque, New Mexico.

                                              _____
                                              JUDITH C. HERRERA
                                              UNITED STATES DISTRICT JUDGE