IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   Criminal No. 05-1849 JH

DANA JARVIS,

        Defendant.

**DEFENDANT DANA JARVIS' MOTION TO EXTEND DEADLINE FOR FILING WIRETAP RELATED MOTIONS**

        Defendant Dana Jarvis, by and through counsel, Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court for an Order extending the deadline of October 20, 2006 for all wiretap related motions as in the interests of protecting the Defendant's constitutional rights and effectuating judicial economy, under the specific factual circumstances of this complex case. As grounds, Defendant Jarvis states as follows:

        1.         The Fed. R. Crim. P. 12(b)(3) Motions deadline in this matter is October 20, 2006, with the exception of the deadline for the joint defendants' wire tap suppression motion, which deadline is October 20, 2006 or "within thirty (30) days after a ruling on the defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications." There is, as of October 19, 2006, *no* ruling on the defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications."

        2.         Lead counsel on the Joint Discovery Motion is Mr. Scott Davidson. The United States sought an extension for its response directly from Mr. Davidson who orally agreed to such extension with AUSA Gregory Fouratt, who was calling on behalf of AUSA Braun. However, when the United

States' response was filed, the United States failed to make service on lead counsel Mr. Davidson, who was unaware of the filing of the response until well after the Defendants' deadline for a reply had passed.

3.     On 9/26/06 newly appointed undersigned counsel, Ms. Neal-Post, spoke with Mr. Davidson to determine the status of the joint discovery motion. Mr. Davidson informed her he was not aware of any response by the United States. Mr. Davidson agreed to call AUSA Braun and seek clarification, which Mr. Davidson did. In this conversation between Mr. Davidson and AUSA Braun after 9/26/06, undersigned counsel understands Mr. Davidson was advised that the United States had filed its response on August 2, 2006, and AUSA Braun confirmed that lead counsel, Mr. Davidson, had not been served as he was not considered "counsel of record."

4.     Mr. Davidson relayed this information to undersigned counsel, and Mr. Romero called chambers on the afternoon of October 11, 2006 seeking a setting or ruling on the joint discovery motion. No setting nor ruling has been rendered as of this October 19, 2006 filing.

5.     Undersigned counsel Mr. Romero sought concurrence in an extension for suppression and wiretap related motions based upon this lack of resolution of the wire tap issues. AUSA Braun declined concurrence, suggesting that the Defendant's Motions be filed timely but written to reflect arguments appropriate to and encompassing the possibility of wire tap evidence being stricken from the warrant affidavits.

6.     The writing of several suppression motions, reflecting the various searches based upon warrants including wiretap information, would necessitate an unnecessary waste of budget resources in counsel time. The United States would, in turn, be required to respond to arguments made in the absence of this Court's conclusive rulings on the wire tap data alleged to establish probable cause for the various searches. Once this Court's wire tap rulings have been entered, counsel for both the

prosecution and defense would have to be granted leave to adjust their briefings to reflect the binding court order as to the taps relevant to each search and motion to suppress.

7. In the alternative, a continuance of the deadlines for any wiretap related motions until at least 30 days after the ruling on the joint discovery motion related to the electronic evidence would streamline much o0f the briefing this Court would be required to evaluate, while ensuring the defendant's rights to a fundamentally fair trial are safeguarded.

8. Defendant Dana Jarvis states further that since the United States moved him to Estancia on August 30, 2006, he has had no access to electronic discovery such that the defendant can participate in the preparation of his own defense, further hampering his ability to file wire tap related motions.

9. Specifically, there are a total of 11,477 audio files containing wiretap calls. Almost all calls, if not all calls, involve Defendant Dana Jarvis as a party to the conversation. To date, Mr. Jarvis has reviewed or listened to 6088 calls, leaving 5389 known calls unreviewed.

10. These wiretap calls are contained on audio files and can only be heard on a computer. At the height of Mr. Jarvis' access to a computer in the past, Mr. Jarvis had a maximum of 10 hours per week. Considering the time before the April 10, 2007 trial, in relation to the hours per week that Mr. Jarvis *had been* allowed access to computer discovery, and the audio and documentary discovery still left to review, it is unlikely he will have the opportunity to complete discovery review prior to trial. The Defendant's discovery review prior to the October 20, 2006 motion deadline has already been rendered impossible.

11. The Defendant's access to discovery review is not to be remedied by use of paper discovery. Besides wiretap files necessitating computer access, there are also numerous video surveillance files that can only be accessed and viewed on a lap top. The last discovery disc that Mr. Jarvis has reviewed is Discovery Disc 9. Since then, the defense had been provided with 3 additional

discovery discs 10, 11, 12. It is Disk 12 that has the snitch information. Undersigned counsel, attempting to work within the United States Marshall's Service parameters, attempted to provide Disk 12 in paper form. To have Kinkos individually open each PDF file in Disc 12 and then have them copy approximately 1800 pages of documents cost counsel in excess of $700.00, expense that would not have been incurred if Mr. Jarvis had access to the lap top, such that he could view all this material on screen. Even when this paper discovery was delivered by Investigator Albert mares to the facility, CCA Supervisory staff withheld even this discovery for weeks.

      12.     The discs are provided to defense counsel as part of an agreement with the U.S. Attorney's office wherein they will provide "admin CJA counsel" Penni Adrian with 1 hard copy of the discovery rather than providing multiple copies to all defense counsel. Ms. Adrian in turn provides the hard copy to legal consultant Richard Demarest in Denver who organizes and scans the discovery and provides all defense counsel with a disc. We in turn download a copy of the disc on the defendant's jail laptop. Defendant Dana Jarvis has not had access to a laptop since 8/30/06, or for 7 weeks.

      13.     Defendant Jarvis timely notified this Court of his continuing problems with computer access to discovery in his latest emergency motion filed 9/26/06, and the United States has thus been officially on notice of the continuing problems, though the United States has filed no response to this Motion, Doc. 691.

      14.     Defendant Jarvis is not the only defendant without sufficient access to computer discovery. Defendant Matthew Hottan filed a motion unopposed by the United States for computer discovery access on October 13, 2006, Doc. 700.

      15.     Furthermore, the United States has already expressed agreement that judicial economy is best served "by addressing issues relating to the wiretap in a consolidated pleading," when the United States filed its unopposed Motion to file its response to Defendant Jarvis' Motion to Exclude, Doc. 616,

seeking leave to respond simultaneously "to all motions to suppress." Doc. 648.

16. This Court granted the United States Unopposed Motion at Doc. 650, seeking essentially the same relief Defendant Jarvis seeks.

17. Defendant Jarvis notices the Court that he has filed several motions unrelated to wiretap data in timely compliance with this Court's established deadlines and will continue to so comply.

**WHEREFORE**, Defendant Dana Jarvis respectfully requests that that Court continue the deadlines for any wiretap related motions, including suppression and any motions which rely on wiretap data as a factual or legal basis, until at least 30 days after a ruling is entered upon the Joint Discovery Motion Related to the Interception of Electronic communications, consonant with this Court's Order at Doc 650 allowing the United States to file all responses to suppression motions related to wiretaps simultaneously, or such extension as this Court deems most appropriate in the interests of safeguarding the Defendant's constitutional rights and promoting judicial economy in this complex case.

          Respectfully Submitted

*Electronically filed 10/19/06*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 10/19/06*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268-7263

I hereby certify that a true and correct copy of the foregoing was mailed to opposing counsel, AUSA James Braun and Stephen Kotz, on October 19, 2006.

*Electronically filed 10/19/06*
_____
Joe M. Romero, Jr.