IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                           **No. CR 05-1849 JH**

**DANA JARVIS, *et al.*,**

      **Defendants.**

**DEFENDANTS' JOINT MOTION TO DISMISS COUNT III, OR,
IN THE ALTERNATIVE,
MOTION FOR A BILL OF PARTICULARS PURSUANT TO
FED. R. CRIM. P. 7(c)(1), 7(f) & 12(b)(3)(B)**

The Defendants named in Count III of the Superceding Indictment file this Joint Motion to Dismiss Count III, or in the alternative, their Motion for a Bill of Particulars.

### 1. Introduction

In the Superceding Indictment, the United States charges ten named defendants with money laundering "from approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere…," in violation of 18 U.S.C. §§1956(a)(1)(A)(i), -(a)(1)(B)(i), and -(h). Nothing more is provided to the Defendants regarding charges alleging the involvement of ten individuals over a time span of over fifteen years. The absolute lack of specificity in Count III requires dismissal pursuant to Fed R. Crim. P. 12(b)(3)(B) as this Count is insufficient to state an offense, and fails in affording the Defendants due process in notice of the charges against them with sufficient particularity such that they can defend against them. The Superceding Indictment also fails to ensure that the grand jury was actually presented with evidence of the essential elements of the offenses alleged in Count III, potentially allowing eventual convictions of

these ten defendants on charges never considered by a grand jury. In the alternative and at minimum, the Defendants are entitled to a Bill of Particulars pursuant to Fed. R. Crim. P. 7(f) giving them the "*substantive facts* of the charges against him." *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005)(emphasis added).

## 2. Count III is Impermissibly Vague Requiring Dismissal Pursuant to Fed. R. Crim. P. 12(b)(3)(B)

Count III is impermissibly vague and is insufficient as a matter of law, as it generically alleges money laundering violations without any specificity for which the United States' proof may encompasses an almost endless variety of factual possibilities pursuant to 18 U.S.C. 1956. To prove a money laundering violation at trial pursuant to 18 U.S.C. § 1956(a)(1)(A)(i), for example, the United States must show, according to Tenth Circuit Jury Instruction 2.73:

> The defendant is charged in count _____ with a violation of 18 U.S.C. section 1956(a)(1)(A)(i).
>
> This law makes it a crime knowingly to use the proceeds of specified unlawful activity to promote the carrying on of illegal activity.
>
> To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: the defendant knowingly [conducted] [attempted to conduct] a "financial transaction" as defined herein;
>
> *Second*: the defendant knew that the property involved in the [financial transaction] [attempted financial transaction] represented the proceeds of some form of unlawful activity;
>
> *Third*: the financial transaction [attempted financial transaction] involved the proceeds of specified unlawful activity [described in 18 U.S.C. § 1956(c)(7)]; and
>
> *Fourth*: the defendant [conducted] [attempted to conduct] the financial transaction with the intent to promote the carrying on of specified unlawful activity [described in 18 U.S.C. § 1956(c)(7)].

> The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.
>
> The term "transaction" includes [select from the terms listed in 18 U.S.C. § 1956(c)(3)].
>
> The term "financial transaction" means:
>
> (A) a transaction that in any way or degree affects interstate commerce, and that involves:
>
> (i) the movement of funds by wire or other means; or
>
> (ii) one or more monetary instruments; or
>
> (iii) the transfer of title to any real property, vehicle, vessel, or aircraft; or
>
> (B) a transaction involving the use of a financial institution that is engaged in, or the activities of which affect, interstate commerce in any way or degree.
>
> "Interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took did in fact affect interstate commerce, however minimal that effect is.
>
> "Proceeds" can be any kind of property, not just money.

Tenth Circuit Pattern Jury Instruction, 2.73; *see also Comments* to 2.73.

