IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       Criminal No. 05-1849 JH

DANA JARVIS,

        Defendant.

**DEFENDANT DANA JARVIS' UNOPPOSED MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS PURSUANT TO FED. R. CRIM P. 6(e)**

Defendant Dana Jarvis, by and through counsel, Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court for an Order compelling production to him of the transcripts of the grand jury proceedings for the superseding indictment charging him in this matter, and as related to related to Count III of the Superceding Indictment. As grounds, Defendant Jarvis states as follows:

    1.    **Introduction**

Mr. Jarvis was charged in the original indictment filed by the government on August 25, 2005. The original indictment charged a drug conspiracy spanning less than three years and did not include the money laundering Count III against ten defendants, which is the product of the Superceding Indictment returned April 25, 2006. The Superceding Indictment now charges a drug conspiracy spanning some fifteen (15) years and the Count III money laundering allegations cover the same fifteen year time span.

Mr. Jarvis has filed a Joint Motion to Dismiss Count III or, in the Motion for a Bill of Particulars as to Count III. In that Motion, Mr. Jarvis explains the deficiencies of Count III, that for ten defendants over a fifteen year span, the United States alleges not one single date, incident, transaction or event that allegedly comes within the 780,000 possible permutations of available

proof pursuant to the two statutes alleged as the predicate money laundering crimes for the 18 U.S.C. 2 charges.

The case law is clear that no defendant can be charged in an indictment unless the grand jury was presented with evidence of the essential elements of the alleged crime. Mr. Jarvis reasons that if the grand jury was properly held, the indictment would reflect the essential facts upon which the grand jury returned its superceding indictment. In contrast however, the Superceding Indictment is completely silent as to any acts in support to the new Count III.

Mr. Jarvis further believes that the United States may have used the grand jury to bolster it's case against him. The basis for this belief is that Count III, devoid of a single fact, and the increase of the time span to fifteen years across the Superceding Indictment seem to be the only causal factors for the forfeiture allegation going from a quite substantial 48 million dollars to now over $158,000.000. There appears no additional allegation of any specific event in the Superceding Indictment upon which Mr. Jarvis can extrapolate a basis for the tripling of value of the forfeiture allegation to what is believed to be the largest dollar amount ever sought in forfeiture in the history of this federal district.

Undersigned counsel Romero contacted Assistant U.S. Attorney Braun and sought via voice mail whether the United States would voluntarily produce the transcripts. While AUSA Braun confirmed that the United States will comply with Jencks related grand jury transcript disclosure as required by the Second Scheduling Order, p. 3 ¶6, response was not received as to grand jury transcripts in general until this Motion was being sent for filing. The United States now presents its position via email as "no objection to early release of the grand jury testimony relating to both the initial and superseding indictments." To preserve the issue, undersigned counsel is filing the already completed Motion, but is prepared to draft an Order for Release to the defendant of "both the initial and superseding indictments" transcripts at the Court's direction.

**2.    Argument.**

"Despite the strong policy of maintaining the secrecy of grand jury proceedings, in certain situations disclosure of grand jury minutes and transcripts is appropriate where justice demands." *United States v. Pottorf,* 769 F.Supp. 1176, 1180 (D.Kan. 1991). The decision of whether grand jury transcripts should be released is committed to the sound discretion of the district court. *In re Lynde,* 922 F.2d 1448, 1451 (10th Cir. 1991). A "grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon a particularized proof of irregularities in the grand jury process." *United States v. R. Enters., Inc.,* 498 u.s. 292, 301 (1991), *quoting United States v. Mechanik*, 475 U.S. 66, 75 (1986)(O'Connor, J. concurring). To be entitled to production, the defendant must show a "particularized need" for the documents that outweighs the public policy of grand jury secrecy. *United States v. Warren,* 747 F.2d 1339, 1347 (10th Cir. 1984). A general claim that the grand jury transcript possibly contains exculpatory evidence does not suffice. *In re Lynde,* at 1454. Particularized need is more than a wish to go fishing for useful material. *U.S. v. Kim,* 577 F.2d 473, 478 (9th Cir. 1978).

Mr. Jarvis is respectfully entitled to the grand jury transcripts pertaining to Count III because his particularized need outweighs the public policy of grand jury secrecy. The government has filed a superceding indictment devoid of any factual indicia that evidence was presented to the Grand Jury in support of Count III. Count III contrasts starkly with the United States' own money laundering counts in the *very same indictment* at Counts 4-23, evincing an unexplained internal inconsistency in charging. The evidence reviewed to date by defendant Jarvis' defense team indicates no factual basis for the fifteen year span in Count III, nor reveals neither incidents nor events upon which the Count could be based. These facial inconsistencies alone create questions which must be answered before the presumption of grand jury regularity can attach in the present case to refute the present appearance of potential misuse of the grand jury to obtain the superseding indictment for the sole purpose of bolstering the existing case against Mr. Jarvis.

