UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                  No.  05 CR-1849 JH

**DANA JARVIS,**

      **Defendant.**

**DEFENDANT DANA JARVIS' MOTION FOR SEVERANCE**

Defendant Dana Jarvis, through counsel, Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court pursuant to Fed. R. Crim. P. Rules 8 and 14 for an Order severing his trial from the trial of his Co-Defendants as specifically described below. As grounds, Mr. Jarvis states the following:

**I.      BACKGROUND**

Mr. Jarvis is charged in a multi-count indictment by which twenty-one (21) other individuals have also been charged. The Superseding Indictment [Doc. No. 414] alleges that the twenty-two (22) co-defendants conspired over a twenty-six (26) year period to distribute marijuana for profit between approximately 1990 through August 25, 2005 when the original Indictment [Doc. No. 1] was filed. Count 1 charges all twenty-two (22) co-defendants with conspiracy to distribute 1000 kilograms and more of marijuana contrary to 21 USC §§ 841(a)(1) and (b)(1)(A). *Doc. No. 414* at 1-3. Count 2 charged Dana Jarvis with continuing criminal enterprise in violation of 21 USC § 841(a)(b) , 21 USC § 848(a)(c) and 18 USC § 2 when, as the leader of and in concert with five or more unnamed

persons, Mr. Jarvis allegedly possessed with intent to distribute marijuana on five listed dates occurring in the year 2005. *Doc. No. 414* at 3-4. Count III alleged that Dana Jarvis and nine (9) other co-defendants conspired to money launder in violation of 18 USC §§ 1956(a)(1)(A)(i)(B)(i). and 1956(h). *Doc. No. 414* at 4. Lastly, Counts 4-24 charged Defendant Jarvis only with twenty (20) counts of money laundering in violation of 21 USC § 841(a)(1) and 21 USC § 846. These twenty (20) counts involve a single bank deposit in the same amount of $932.08, which hit his bank on roughly the same day on each month between years 2002 and 2005. *Doc. No. 414* at 4-7.

## II.     ARGUMENT & AUTHORITIES

The Court, in its discretion, may grant a motion for severance of defendants when it appears that any defendant is prejudiced by the joinder of co-defendants. *Fed. R. Crim. P. 8, 14.*; *Zafiro v. United States*, 113 S. Ct. 933, 937 (1993); *United States v. Peterson*, 611 F.2d 1313, 1331 (10th Cir. 1979). Prejudice is shown when joinder of either defendants or offenses causes actual or threatened deprivation to an individual's right to fair trial. *Peterson*, 611 F.2d at 1331. In deciding upon a motion to severe, the Court is called upon to balance "the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Peterson*, 611 F.2d at 1331; *United States v. Haworth*, 168 F.R.D. 658, 659 (D.N.M. 1986). *United States v. Kennedy*, 819 F. Supp. 1510, 1515 (D. Colo. 1993) (acknowledging severance of defendants as a means to assist with the management of complex multi-defendant cases). *See also*, *U.S. v. Casamento,* 887 F.2d 1141, 1152 (2nd Cir. 1989)(identifying ten as the maximum manageable number of defendants the Court should place in a single trial).

Even though the Court's decision is an exercise in balancing between prejudice and money, the scales of justice must *always* tip in favor of one Defendant's right to a fair trial regardless of the attached price-tag. *U. S. v. Echeles*, 352 F.2d 892, 896-97 (7th Cir. 1965) *(relying on Barton v. United States*, 263 F.2d 894, 898 (5th Cir. 1959); *United States v. Kahaner,* 203 F. Supp. 78, 80-81 (S.D.N.Y.1962); *Schaffer v. United States*, 221 F.2d 17, 19, 54 A.L.R.2d 820 (5th Cir. 1955); Hale v. United States, 25 F.2d 430, 438-439 (8th Cir. 1928). The risk of prejudice caused to Mr. Jarvis by joinder in this case stems from two causes. The first arises from inculpatory statements made to the government by co-defendants and the second stems from exculpatory statements that co-defendants would otherwise make at trial but for their intent to invoke their right to remain silent with regards to their own trial.

