# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                   No.  05 CR-1849 JH

DANA JARVIS,

     Defendant.

## DEFENDANTS' JOINT MOTION FOR DISCLOSURE AND PRODUCTION OF CONFIDENTIAL INFORMANTS

Defendant Dana Jarvis, by and through counsel, Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court pursuant to Fed. R. Crim. 12 (b)(1), *Giglio v. United States*, 405 U.S. 150 (1972); *Rovario v. United States*, 353 U.S. 53 (1957) for an order directing the government to disclose all information concerning the use of all confidential sources during the investigation and prosecution of this case, including but not limited to the names, addresses, and statements of confidential sources and any consideration, such as promises or inducements, extended to and/or received by any such informant. .

## I.     BACKGROUND

Mr. Jarvis is charged in a multi-count indictment by which twenty-one (21) other individuals have also been charged. The Superseding Indictment [Doc. No. 414] alleges that the twenty-two (22) co-defendants conspired over a twenty-six (26) year period to distribute marijuana for profit between the years of 1990 through 2005. If convicted, Mr. Jarvis faces a mandatory minimum sentence of

thirty (30) years. He is now 56 years old.

On September 21, 2006, AUSA Braun produced government reports of a number of cooperating witnesses in this case identified only as CW1, CW2, CW3, CW4, CW5, CW6, CW8 and CW9[1] . These reports were prepared by governmental agents after interviewing the cooperating witness. The reports show that each cooperating witness participated in the alleged illegal activity, each having a self-described role and understanding of the alleged drug trafficking organization that was unique from the other cooperating witnesses. In the letter attached to the September 21st discovery release, AUSA Braun acknowledged that more cooperating witness reports would be forthcoming. No other reports have been received by Defendant Jarvis as of the filing date of this motion.

## II. INFORMATION SOUGHT TO BE DISCLOSED

Defendant Jarvis may call the confidential sources (CSs) as possible witnesses at the trial in this case. Upon information and belief, the aforementioned CSs may possess exculpatory evidence as to Defendant Jarvis. Defendant requests the disclosure of the following information pertaining to each CS:

1.  Full name and occupation

2.  Whether the informer was a citizen or police informer

3.  What consideration, if any, each CS received or will receive for cooperation and/or testimony. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. V. Mayer*, 556 F.2d 245 (5th Cir. 1977)

4.  Training and experience with drug traffickers

---

1  Although a report was not provided for any cooperating witness identified by the government as CW7, this cooperating witness presumably exists and Defendant Jarvis's motion includes requested information with regards to

5.  Narcotic or controlled substance history and habit.  *United States v. Fowler*, 465 F.2d 4664 (D.C. Cir. 1972); *United States v. Smith*, 692 F.2d 660-661 (10th Cir 1983) (CS's drug history rendered his testimony inherently unreliable);

6.  Psychiatric history.  *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Partin*, 493 F.2d 750, 762-764 (5th Cir. 1074)

7.  Criminal history, including probation and parole status.  *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)

8.  Any and all statements, in addition to the agent reports, that are material to this case and which should be disclosed to Defendant;

9.  Identification of prior testimony

10. Details or disclosure or reports regarding any prior investigations involving each CS or the co-defendant.  *United States v. Cutler*, 806 F.2d 933 (9th Cir. 1986)

### III. ARGUMENT & AUTHORITIES

The determination of whether a defendant is entitled to disclosure of information requires a balancing of the public interest in "protecting the flow of information against the individual's right to prepare a defense." *Rovario* 353 U.S. 53, 62. (1957). In *Rovario*, the defendant was charged with facilitating the transportation and consuming of heroin. The court noted that although the informant was not expressly mentioned in the charge, the evidence was so closely related to the informant as to "make his identity and testimony highly material." *Id*. Information of the type requested in this motion is also subject to disclosure based on Defendant's need to secure material and exculpatory evidence from the CS. A failure of the government to identify and produce the confidential source

---

any CW7.

will deprive Defendant of a fair trial.

Defendant Jarvis is entitled to the aforementioned disclosure because identity of each informant is essential to fair adjudication of this matter. *See United States v. Menoza-Salgado*, 964 F2d 993 (10th Cir. 1992) (relying on *Citing Roviaro v. United States*, 353 U.S. 53, 59 (1957)). The disclosure of each witness is relevant to Mr. Jarvis's case and key to his defense. *Id.* In moving for an order for the requested disclosure, Mr. Jarvis calls upon the Court to consider that 1) Mr. Jarvis's faces a mandatory minimum sentence of thirty (30) years should he be convicted, 2) the government's ability to indict Mr. Jarvis is materially predicated and dependent upon statements made by these confidential informants / witnesses, and 3) Mr. Jarvis 's ability to defend himself against inculpatory statements rests with this requested disclosure. *See id.* Agent reports describe CS participation in the alleged criminal activity that is unique to each CS. *See id.* Because each informant's stated unique involvement gives rise to independent facts that may exculpate Mr. Jarvis, the information sought is not merely cumulative. *See id.* (noting that disclosure is not required if information cumulative or where informer did not participate in the illegal transaction). Because the conditions that would warrant a denial of Defendant's motion are not present while those that would require the court to rule in his favor are, Mr. Jarvis is entitled to the disclosure that he requests. *See id.* ("[W]e agree that the district court must disclose the informer's identity if the individual's testimony might be relevant to the defendant's case and justice would best be served by disclosure.")

Regarding potential impeachment information pertaining to the aforementioned confidential sources, the purpose of *Giglio* and it progeny is to ensure that the jury knows the facts that motivate a witness in giving testimony. *See McCleskey v. Kemp*, 753 F.2d 877, 884 (11th Cir. 1985), *cert. denied,* 501 U.S. 1224 (1991); *see also Giglio*, 92 S.Ct. at  766 (understandings or agreements

between the government and witnesses which may affect the witness' credibility are relevant to the defendant's guilt or innocence). Defendant Jarvis has a right to attack a CS's credibility by cross-examination directed toward revealing motive, prejudice, possible bias, or any improper motivation a CS may have in proffering testimony as the partiality of a witness is always subject to exploration at trial and "is always relevant as discrediting the witness and affecting the weight of his testimony." *See Alford v. United States*, 282 U.S. 687, 691 (1931); A. Wigmore, *Evidence*, § 940 (3d.ed.).

Defendant Jarvis' exposure of a CS's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination, especially as to those cooperating witnesses whose credibility is crucial to the government's case. *See Alford*, 282 U.S. at 691-2; *Davis v. Alaska*, 415 U.S. 308, 316 (1974); *see generally Greene v. McElroy*, 360 U.S. 474 (1959).

**WHEREFORE**, Defendant Jarvis respectfully requests the immediate disclosure of the information set out above as well as an order from this Court permitting a pre-trial interview with the aforementioned Confidential Sources and Sources of Information.

Respectfully Submitted

By:     *electronically filed*
        Joe M. Romero, Jr.
        Attorney for the Defendant
        1905 Lomas Blvd. NW
        Albuquerque, NM 87104
        (505) 843-9776

This will certify that a true and correct copy of the foregoing was delivered via facsimile and U.S. Mail to counsel for the Government on this

5

20th of October, 2006


*electronically filed*
Joe M. Romero, Jr.