**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                      Cr.  No. 05-1849 JH

DANA JARVIS, et al.,

                Defendants.

**<u>ORDER</u>**

      This matter is before the Court on *Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications* [Doc. No. 573].  The issue presented by the motion is whether Defendants are entitled to the production of certain documents and other materials by the Government.  After considering the arguments of counsel, the testimony, and the law, the Court concludes that the motion should be denied in part and granted in part.

      In their motion, Defendants ask the Court to compel the Government to produce seventeen categories of documents and other materials, as enumerated in a letter from attorney Scott Davidson to Assistant U.S. Attorney James Braun dated May 8, 2006.[1]  In the motion, Defendants set forth all seventeen categories of items to which they believe they are entitled, but then fail to discuss in any detail the reasons why they believe the Government must produce items in twelve of those categories. In its response brief [Doc. No. 614], the Government points out this deficiency and argues that the Defendants' requests for production as to these twelve categories should be denied.  Defendants failed to file a reply brief and therefore did not respond to the Government's argument.

---

     [1] For ease of reference, for the purposes of this Order the Court adopts the numbering system adopted by the parties in their correspondence and in their briefs.

In light of the foregoing, the Court concludes that Defendants' motion to compel production of categories 2, 3, 5, 6, 8, 9, 10, 11, 12, 14, 15, and 17 should be denied because Defendants have failed to come forward with a sufficient explanation of the grounds that support their contention that they are entitled to those materials.  Alternatively, Defendants' request to compel production of materials in categories 2, 5, 12, and 15 are denied as moot, as it appears the Government has already produced responsive materials, and because production of additional materials, to the extent they exist, is not required by Rule 16 of the Federal Rules of Criminal Procedure.  Defendants' request to compel production of materials in categories 3, 6, 8, 9, 14, and 17 will be denied because Rule 16 does not provide for the production of those items.  The Court will deny Defendants' request for documents in category 10, with the proviso that in accordance with *Giglio v. United States*, 405 U.S. 150 (1972), the Government must produce to Defendants in a timely manner all evidence that impeaches any Government witness.  Defendants' request to compel production of documents in category 11 will be denied because the Government has stated that it has no documents to produce.

Defendants do discuss five categories of document requests in some detail.  Defendants argue that they are entitled to production of category 1 progress reports, also known as "ten day reports," filed by the Government with the Court that issued the wiretap order.  The Government contends that Rule 16 does not require it to produce these reports, citing *United States v. Chimera*, 201 F.R.D. 72 (W.D.N.Y. 2001), which is not binding on this Court.  However, the Government offers no rationale specific to this case in support of its refusal to produce the reports.  It appears that the Tenth Circuit has not spoken on this issue.  The Court concludes that the Government should produce these reports, and therefore this portion of Defendants' request will be granted.

With regard to category 4, pen register records, the Government has agreed to work with the

Defendants to provide those records.  Accordingly, the Defendants' request for these documents will be denied as moot.

In categories 7 and 13, Defendants have also requested audiotapes, logs, reports, notes, or other records pertaining to law enforcement surveillance pertaining to this case.  The Court finds this request to be overbroad.  Rule 16(a)(2) provides that "reports, memoranda, or other internal government documents" need not be produced.  Thus, the Court will deny these requests as they pertain to logs, reports, notes or other records made by government attorneys or other government agents.  However, the Court finds that surveillance videotapes and audiotapes are materially different than reports, memoranda, or other internal government documents, which—to borrow an analogy from the world of civil litigation—contain the ideas, thoughts and work product of government employees conducting an investigation.  In contrast, videotapes and audiotapes merely record the actions of those persons targeted in the Government's investigations. Furthermore, the Government offers no explanation of why these items should not be produced, discussing only "reports, memoranda, and other internal government documents."  Accordingly, the Government must produce all videotapes and audiotapes requested by Defendants in categories 7 and 13.  In all other respects, Defendants' request is denied.

Finally, the Defendants request all logs and other materials related to the Government's monitoring and minimization efforts, including training for Government agents (category 16). Defendants' request for production of "minimization logs" will be granted, but only to the extent that information exists beyond that which the Government has already produced.  As for the request for records regarding minimization training, the Court will deny Defendants' request for production because such records are immaterial to the question of whether the Government actually violated

Defendants' Title III rights.

**IT IS THEREFORE ORDERED** that, in accordance with the foregoing, *Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications* [Doc. No. 573] is **GRANTED IN PART and DENIED IN PART**.

**UNITED STATES DISTRICT JUDGE**

4