IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, et al., ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO EXTEND DEADLINE FOR FILING WIRETAP RELATED MOTIONS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to defendant Dana Jarvis's "Motion to Extend Deadline for Filing Wiretap Related Motions" as follows:

1.　On August 24, 2006, the court entered the Second Order Setting Deadlines and Declaring Case Complex, which had been submitted to the court by the parties. That stipulated scheduling order set a deadline of October 20, 2006, for the defendants to file motions under Fed. R. Crim. P. 12(b)(3), which would include any motions to suppress evidence. The only suppression motion that was excepted from that deadline was a motion to suppress wiretap evidence, which was to be filed within 30 days of a ruling on the defendants' motion for certain wiretap discovery. At the time the parties submitted the stipulated scheduling order to the court, it should have been abundantly clear to the

defense that they would be filing motions to suppress evidence other than the wiretaps, as the United States had already released reports relating to several seizures of bulk cash and marijuana that had occurred during the course of the wiretap interceptions: the seizure of approximately $233,000.00 from Geno Berthod on March 25, 2005; the seizure of approximately 202 pounds of marijuana from Donald Trujillo on May 20, 2005; the seizure of approximately 1.5 pounds of marijuana from Manuel Gil on July 15, 2005; and the seizure of approximately 123 pounds of marijuana from Russell Trujillo on July 16, 2005. The defendants were also aware of the bulk cash, marijuana, documents, and other evidence that was seized during the execution of search and arrest warrants in New Mexico, Arizona, Ohio, and Indiana on August 25, 2005. While the defense may argue that some or all of this evidence is the fruit of the wiretaps, it is not "wiretap evidence" and any motion to suppress it cannot be properly termed a "wiretap related motion."[1]

    2.    At some point, counsel for Jarvis apparently decided that it would be "an unnecessary waste of budget resources in counsel time" to require them to file motions to suppress the above-described non-wiretap evidence before the court ruled on the defendants' motion for wiretap discovery.[2] This argument is specious – as the parties clearly recognized when they submitted the stipulated scheduling order for the court's

---

[1] Except to the extent that any such motion argues only that the evidence is the fruit of an illegal wiretap. As discussed below, at paragraph 4, the United States submits that such motions should be filed after the court has ruled on the defendants' motion to suppress wiretap evidence.

[2] Jarvis did not file his motion for an extension of time until the day before his motions were due, which has already resulted in a *de facto* extension.

approval, a ruling on the defense motion for wiretap discovery was necessary only for the defense to prepare a motion to suppress the wiretap evidence itself. A ruling on the discovery motion has no direct effect whatsoever on other suppression motions.[3]

3.      Jarvis argues that he is seeking essentially the same type of extension the government requested when it requested permission to respond to Jarvis's motion to suppress a specific call that was intercepted during the course of the wiretaps (Doc. 616). That assertion is simply untrue. Doc. 616 specifically requested the suppression of wiretap evidence, and raised arguments that relate only to wiretaps (i.e., failure to properly minimize and that the call related to a crime not specified in the order authorizing interception). Therefore, it was logical for the United States to respond to that motion when it responded to the defendants' motion to suppress all of the wiretap evidence. That is not the case for motions to suppress non-wiretap evidence.

4.      What Jarvis should be, but is not, requesting is permission to file any motion to suppress non-wiretap evidence that is solely the fruit of the wiretaps after a

---

[3]Thus, it is odd that in his motion Jarvis engages in an irrelevant discussion regarding Scott Davidson not being served with a copy of the United States' response to the defendants' motion for wiretap discovery, implying that the United States intentionally did not serve Mr. Davidson because "he was not considered 'counsel of record.'" (Def. Mot. at 2). To the contrary, when undersigned counsel and Mr. Davidson were discussing why Mr. Davidson had not seen a copy of the United States' response, undersigned counsel suggested that Mr. Davidson (inadvertently) *may* not have been served because the United States did not have him listed as counsel for a specific defendant. Regardless, any failure on the part of the United States to serve Mr. Davidson with a copy of its response to an unrelated defense motion for discovery has absolutely no bearing on whether the defendants should timely file their motions to suppress non-wiretap evidence.

ruling on the motion to suppress the wiretap evidence. Such motions would be necessary only if the motion to suppress the wiretap evidence is granted. If the motion to suppress the wiretap evidence is denied, then there would be no need for any such motions.

5. To the extent the defense will be moving to suppress the above-described non-wiretap evidence on a basis other than that it is the fruit of illegal wiretaps, however, those motions should have been filed as contemplated by the parties on October 20, 2005. If any motion to suppress is based only in part on an argument that it is the fruit of an unlawful wiretap, then Jarvis can simply assert in the motion that if the court suppresses the wiretaps, then that evidence should also be suppressed as a fruit of the wiretaps.

WHEREFORE, the United States respectfully requests that the court deny defendant Dana Jarvis's "Motion to Extend Deadline for Filing Wiretap Related Motions." There is no basis for extending the time for the filing of those motions, and any such extension will unnecessarily risk delaying the start of trial in this matter.

    Respectfully submitted,

    DAVID C. IGLESIAS
    United States Attorney

    */s/ James R.W. Braun*

    JAMES R.W. BRAUN
    Assistant U.S. Attorneys
    P.O. Box 607
    Albuquerque, NM   87103
    (505) 346-7274

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 3rd day of November to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
Zubair Aslamy, Attorney for David Reid
Kari Converse, Attorney for Greg Hill
Martin Lopez III, Attorney for Geno Berthod
D. Penni Adrian, Attorney for Russell Trujillo
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Kirtan Khalsa, Attorney for Sam Jones
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Kenneth A. Gleria, Attorney for Holly Bruner
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

                                            */s/ James R.W. Braun*

                                            JAMES R.W. BRAUN
                                            Assistant U.S. Attorney