IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, et al., ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' RESPONSE TO
DEFENDANT DANA JARVIS'S MOTION FOR SEVERANCE

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to Defendant Dana Jarvis's "Motion for Severance" (Doc. 721).

INTRODUCTION

On August 23, 2005, a federal grand jury in the District of New Mexico returned a twenty-six count indictment in this case against twenty-one defendants. On April 25, 2006, the grand jury returned a superseding indictment against the remaining defendants and eight additional defendants, for a total of twenty-two defendants. All twenty-two defendants were charged in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Ten of those defendants were also charged in Count 3 with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Since the return of the superseding indictment, four more defendants have pled guilty, so that eighteen defendants remain. Exactly half of those defendants are charged in both Count 1 and Count 3.

Under the Federal Rules of Criminal Procedure "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. Rule 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together....They promote efficiency and 'serve the interests of justice' by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). The Rules also provide that "[i]f it appears that a defendant or the government is prejudiced by joinder of...defendants...for trial together, the court *may*...grant a severance of defendants or provide whatever other relief justice requires." Fed. R. Crim P. Rule 14 (emphasis added).

The courts do not look upon severance lightly, however. It "is a matter of discretion and not of right." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro* at 538-539. "[T]he trial court must weigh the prejudice to [the] defendant caused by joinder against the...important considerations of economy and expedition....[T]he defendant must bear a heavy burden of showing...that the joinder...causes actual or threatened deprivation to an individuals's right to fair trial." *McConnell* at 1444-1445 (citations omitted).[1]

---

[1] The defendant cites to *United States v. Casamento*, 887 F.2d 1141 (2d Cir. 1989), for the proposition that ten is the "maximum manageable number of defendants...in a single trial." (Def. Mot. at p. 2). The defendant does not go on to argue "megatrial" issues in his brief and they are not addressed herein. To do so would be premature as it is expected that a number of defendants will plea before trial and it is unknowable at this juncture what the total number of defendants that will be tried together actually is. It is notable, however, that in *Casamento*, the court found that the defendants did not suffer substantial prejudice despite the fact that twenty-one defendants

The defendant seeks severance based on two premises. The first is that he should be severed from co-defendants who have given statements which inculpate him. The second is that he should be severed from co-defendants who would give exculpatory testimony benefitting him in a separate trial, but not in a joint trial. The defendant's motion is solely under Fed. R. Crim. P. Rule 14. The defendant does not contest that he and his co-defendants are properly joined under Fed. R. Crim. P. Rule 8.

DISCUSSION

I.  Severance From Any and All Co-Defendants Who Have Given Inculpatory Statements

The defendant requests that co-defendant Ayla Jarvis and "any other co-defendant whose inculpatory statement may become known during the continued course of discovery review..." (Def. Mot. at p. 4), be severed from his trial. This is an unnecessary measure and should be denied.

Most of the statements the United States intends to introduce in this case are co-conspirator statements and their admissibility will be addressed at the anticipated *James* hearing.[2] While Ayla Jarvis did make a post-arrest statement that inculpated Dana Jarvis,[3] the United States will not seek to admit the portion of her statement that inculpates him at a joint trial. The United States will not attempt to admit any statements in violation of *Bruton v. United States*,

---

were tried together on a sixteen count indictment.

[2] *See* Docs. 707, 725, 729, 731, and 735 - Unopposed Motions for *James* Hearing.

[3] Co-defendant Ayla Jarvis was arrested on August 25, 2005 in Columbus, Ohio. Following her arrest, she waived her *Miranda* rights and described to agents her activities in Columbus. She stated she was there to conduct a marijuana transaction. She also stated that her father, defendant Dana Jarvis was involved in illegal narcotics trafficking activities.

391 U.S. 123 (1968) at trial. If the United States intends to introduce any post-arrest statements where one defendant inculpates another, it will sufficiently redact them as necessary so as not to violate the Sixth Amendment rights of co-defendants. *See Richardson v. Marsh*, 481 U.S. 200 (1987) (holding a defendant's right to confrontation was not violated when a nontestifying co-defendant's confession was admitted after being redacted to eliminate any reference to the defendant's name or existence).

The defendant cites several cases for the proposition that he will be prejudiced by the statements of co-defendant Ayla Jarvis despite any redaction. These cases, read in context, simply do not help the defendant. For instance, in *Hill*, the *unredacted* statements of a co-defendant, inculpating the defendant, were admitted in reliance on the opening statement by the declarant co-defendant's attorney, assuring that the co-defendant would testify in their joint trial. The co-defendant, in fact, did *not* testify, therefore the defendant's right to confrontation was violated. That will not be the case here, as the United States will not attempt to admit the unredacted statements of co-defendants inculpating the defendant.

In *United States v. Green*, 115 F.3d 1479 (10th Cir. 1997), the court found that sufficiently redacted statements, though inferentially incriminating, are admissible under the principles of *Richardson v. Marsh*. While in *United States v. McVeigh*, 169 F.R.D. 362 (D. Col. 1996), the trial court did sever because of the inferences that could be made from the co-defendant's statements and other properly admitted evidence, the severance was essential because the United States refused to redact the defendant's name from the co-defendant's statements due the fact that doing so would strip the statements of all probative value. The ruling in *McVeigh* was not

contrary to *Green*. *McVeigh* presented specific, unique circumstances, not present here, that required severance.

