IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

      No:    05-CR- 1849 (JH)

**DANA JARVIS,**

      **Defendant.**

**DEFENDANT DANA JARVIS' MOTION FOR
FED. R. CRIM. P. 12(b)(4)(B) DESIGNATION BY THE UNITED STATES OF ITS
INTENT TO OFFER EVIDENCE IN ITS CASE IN-CHIEF**

Defendant, Dana Jarvis, through counsel of record Joe M. Romero Jr. and Jody Neal-Post, hereby requests, pursuant to Fed. R. Crim. P. 12(b)(4)(B), that the Government serve specific written notice of its designation of evidence or information in the possession, custody, or control of the Government, which evidence or information the Government intends to use in its case-in-chief at trial. The United States has reviewed this Motion and opposes it.

**Argument & Authorities**

Fed . R. Crim. P.  12(b)(4)(B)[1] provides:

> **At the Request of the Defendant.** At the arraignment or as soon thereafter as is practicable, the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the Government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in Rule 16.

---

[1]     Fed. R. Crim. P. 12(d)(2) read the same and was renumbered 12(b)(4)(B) in 2002.

Rule 12(b)(4)(B) allows a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." *United States v. Anderson*, 2006 U.S. Dist. LEXIS 6692, *4 (D.D.C. 2006)(attch as Ex. A). The purpose of this Rule is to "insure that a defendant knows of the government's intention to use evidence to which the defendant may want to object," which in turn avoids the waste of counsel and judicial resources in motions filed by the defendant to limit evidence the government never intended to use at trial. *Anderson, id.*, *citing* Fed. R. Crim. P. 12 Advisory Committee Note to 1974 Amendment.

"[C]ompliance with such a defense request is mandatory: 'The government, either on its own or in response to a request by the defendant, must notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence.'" *Anderson*, at *4-5, *citing to* Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R. Rep. No. 94-247. In short, the government must provide "the evidence that will appear on the government's exhibit list for trial." *Anderson*, at *5.

Fed. R. Crim. P. 2 requires this Court construe and administer Fed. R. Crim. P. 12(b)(4)(B) and all the rules of criminal procedure to "provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Prompt, complete disclosures by the Government of evidence it intends to offer in its case-in-chief brings about (1) "just determination"; (2) simplicity in procedure; (3) "fairness in administration" and (4) "eliminate(s) unjustifiable expense and delay."

This Court has designated this case as a complex case. Pre-trial notice of evidence the United States intends to present at trial allows the Defendant to anticipate evidentiary issues and file motions in limine in advance of trial such that this Court can render as many evidentiary rulings as

2

possible before the jury is seated. In contrast, the determination of evidentiary issues during trial presents the likelihood of a trial endlessly starting and stopping for evidentiary rulings, with the companion delay inevitably tiring the jury in what will necessarily be a long proceeding by anyone's estimate.

In illustration of the Defendant's dilemma in preparing motions in limine, as of December 12, 2006, Mr. Demarest reported as to the volume of discovery:

> The discovery is in two sections: WIRETAP: Conduit Transcripts (Gov't), Wiretap Synopsis Files (Gov't) and Wiretap Transcripts (In-process transcription by Defense). To date [December 14, 2006] there are 17,933 files comprising 25,219 pages. Of the 11,473 Wiretap audios released by the Gov't, 4,930 have been transcribed by Arlene Keeter/Tina Arrighetti.
>
> NON-WIRETAP: Scanned documents; pleadings, etc. To date there are 1,145 files comprising 33,306 pages. Total Files: 18,078. Total Pages: 58,525.

*Email from Richard Demarest to Jody Neal-Post (Administrative Counsel) dated December 12, 2006.* Additionally, the United States continues to meet its various obligations of disclosure. Administrative counsel was notified by AUSA Braun's office on December 20, 2006 that another "8 inches" of discovery is ready for pick-up as the United States continues to make discovery available as it comes into United States possession, each disclosure increasing the grounds for this 12(b)(4)(B) notice.

Nothing prohibits this Court from requiring the Government to file its witness list reasonably soon after the holiday, while simultaneously designating the evidence it will utilize at trial. The 2002 Committee Comments provide:

> Rule 12(b)(4) is composed of what is currently Rule 12(d). The Committee believed that that provision, which addresses the government's requirement to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).

3

Herein, the United States has provided liberal discovery, but not to the extent of having an "open file policy." However, even an open file policy does not obviate the utility of granting a 12(b)(4)(B) request. As stated by the First Circuit in *United States v. Cruz-Paulino*, 61 F.3d 986, 992 (1st Cir. 1995):

> Díaz-Pérez first argues that the district court erred in holding that the government did not violate Rule 12(d)(2)[2] since it had provided defendants with open-file discovery. We agree. 'To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial.' *United States v. Brock,* 863 F. Supp. 851, 868 (E.D. Wis. 1994). Providing open-file discovery does not satisfy Rule 12(d)(2) because the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case-in-chief at trial.

*Cruz-Paulino*, 61 F.3d 986, 992 (1st Cir. 1995)(some internal quotations removed); *see also Anderson* at *6, n.1.

It is not the intent or purpose of Rule 12(b)(4)(B) that the government simply reply that its 12(b)(4)(B) evidence is contained somewhere within the Rule 16(a)(1) discovery items. Specific identification of Rule 12(b)(4)(B) evidence from among other evidence that may be discovered under Rule 16 is essential to enable the Defendants in a complex case to prepare effectively, to conserve judicial time and resources, and if appropriate, to move for evidentiary rulings in advance.

Mr. Jarvis requests notice and designation of the evidence the United States will present in its case-in-chief, including but not limited to, the following specific evidence pursuant to Rule 12(b)(4)(B):

    (a)    Photographs or diagrams;

    (b)    Summaries of bulky evidence;

---

[2]     Fed. R. Crim. P. 12(d)(2) is the predecessor rule number for 12(b)(4)(b).

(c)   Records of any type;

(d)   Evidence obtained by administrative process or subpoena;

(e)   Evidence obtained by a grand jury subpoena;

(f)   Tape recordings of any type;

(g)   Excerpts of any record or tape recording;

(h)   Evidence obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure;

(i)   Evidence obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant;

(j)   Evidence obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings;

(k)   Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device;

(l)   Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover;

(m)   Evidence relating to the exhibition or display of the Defendant's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency;

(n)   Written, recorded, or oral statements of Defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of the Defendant;

(o)   Tape recordings of communications of others in which Defendant was not a participant so as to provide Defendant an opportunity to move to suppress under Fed. R. Evid. 104, 801(d), 402 and 403;

(p)   Transcripts of tape recordings the Government intends to rely on to provide Defendant an opportunity to compare the transcript with the recording and move in limine regarding any transcripts that are not accurate;

(q)   Tape recordings that are in a language other than English to provide the Defense an opportunity to move in limine as to any interpretation of said tape recording as being inaccurate; and

5

  (r) any other item, discoverable pursuant to Rule 16, that the Government intends to use at trial.

Defendant Jarvis requests that the Government's notice pursuant to Fed. R. Crim. P. 12(b)(4)(B) be separately filed from among the items of other discovery or disclosure that have or may be produced pursuant to Fed. R. Crim. P. 16(a)(1).

WHEREFORE, Defendant Jarvis moves this Court for an Order that the Government file a Fed. R. Crim. P. 12(b)(4)(B) notice within such reasonable time as the Court determines will allow the Defendant time to review such evidence designation and file evidentiary and motions in limine before trial to obtain pre-trial evidentiary rulings regarding the proffered evidence for the United States' case-in-chief.

Respectfully submitted:

*Electronically filed 12/29/06*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 12/29/06*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

I hereby certify that a true and correct copy of the foregoing was faxed to opposing counsel, AUSA James Braun, on December 29, 2006.

*Electronically filed 12/29/06*
_____
Joe M. Romero, Jr.