IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE
TO DEFENDANT DANA JARVIS'S "MOTION FOR
FED.R.CRIM.P. 12(b)(4)(B) DESIGNATION BY THE UNITED
STATES OF ITS INTENT TO OFFER EVIDENCE IN ITS CASE-IN-CHIEF"

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to defendant Dana Jarvis's "Motion for Fed.R.Crim.P. 12(b)(4)(B) Designation by the United States of its Intent to Offer Evidence in its Case-in-Chief."

In his motion, Jarvis requests notice, pursuant to Fed. R. Crim. P. 12(b)(4)(B), of the evidence the United States intends to introduce in its case-in-chief at trial in this matter. Rule 12(b)(4)(B) provides:

> At the arraignment *or as soon afterward as practicable*, the defendant may, *in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C)*, request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

(Emphasis added).

There is little case law interpreting this rule, and none from the Tenth Circuit. It is clear from the rule, however, that the defendant's request must be timely. In this case, Jarvis's request was filed on December 29, 2006, approximately eight months after his arraignment on the superseding indictment, and well over a year after his arraignment on the initial indictment. Jarvis's request should be denied for the simple reason that it is untimely.

Going hand-in-hand with the untimeliness of Jarvis's request is that the purpose of the rule is to allow a defendant "an opportunity to move to suppress evidence under Rule 12(b)(3)(C)." Rule 12(b)(4)(B); *see also United States v. Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) (stating that the rule "aids defendants in complying with their Rule 12(b)(3) obligation to make motions to suppress evidence prior to trial").[1] Pursuant to the stipulated scheduling order, all defense motions under Rule 12(b)(3), except for a motion to suppress wiretap evidence, were due by October 20, 2006. Quite simply, the time for the purpose of Rule 12(b)(4)(B) to be effectuated has come and gone.[2]

---

[1] Jarvis, however, is attempting to use the rule for a different purpose – "to anticipate evidentiary issues and file motions in limine in advance of trial," (Def. Mot. at 2).

[2] The fact that the defendants have filed a motion for an extension of time to file all "wiretap-related" motions to suppress (Doc. 708) does not change this conclusion. Wiretap interceptions in this case were conducted between approximately March 4, 2005, and August 25, 2005. Although the parties dispute what evidence should properly be deemed to be "wiretap-related," it is beyond dispute that the United States seized evidence that it intends to introduce at trial prior to the initiation of the wiretaps in this case. *See, e.g.,* Ayla Jarvis's "Motion for [sic] Suppress Evidence from Illegal Traffic Stop and Search on October 28, 2004 in Bloomington, Indiana" (Doc. 715). Moreover, the evidence seized during a traffic stop of CW1 on May 20,

As a substantive matter, the United States also opposes Jarvis's motion to the extent it appears to demand a description of how the government's evidence was obtained, or that the requested notice be broken down by type of evidence. (*See* Def. Mot. at 4-6). Rule 12(b)(4)(B) does not require such specificity.

Given the late filing of Jarvis's request and the stage of these proceedings, it appears that Jarvis is simply seeking an exhibit list from the United States. In that regard, the United States does not oppose the court entering an order directing the parties to exchange exhibit lists fifteen working days before trial, as opposed to the court's standing pretrial deadline of five working days before trial.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny defendant Dana Jarvis's "Motion for Fed.R.Crim.P. 12(b)(4)(B) Designation by the United States of its Intent to Offer Evidence in its Case-in-Chief."

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

---

2005, during the course of the wiretap interceptions, was not seized as a result of the wiretaps.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of January, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant Dana Jarvis, to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney