**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.

                                                                   **CR No. 05-1849 JH**

**DANA JARVIS,**

      **Defendant.**

## DEFENDANT JARVIS' MOTION FOR LEAVE TO SUBSTITUTE *RES* FOR REAL PROPERTY & LIQUOR LICENSE NUMBER 2599

Comes now the Defendant, Dana Jarvis, through counsel, Joe M. Romero, Jr. and Jody Neal-Post, and hereby requests this Court's approval of a substitution *res* for the real property known as Harlow's and liquor license no. 2599, to prevent the properties of the Defendant from wasting pre-trial. Mr. Jarvis states as follows.

### I. Introduction

The United States has encumbered Mr. Jarvis real and personal property as named above, as such property is alleged to be criminally forfeitable in the sentencing process, should Mr. Jarvis eventually be convicted of any or all of the crimes as alleged in the Superceding Indictment. *See United States v. Dean*, 835 F. Supp. 1383, 1394 (D. Fla. 1993)("a criminal forfeiture may only be commenced following a criminal conviction") *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir. 2001)("It is beyond doubt that criminal forfeiture is part of a defendant's *sentence*.")(emphasis added).

The property Harlow's is presently subject to waste, which defeats the congressionally mandated responsibility of the United States to protect potentially forfeitable property. The United States has acknowledged its custodial responsibility to these particular *res* earlier in these proceedings, when it attempted to obtain a court order forcing an interlocutory sale. In its *Motion for Interlocutory Sale*, the United States asserted:

> …an interlocutory sale of the property by the United States Marshals Service provides the best means of maximizing and preserving the equity in the property, based upon its own allegation that 'the property is now subject to waste, deterioration and decay. If such sale occurs in the near future,' the United States continued, 'before the property deteriorates or is perhaps destroyed, the sale should generate sufficient funds to satisfy First State Bank's Mortgage and provide additional proceeds which can be held by the United States Marshall's Service pending final judgment in this case.'

*Doc. 664*, ¶ 7.

Since the United States penned this support for an interlocutory sale, the previous lessee of Harlow's, Mr. Lambros, has been forcibly arrested in his own home stormed at 5:30 am, held without bond for months, mysteriously seen his case assigned a special prosecutor, the former district attorney Mr. Robert Schwartz, lost all his possessions and then was unceremoniously released after all "charges" stemming from the August 31, 2006 arrest were dismissed against him on February 28, 2007. *See* nmcourts.com, Case Look-up, Case No. 202 CR 06-04361, *State v. James Lambros*. The property Harlow's has never been occupied since Mr. Lambros' arrest, and has wasted.

First State Bank has noticed a foreclosure of its loan against the liquor license. *See Attch. A*. The thirty day grace period on the Notice has run. The United States

2

refuses through AUSA Kotz to even consider terms upon which to lift the *lis pendens* encumbering a sale of the real property Harlow's, despite Mr. Jarvis having a purchaser ready to purchase the property.  *See Attachment B.* The property is wasting.

Due to the impending foreclosure, Mr. Jarvis is filing this Motion with a draft proposal of what should occur with the proceeds of the impending sale, should the United States clear the title and allow the sale by agreeing to remove the *lis pendens* at closing. *See Attachment C.*

## II.  Legal Argument & Authorities

Mr. Jarvis is the title owner of the property at issue. As current owner of this property until judgment of forfeiture is entered, Mr. Jarvis is entitled to his rents from this property to pay his legitimate expenses, including child support, pursuant to *James Daniel Good.*  S*ee Shelden v. United States*, 7 F.3d 1022, 1027 (Fed. Cir. 1993) ("Title to forfeited property transfers to the United States upon entry of a judgment of forfeiture."), *citing United States v. Stowell*, 133 U.S. 1, 17, 33 L. Ed. 555, 10 S. Ct. 244 (1890); *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1316 (10th Cir. 1994)(entitlement to rents for *Good* violation). Reasonable freedom to manage his own property includes Mr. Jarvis being free to sell it to prevent waste, as long as the United States retains an adequate substitute *res* from the proceeds of any sale.

Factually, any waste in a property law sense occurring to the property known as Harlow's has undisputedly occurred after the United States inserted itself into the management of the property via the protective order alleging to protect the interests of all involved.  The insertion of the United States created barriers to communication between lessor and lessee and interfered in their rights to freedom of contract. The blocking of the

3

impending sale now can only create additional waste in a lowered realization of profit should the property be foreclosed upon. Waste is not without negative consequence to either Mr. Jarvis or the United States. *See e.g. United States v. 1461 W. 42nd St.*, 251 F.3d 1329 (11th Cir. 2001)(problem of remedy for government waste of property); *United States v. Abner,* 231 F. Supp. 2d 1181, 1182-86 (D. Fla. 2002)(issue of governmental waste of properties in its care).

In *United States v. Stewart,* the court found that since the amount received by the United States in a property sale goes directly to a defendant's restitution responsibilities at sentencing if a defendant is convicted, the government cannot waste properties and then cry deficiencies in restitution. *Stewart*, 185 F.3d 112 (D. Pa. 1999)(1999 U.S. Dist. LEXIS 10160, *7-10).

It is Mr. Jarvis who may be subject to restitution as a condition of sentencing. It is Mr. Jarvis' children's child support that could be paid from a maximum profit sale of the property pre-foreclosure. Mr. Jarvis seeks only to pay legitimate debts from the proceeds of any sale cleared by release of the lis pendens- his federal and state income taxes, his child support, the normal closing costs of the sale, payoff of the First State Bank loan, ect., with the balance remaining agreed to be held by the United States pending resolution of Mr. Jarvis' criminal charges via trial or plea.

The cases cited above illustrate the difficulty for the courts in fashioning any remedy for waste perpetrated by the government pre-trial. Based upon the presumption of innocence Mr. Jarvis now enjoys, Mr. Jarvis is entitled to manage his own property unless and until judgment of conviction is entered against him, subject to reasonable restraint by the United States to protect the *res* from waste. Such allowance to Mr. Jarvis

4

also eliminates any possibility later of allegations by Mr. Jarvis of likely unredressable governmental waste or loss of the properties, or the accrual of *Bivens* claims against individual federal actors. *See Clymore v. United States (Clymore III),* 415 F.3d 1113, 1120 (10th Cir. 2005)(if the United States lost possession of the property, sovereign immunity prevented monetary damages to the claimant).

### III.  Defense Counsels' Filing During the Present Procedural Posture of a Stay

Undersigned counsels have extensively researched the unique procedural posture of this case, with the lead defendant stayed and the multiple co-defendants continued, to little clarity.  The present procedural posture is simply unique and unrepresented in federal case law, such that counsels are without the guidance of published authority.

As a general matter, in the face of a stay occasioned by a collateral order appeal, this District Court retains jurisdiction of all matters tangential to the matter before the Circuit Court.  Arguably herein, the ultimate issue on appeal is whether Mr. Jarvis has constitutionally adequate counsel pursuant to *United States v. Gonzales-Lopez*. Under this characterization undersigned may be infringing upon the matter before the Circuit court in providing representation and therefore may technically be without the authority to proceed on the Defendant's behalf in this Motion.

Despite this recognition, undersigned have chosen to file this Motion on the Defendant's behalf choosing to err if they must on the side of having provided effective assistance to this criminal defendant on all his criminal matters as his court appointed counsel of record, as the matter of the Defendant's property being criminal forfeiture proceedings is encompassed within the duties required of counsel in their CJA appointments.

**Conclusion**

Mr. Jarvis seeks to sell his own property with agreement or Court order to the United States to lift the *lis pendens* at closing. Mr. Jarvis has proposed a distribution of proceeds for lawful and legitimate ends and seeks to have the United States receive the proceeds at closing, allow the agreed upon disbursements and then hold the remaining proceeds of the sale as the substitute *res* pending the resolution of the criminal charges against Mr. Jarvis

Respectfully submitted by:

*ElectronicallyFiled*

By_____
Joe M. Romero, Jr., Attorney for Mr. Jarvis
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

*ElectronicallyFiled*

By_____
Jody Neal-Post, Attorney for Mr. Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268.7263

I hereby certify that a true and correct copy of the foregoing pleading was faxed to opposing counsel this first day of May, 2007.

*Electronically Filed*

_____
JOE M. ROMERO, JR.