The ten defendants in Count III are also charged with violation of 18 U.S.C. § 1956(a)(1)(B)(i), with a similarly broad and factually diverse proof available to the United States:

> The defendant is charged in count _____ with a violation of 18 U.S.C. section 1956(a)(1)(B)(i).
>
> This law makes it a crime knowingly to conceal or disguise the nature, location, source, ownership, or control of proceeds of specified unlawful activity.
>
> To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

3

*First*: the defendant knowingly [conducted] [attempted to conduct] a "financial transaction," as defined below;

*Second*: the financial transaction involved the proceeds of [specify unlawful activity from 18 U.S.C. § 1956(c)(7)];

*Third*: the defendant knew that the property involved in the [financial transaction] [attempted financial transaction] represented the proceeds of some form of unlawful activity, namely [specify form of unlawful activity charged in the indictment], which unlawful activity constitutes a felony under [state] [federal] [foreign] law; and

*Fourth*: the defendant [conducted] [attempted to conduct] the financial transaction knowing that it was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

You are instructed that [specify form of unlawful activity charged in the indictment] is a felony under [state] [federal] [foreign] law. You are not required to find that the defendant knew that the unlawful activity constituted a felony, only that the defendant knew that the activity was unlawful.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes [select from the terms listed in 18 U.S.C. § 1956(c)(3)].

The term "financial transaction" means:

(A) a transaction involving the use of a financial institution that is engaged in, or the activities of which affect, interstate commerce in any way or degree; or

(B) a transaction that in any way or degree affects interstate commerce, and that involves:

(i) the movement of funds by wire or other means; or

(ii) one or more monetary instruments; or

(iii) the transfer of title to any real property, vehicle, vessel, or aircraft.

"Interstate commerce" means commerce or travel between the

> states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.
>
> "Proceeds" can be any kind of property, not just money.

Tenth Circuit Pattern Jury Instruction, 2.73.1; *see also Comments* to 2.73.1.

To illustrate available permutations of proof the United States could be contemplating as its theory of Count III, violations of both §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) incorporate the definitions of 18 U.S.C. § 1956(c)(3), which are:

> (c)(3) the term 'transaction' includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected;….

18 U.S.C. 1956(c)(3).

Based upon ten defendants' banking transactions pursuant to this definition over a fifteen year period, the audit pool of potential transactions available to the United States for proof pursuant to either Section 1956 allegation in Count III exceeds 780,000 potential transactions. *See Affidavit of Yvonne Beckman, CPA,* attch. as *Exhibit A.*, ¶ 6. This is an obvious failure of the constitutional due process requirements of notice of the charges a defendant must be given such that his or her trial is fundamentally fair.

An indictment has been deemed sufficiently particular "if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992), *citing United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988). No charged defendant in Count III has been "sufficiently apprised" "of the charges to enable him[or her] to prepare for trial" when the factual basis supporting the allegations could

be one of in excess of over five million possible permutations of transactions. *See United States v. Cassese*, 273 F. Supp. 2d 481(D.N.Y. 2003)(dismissal of Count as a matter of law, for which no permutation of the facts alleged in the entirety of the indictment supported each element of the crime alleged).

Nor is a Defendant "sufficiently apprised" of the charges when the Superceding Indictment fails to allege an essential element of the charge, for example here, that the financial transactions affected interstate commerce. Interstate commerce is what federalizes the allegedly wrongful activities into a federal crime. *United States v. Brown*, 925 F.2d 1301, 1309 (10th Cir. 1991)(dismissing count as on the face of the indictment, the government could not establish interstate commerce and other elements). "Implied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). Such an error of omission will may well require dismissal of a conviction subsequently obtained when the defendants have properly raised the issue pre-trial as they have here.

The details in the Indictment are the Defendant's protection that he or she is "prosecuted only on the basis of the facts presented to the grand jury . . . ." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999), *citing United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994); *United States v. Brady*, 13 F.3d 334, 338 (10th Cir. 1993). In *Du Bo*, the essential element of *mens rea* was not alleged in the indictment and the Court reversed the conviction based upon the traditional function of the federal grand jury in our system:

> At common law, 'the most valuable function of the grand jury was . . . to stand between the prosecutor and the accused and to determine whether the charge was founded upon credible testimony . . . .' *Hale v. Henkel*, 201 U.S. 43, 59, 50 L. Ed. 652, 26 S. Ct. 370 (1906). Incorporated into the Fifth Amendment by the Founders, there is 'every reason to believe that our constitutional grand jury was intended to operate substantially like its English progenitor.' *Costello v. United States*, 350 U.S. 359, 362, 100 L. Ed. 397, 76 S. Ct. 406 (1956). The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a grand jury. *See United States v. Hooker*,

> 841 F.2d 1225, 1230 (4th Cir. 1988).
>
> > Failing to enforce this requirement would allow a court to 'guess as to what was in the minds of the grand jury at the time they returned the indictment . . . .' *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (*citing Russell v. United States*, 369 U.S. 749, 770, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962)). Such guessing would 'deprive the defendant of a basic protection that the grand jury was designed to secure,' by allowing a defendant to be convicted 'on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.' *Id.* (*citing Russell*, 369 U.S. at 770). We may only guess whether the grand jury received evidence of, and actually passed on, Du Bo's intent. We may never know if the grand jury would have been willing to ascribe criminal intent to Du Bo. *See Stirone v. United States*, 361 U.S. 212, 217, [*1180] 4 L. Ed. 2d 252, 80 S. Ct. 270 (1960) (no court may 'know' what the grand jury 'would have been willing to charge'). Refusing to reverse in such a situation would impermissibly allow conviction on a charge never considered by the grand jury. *See id.* at 219; *see also United States v. Miller*, 471 U.S. 130, 139-140, 85 L. Ed. 2d 99, 105 S. Ct. 1811 (1985).

*United States v. Du Bo*, 186 F.3d 1177, 1179-1180 (9th Cir. 1999); *accord United States v. Prentiss*, 206 F.3d 960, 977 (10th Cir. 2000)(vacated and reversed as to standard of review of this manner of error being jurisdictional) in *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001)(*en banc*)(*Prentiss II*), *citing also United States v. Pupo*, 841 F.2d 1235, 1239-40 (4th Cir. 1988).

The Defendants have timely raised their issues with the insufficiency of the Superceding Indictment as to Count III pursuant to Fed. R. Crim. P. 12(b)(3)(B). Consequently, Count III should be dismissed with prejudice as impermissibly vague such that it fails on due process grounds to provide constitutional notice, and it fails to evince the minimal details as to necessary elements of the crimes charged which would demonstrate that the constitutional guarantees of the grand jury process were afforded these ten defendants. The Defendants' Fifth Amendment rights to be tried only on the charges "presented in an indictment returned by a grand jury" have been violated. *United States v. Peterman*, 841 F.2d 1474, 1477 (10th Cir. 1988) (if an essential element is not charged in the indictment, a defendant is

required to answer to a charge that was not brought by a grand jury, thus violating the express language of the fifth amendment that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless on the presentment or indictment of a Grand Jury'). If such information was presented to the Grand Jury, the Government should voluntarily disclose it. *United States v. Risk*, 843 F.2d 1059, 1060 (7th Cir. 1988). In the absence of such voluntary or ordered disclosure of what evidence the grand jury passed upon in returning such a vague indictment, Count III of the Superceding Indictment should be dismissed as a matter of law.

### 3.  In the Alternative, a Bill of Particulars should be Filed

Alternatively, the Count III Defendants seek an order directing the Government to file a Bill of Particulars. A Bill of Particulars supplements an indictment drafted with insufficient particularity. *See United States v. Jensen*, 193 F. Supp. 2d 601, 605 (E.D.N.Y. 2002). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). More specifically, "[t]he purpose of a bill of particulars is to inform the defendant of the *substantive facts* of the charges against him." *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005)(emphasis added). The Superceding Indictment grossly fails in particularity as to the money laundering allegations in Count III.

The Superceding Indictment fails in setting forth the substantive facts of the Count III money laundering allegations. Count III fails to allege which defendant violated either or both subdivisions of 1956 cited. Of the myriad of factual possibilities available to the United States for proving money laundering allegations, the United States elects *not a single* definition available under 1956(c) as a limiting factor to identify what the theory of the Government's charging is, despite the Defendants' entitlement to know the theory of the charging. *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001)(defendants entitled to know the government's theory of the case), *citing United States*

*v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992); *Wilson*, 244 F.3d at 1215. Count III fails in identifying even a single transaction, or a single date of an alleged violation or even a means and manner of laundering in an alleged fifteen year time frame, despite the Superceding Indictment demonstrating elsewhere that the United States is familiar with the showing of means and manner for its conspiracy count at page 2-3. *See United States v. Jensen*, 193 F. Supp. 2d 601, 605-06 (D.N.Y. 2002)(specific dates make an indictment sufficient). Even looking to the rest of the Indictment for additional detail adds no specifics as to the transactions alleged illegal, rendering the Superceding Indictment entirely deficient as to any specifics of Count III. *United States v Esteves,* 886 F Supp. 645(N.D. Ill 1995)( indictment sufficient when transactions which form basis of charges, and time and place of transactions, as well as open file policy gives defendant all evidence within government's possession).

      Case law demonstrates minimum information an indictment must include. In *United States v. Levine*, an open file discovery case, the indictment was found sufficient when it "described Mr. Levine's scheme in detail, setting forth *all* of the instances of mail fraud," providing Mr. Levine more information in both the indictment and in discovery than the ten defendants herein. *United States v. Levine*, 983 F.2d 165, 166-167 (10th Cir. 1992)(emphasis added). In *Dunn*, "the indictment quoted the language of 21 U.S.C. § 846 and included the dates of the illegal activity, the place, and the specific controlled substance." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). Here, the Defendants have none of this – no dates of alleged money laundering, no locations, no means and or manner, nor amounts. The United States' own Counts 4-23,in this very same indictment, although insufficient for other reasons, demonstrate the government's knowledge that more information is necessary for money laundering charges. The United States fails even to meet its own internal minimal standard *within the same charging document. United States v Camp*, 541 F2d 737, 740 (8th Cir. 1976)(" indictment… which merely stated that act was in violation of statute cited was insufficient for failing to charge essential element[s]").

The "indictment must descend to particulars and charge every constituent ingredient of which [the] crime is composed." *Lowenburg v United States,* 156 F.2d 22 (10th Cir 1946).

The Defendants are entitled to know what specific violations the government intends to use against them at trial. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989)(J. Logan, Circuit Judge, concurring). The United States knows what it is alleging, as something of this missing specificity was presented to the Grand Jury, or the Grand Jury returned a baseless indictment. The Defendants merely seek this "something" setting forth the substantive factual basis for the allegations in Count III as to each and every Defendant named in the Count. As stands, the implausibility of any Defendant defending against this Count is typified by the absurdity of Ayla Jarvis' situation: this Defendant is charged with money laundering beginning when she was *four years old.* These failings amount to the fundamental failings to be remedied by a Bill of Particulars- apprising the defendants of the essential elements of the charges against them.

In Count III, similarly as with the forfeiture allegation in the Superceding Indictment, the United States has put allegations of violations of two statutes undifferentiated amongst ten defendants, and without any explanation as to means and manner of violation. This fails in the minimum requirement that the indictment track the language of the statue, as which statute goes to whom is unidentified. *United States v. Walters*, 188 F.R.D. 591, 596 (D. Kan. 1999), *citing United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). Each defendant is entitled to such notice.

The Defendants must show that they are likely to be surprised at trial without the Bill of Particulars providing the requested information, such that their substantial rights will be prejudiced. *Dunn*, 841 F.2d at 1029. The "surprise" to be shown is described by LaFave as surprise as "to the particular acts or events that the government will cite at trial as establishing the crime." *Id., citing* 2 LaFave and Israel, Criminal Procedure § 19.2(f) (1984). In *United States v. Johnson*, a Bill of particulars

w2as ordered upon an indictment which charged an open period of years as herein, except it charged only **nine** years instead of the **fifteen** charged in the present superceding indictment. *United States v. Johnson*, 2006 U.S. Dist. LEXIS 62841, 2-5 (D. Kan. 2006)(attch). The Court there found and ordered:

> The extended dates of the alleged offense -- over **nine years** -- coupled with the lack of specificity in the indictment justifies the granting of a bill of particulars. For these reasons, the court believes that a bill of particulars is necessary, even though the government has produced substantial discovery in this matter. The government shall be required to provide the specific time and location where the alleged offense commenced and the manner in which the alleged offense was perpetrated. The government should provide the bill of particulars within twenty-five days.

Id.

The Count III Defendants have already shown the inevitability of surprise at trial as they have absolutely no information on the substantive factual basis of the Government's theory, nor notice as to the acts, times, dates, means, manner nor locations or even suspected perpetrators of each alleged violation of the cited statutes, all notice failings of the Superceding Indictment as to Count III.

Failure of remedy now unnecessarily invites reversal later. In *United States v. Lot Numbered One of the Lavaland Annex,* the Tenth Circuit reversed and remanded for a new trial where notice was not given of how the government intended to prove its case, because a defendant is "entitled to know . . . the theory of the government's case" "to which parties are entitled in analogous circumstances." *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001), *citing United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)(discussing analogous circumstances in which a defendant is entitled to a bill of particulars). Requiring a defendant to anticipate, without notice, what acts over fifteen years as to whom and through what conduct they will be required to defend against at trial is a recipe for unfair and reversible surprise, avoidable with a properly filed Bill of Particulars. *See id.*

At minimum, the United States should clarify, by charting, for example, the name of each

11

defendant, the alleged category of acts pursuant to which statute that each defendant is charged with violating and the dates applicable to each defendant within the fifteen years.

This charting of the substantive facts underlying the United States' money laundering Count III *necessarily already exists* in some form as the basis to support the Superceding Indictment. Some forensic financial investigation in the form of an audit sampling pool was created and the information presented to the Grand Jury had to be the product extrapolated from this audit sample, *if this indictment is valid. See e.g. Exhibit A,* ¶ 7; *United States v. Brown,* 925 F.2d 1301, 1304 (10th Cir. 1991)(it "*may be desirable*" for the court to review the factual predicate of the indictment). While all evidence the United States will introduce to prove these allegations is not the provenance of a Bill of Particulars, the Government's theory of its money laundering Count III **is**, as well as the disclosure to the Defendants of sufficient substantive facts supporting the allegations of the Indictment to prevent surprise, *mis*trial or reversal. *Griffith*, 362 F. Supp. 2d at 1277; *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001).

AUSA Braun was contacted and opposes this Motion.

## CONCLUSION

Based upon the foregoing, the Defendants respectfully request on order dismissing Count III, or in the alternative, an order directing the Government to file a Bill of Particulars as described herein.

Respectfully submitted:

_____
Jody Neal-Post, Esq.
Co-Counsel for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

                                               Joe M. Romero, Jr. Esq.
                                               Co-Counsel for Defendant Jarvis
                                               1905 Lomas NW
                                               Albuquerque, NM  87104
                                               (505) 843-9776

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this ___th day of October, 2006, I served a true and correct copy of this Defendants' Joint Motion to Dismiss Count III, or, in the Alternative, Motion for a Bill of Particulars by electronic and U.S. mail, postage prepaid, on counsel for the United States at the address listed below:

James R.W. Braun, Esq.
Stephen Kotz, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87102

                                               Joe M. Romero, Jr.