Mr. Jarvis seeks to obtain the grand jury transcripts from the superseding indictment for a particularized rather than general inquiry- to verify that Mr. Jarvis is indeed being charged upon an

3

indictment properly returned by the grand jury on the Count III charges. The transcripts reflect evidence presented to the grand jury supporting the Count III allegations or they do not. The transcripts will show as to Count III: (1) whether the government used the grand jury for the primary purpose of strengthening it's case on the indictment, (2) if there was an improper prosecutorial purpose for the superseding indictment, (3) whether the government used the grand jury principally to supplement its pretrial discovery on the indictment, (4) whether the government used the grand jury for the sole and dominant purpose of obtaining additional evidence against the defendant, (5) whether the government had new evidence against Mr. Jarvis to obtain the superseding indictment, (6) whether there existed prosecutorial vindictiveness, and (7) whether the use of the grand jury to obtain the superseding indictment was to punish the defendant for defending himself. In addition, Mr. Jarvis will need to obtain the grand jury transcripts to use at trial to cross-examine the case agent regarding the lack of new evidence against Mr. Jarvis in charging him with these new crimes.

In *Douglas Oil*, the United States Supreme Court set out the standard for whether grand jury transcripts ought to be produced:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . . For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries . . . . The interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 (1979).

Mr. Jarvis seeks the transcripts in order to avoid the injustice of being tried in violation of his Fifth Amendment right to be "prosecuted only on the basis of the facts presented to the grand jury . . ." as to Count III.  *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999), *citing United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994); *United States v. Brady*, 13 F.3d 334, 338 (10th Cir. 1993).  The need for disclosure being a citizen's constitutional right or grand jury protection against the unchecked powers of the government is greater than the need for grand jury privacy in this particular instance, in the face of a superceding indictment devoid of one single detail of fact upon which the Count III charges are allegedly predicated.  Mr. Jarvis' request is structured so as to only cover the Count III related material, and is thus a particularized request in respect of the traditional interests of the United States in the secrecy of the grand jury.  Mr. Jarvis meets the requirements of *Douglas Oil*. "Despite the strong policy of maintaining the secrecy of grand jury proceedings, in certain situations disclosure of grand jury minutes and transcripts is appropriate where justice demands." *United States v. Neha,* 376 F. Supp. 2d 1222, 1228 (D.N.M. 2005), *citing United States v. Pottorf,* 769 F. Supp. 1176, 1180 (D. Kan. 1991). Justice demand disclosure here.

"[P]rosecutors do not have carte blanche in grand jury matters. However, a party asserting a claim of grand jury abuse must shoulder a heavy burden. One way to carry this burden is to show that the government used the grand jury principally to prepare pending charges for trial." *Neha*, 376 F. Supp. 2d at 1228, *citing  United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir 2001),  *citing  United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir. 1990). "The United States may not use the grand jury solely to bolster its case, although this may be an incidental benefit." *Id.*  Facially, an increase of potential financial remuneration to the United States of an increase of over $109,000,000.00 seems more than incidental benefit potentially gained by the government via the Superceding Indictment. In the absence of concrete facts appearing on the face of the Superceding Indictment supporting the Count III charges and companion increase in the value of the forfeiture allegation, no legitimate purpose for the new indictment is apparent.  When the dominant purpose of a superceding indictment is investigatory as to pending charges, a court may order disclosure of grand jury transcripts.  *C.f. Neha,*, 376 F. Supp. 2d at 1228 (stated in the reverse, "So long as it is not the sole or

5

dominant purpose of the grand jury to discover facts relating to (a defendant's) pending indictment, the Court may not interfere with the grand jury's investigation."); *see also United States v. Gibbons,* 607 F.2d 1320, 1328 (10th Cir. 1979). If the government has used the grand jury in this fashion, the granting of the already pending Motion to Dismiss Count III of the Superseding Indictment would be yet more appropriate, as would be correspondingly diminished amendment to the forfeiture allegation.

In *United States v. Neha*, the Defendant made some of every necessary showing of need for disclosure of the grand jury transcripts, with the exception of a "particularized need." *Neha*, 376 F. Supp. 2d at 1228. Mr. Jarvis has met the requirements of *Douglas Oil* including "particularized need." Mr. Jarvis' particularized need is to ensure his Fifth Amendment guarantees of protection against being called to answer for charges never placed before the grand jury has not been violated. The face of the Superceding Indictment does not evince the factual detail that would allow the presumption of grand jury regularity to apply. Accordingly Mr. Jarvis has established his particularized need for this limited category of grand jury transcripts, those related to Count III of the Superceding Indictment.

WHEREFORE, and consonant with the authorities cited above and the position of the United States that it has "no objection to early release of the grand jury testimony relating to both the initial and superseding indictments," Defendant Dana Jarvis respectfully requests this Court to order immediate production to Defendant Jarvis of the grand jury transcripts relating to the initial and superceding indictments in the present matter.

                                                  Respectfully Submitted

                                                  *Electronically filed 10/20/06*
By: _____
                                                  Joe M. Romero, Jr.
                                                  Attorney for Defendant Jarvis
                                                  1905 Lomas NW
                                                  Albuquerque, NM 87104
                                                  (505) 843-9776

                              *Electronically filed 10/20/06*
By: _____
     Jody Neal-Post
     Attorney for Defendant Jarvis
     317 Amherst SE
     Albuquerque, NM 87106
     (505) 268-7263

I hereby certify that a true and correct copy of the foregoing was mailed to opposing counsel, AUSA James Braun and Stephen Kotz, on October 20, 2006.

*Electronically filed 10/20/06*
_____
Joe M. Romero, Jr.