### A.  DANA JARVIS SHOULD BE SEVERED FROM ANY AND ALL CO-DEFENDANTS WHO HAVE GIVEN INCULPATORY STATEMENTS

Defendant Jarvis will be prejudice by the joinder with co-defendants who have provided the government with inculpatory statements that implicate him should the government seek to these statements at trial. While inculpatory statements may be admissible against the declarant, they are not admissible against Defendant Jarvis under *Bruton v. U. S.*, 391 U.S. 123, 88 S. Ct. 1620 (1968). *See also*, *U.S. v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990). Adherence to joinder of Defendant Jarvis's trial with the trials of co-defendants who have given inculpatory statements will cause inadmissible evidence to be admitted against him. While redaction of these co-defendant's statements may render them admissible, the statements must then be viewed in isolation, without regard for other evidence in the case. *U.S. v. Green*, 115 F.3d 1479, 1483 (10th Cir. 1997). S*ee also Richardson v. Marsh,* 481 U.S. 200, 107 S. Ct. 1702 (1987). Although references to Defendant Jarvis can be redacted from these statements, the statements nonetheless harm Defendant through the

portions of statements that are not redacted. *United States v. McVeigh*, 169 F.R.D. 362, 368 (D.Col. 1996)(explaining that inferences can be drawn from the redacted statements in the context of other properly admitted evidence, linking defendant to the declarant). While redaction can help avoid prejudice to co-defendants, a jury can nonetheless be influenced by those unredacted portions. *U.S. v. Glover*, 506 F. 2d 291, 298 (2nd Cir. 1974). The Supreme Court has stated that non-inculpatory portions of third party confessions are not admissible. *Williamson v. United States*, 512 U.S. 594 (1994).

Co-Defendant Ayla Jarvis has provided statements to the government that inculpate Defendant Jarvis. For the reasons stated, see *supra* at B, Defendant Jarvis respectfully moves to sever Ayla Jarvis. Defendant Jarvis further moves the Court to sever any other co-defendant whose inculpatory statement may become known during the continued course of discovery review and receipt of future discovery. *See Schaffer v. United States*, 362 U.S. 511 (1960) (the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear).

    **B.**    **DANA JARVIS SHOULD BE SEVERED FROM ANY CO-DEFENDANT WHO AGREES TO TESTIFY TO CRUCIAL EXCULPATORY EVIDENCE ON DEFENDANT JARVIS'S BEHALF, BUT INTEND TO EXERCISE THEIR FIFTH AMENDMENT RIGHTS AT THEIR OWN TRIAL**

Defendant will be prejudiced by the joinder with co-defendants who would otherwise agree to testify and provide exculpatory evidence on Defendant Jarvis's behalf but for their intention to exercise their right to remain silent in their own trial. *United States v. McConnell,* 749 F.2d 1441 (10th Cir. 1984); *accord United States v. Martinez,* 76 F.3d 1145, 1152 (10th Cir. 1996). The Tenth Circuit in *McConnell* set out relevant factors in determining whether a defendant should be severed from a co-defendant who can provide exculpatory testimony:

    1) the likelihood that the co-defendant would in fact testify at the

>movant's severed trial and waive his Fifth Amendment privilege; 2) the significance of the testimony in relation to the defendant's theory of defense; 3) the exculpatory nature and effect of such testimony; 4) the likelihood that the co-defendant's testimony would be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; 7) the timeliness of the motion.

*McConnell,* 749 F.2d 1441 (10th Cir. 1984)[internal citations omitted].

Presently, Mr. Jarvis continues to be denied access to discovery that may assist him and undersigned counsel in identifying co-defendant that may be able to provide exculpatory testimony should their trials be severed from Mr. Jarvis's trial. There is six months remaining before the trial setting. Defendant has timely notified the Court of unresolved access problems with discovery. The amount of discovery in this complex case is voluminous. Upon information and belief, certain co-defendants have either pled out of the case or are in the process of negotiating plea deals with the government. Further, Mr. Jarvis respectfully moves the Court to allow him to supplement this motion in support of severance should exculpatory testimony unveil itself through ongoing review of available discovery and review of discovery of digital discovery that has been effectively denied to Mr. Jarvis by denial by Cornell Corrections supervisory staff. *See Schaffer v. United States*, 362 U.S. 511 (1960) (the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear).

**WHEREFORE,** Defendant Dana Jarvis moves the Court to order his trial to be severed from the trials of his co-defendants as requested herein and to permit Defendant leave to supplement this motion to sever as he becomes more informed by discovery.

                 Respectfully Submitted

            By: *electronically filed*_____
                Joe M. Romero, Jr.
                Attorney for the Defendant
                1905 Lomas Blvd. NW
                Albuquerque, NM 87104
                (505) 843-9776

This will certify that a true and correct copy of the foregoing was delivered via facsimile and U.S. Mail to counsel for the Government on this 20th of October, 2006

*electronically filed*
Joe M. Romero, Jr.