The defendant's reference to *Williamson v. United States*, 512 U.S. 594 (1994) is simply irrelevant. The court's ruling that non-inculpatory portions of confessions are not admissible, though inculpatory portions are admissible, was a ruling on the applicability of Fed. R. Evid. Rule 804 (b)(3) (hearsay exception for statements against interest). What portions of a co-defendants statements may properly be admitted against the co-defendant at trial have no bearing on the disposition of this motion.

The mere fact that a defendant is joined with co-defendants who have made inculpatory statements does not necessitate severance. *See United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990) (holding "*Bruton*...does not hold that defendants in joint trials involving *Bruton* problems are entitled to separate trials."). Even if evidence is admitted against co-defendants which is inadmissible against the defendant, the Tenth Circuit has repeatedly found that limiting instructions to the jury which "specifically indicated that the jurors must consider individually the charges against each defendant and the evidence pertaining thereto, 'leaving out of consideration entirely any evidence admitted solely against the other defendants...[were] proper in preventing prejudice to the moving defendants from evidence introduced against their co-defendants." *U.S. v. Rogers*, 925 F.2d 1285, 1288 (10th Cir. 1991) (citing *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989)). "[J]uries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Therefore, the defendant's motion for severance on this issue should be denied.

II.  Severance From Any Co-Defendant Who Agrees To Waive Fifth Amendment Rights at a Separate Trial and Provide Exculpatory Evidence on the Defendant's Behalf

In order to "avoid a finding of prejudice based upon mere speculation," when a defendant moves the court for severance based on the need of a co-defendant's exculpatory testimony it must be shown that the defendant "would call the co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to the moving defendant." *United States v. Dickey*, 736 F.3d 571, 590 (10th Cir. 1984) (citing *United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977)).

In adopting the prerequisites of the Ninth Circuit, the court in *Dickey* noted that in *Vigil* the defendant had met those requirements by filing "an affidavit with his motion to sever swearing (1) that he intended to call the co-defendant at trial, and (2) that he was informed by the co-defendant's counsel that the testimony given would be favorable to the movant." *Dickey* at 590.  However, in *Dickey*, the Tenth Circuit upheld the trial court's denial of severance because the defendant "did not meet, nor did he attempt to meet, the prerequisites for severing a defendant from a joint trial on the above stated grounds.  Hence, there was no real prejudice shown by [the defendant] which violated his Sixth Amendment right to confrontation." *Id*.

The court further illuminated the standard for consideration of a motion for severance based on potential exculpatory testimony of a co-defendant in *United States v. McConnell*.[4] There the court set forth a list of seven relevant factors:

1) the likelihood that the co-defendant would in fact testify and waive his Fifth

---

[4]*Dickey* and *McConnell* were both decided in 1984 by two separate panels of the Tenth Circuit.  Reading the two cases together provides the most comprehensive understanding of the court's standard for consideration of severance on this issue, as was done by the court in *United States v. Shaw*, 141 F.3d 1186 (10th Cir. 1998) (unpublished).

Amendment privilege;

2) the significance of the testimony in relation to the defendant's theory of defense;

3) the exculpatory nature and effect of such testimony;

4) the likelihood that the co-defendant's testimony would be impeached;
5) the extent of prejudice caused by the absence of the testimony;

6) the effect of a severance on judicial administration and economy;

7) the timeliness of the motion.

749 F.2d at 1445. In that case, the moving defendant included with his motion for severance an affidavit from the co-defendant stating "that if the severance was granted...he [the co-defendant] would waive his Fifth Amendment privilege and give exculpatory testimony at [the defendant's] trial. The affidavit set forth in some detail the testimony [the co-defendant] would give." *Id.* at 1444. As such, the defendant in *McConnell* provided the court with enough information to adequately analyze the value of the testimony in light of the relevant factors.

The defendant here, contrary to *Vigil* and *McConnell* and analogous to the defendant in *Dickey*, has not identified any co-defendants with exculpatory testimony to give, nor has he filed an affidavit stating that he will, in fact, call any particular co-defendant in the event that the trial is severed. He has neither given indication that any co-defendant would in fact testify, nor has he indicated that the testimony would in fact be favorable to him. Nor has he included an affidavit from any co-defendant stating that he/she will waive his/her Fifth Amendment rights upon severance and testify on the defendant's behalf and what the "nature and exculpatory effect" of that testimony will be. Instead, the defendant makes a generalized statement that he has been

denied access to discovery.[5] The United States is not in possession of any co-defendant statements which are exculpatory to the defendant. Nonetheless, even if such statements did exist, *Brady* material is not due to the defendants until January 10, 2007, under the court's scheduling order, a date to which the defendant agreed.

The defendant's request for permission to supplement the motion at a later date is, in itself, an admission that he has failed to provide this court with the information necessary to review the relevant factors and sever based on his need for the exculpatory testimony of any particular co-defendant. Thus, on this issue, the defendant's motion for severance should be denied. If, at some later time, the defendant seeks to present particular facts on this issue, the matter should be addressed at that time. There is no need to speculatively grant permission to supplement this motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

---

[5] The defendant does not state to what discovery he is being denied access. Contrary to his claim, the United States has provided the defendant with reports of interviews of twelve cooperating witnesses, which are not even required to be disclosed under the rules.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney