1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              NO. CR-05-1849 JH

DANA JARVIS,

    Defendant.

---

TRANSCRIPT OF PROCEEDINGS
January 19, 2006

BEFORE: THE HONORABLE JUDITH C. HERRERA
       United States District Judge

A P P E A R A N C E S

For the Plaintiff:

James R.W. Braun
Stephen R. Kotz
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103

For the Defendant:

Judith A. Rosenstein
Attorney at Law
P. O. Box 25622
Albuquerque, NM  87125-0622

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228

1
2        THE COURT:  Please be seated.
3        We're on the record in U.S.A. versus Jarvis,
4   CR-05-1849.
5        MR. BRAUN:  Good morning again, Your Honor.  James
6   Braun and Steve Kotz on behalf of the United States.
7        THE COURT:  Mr. Braun, Mr. Kotz.
8        MS. ROSENSTEIN:  Judith Rosenstein on behalf of Mr.
9   Jarvis.  Also present at the table are Mr. Gorence and Mr.
10  Kennedy.
11       THE COURT:  All right.  I think we're going to take
12  up the motion for, motion to withdraw, Miss Rosenstein.
13       MS. ROSENSTEIN:  Your Honor, the main reason that I'm
14  making this request is the fact that I don't believe that my
15  office is capable of handling complex cases at this time.
16  When we had to renew our application for CJA work about a year
17  or so ago I did not apply or request to be put on a complex
18  case calendar; I was, nonetheless.  The reason I didn't is
19  because I do not have a staff.  I don't have a secretary, I
20  don't have a runner, I don't have any staff at all.  And when
21  I was assigned to this case I had no idea about how complex it
22  really was.  And, in fact, if I were to stay on this case I
23  would pretty much have to give up all my other work.  And I
24  have, since leaving the Public Defender's Office I've been
25  trying to cut back on the work as it is.  But this case is

1  massive, Mr. Jarvis is the lead defendant in the case there
2  are more allegations against him than anyone.  There is a lot
3  of forfeiture issues and so on and so forth.  So I just
4  believe that if I were forced to remain in the case that it's
5  conceivable, from no fault of my own, but I'm concerned about
6  how effective I could possibly be under the circumstances with
7  no staff.  Now, I know I've asked for, and the Court has now
8  approved of, various additional assistance on the case,
9  however, I still believe that my circumstances are such that I
10 am not an effective counsel for Mr. Jarvis.
11         The other point I wanted to make was, I have spoken
12 to several attorneys who are on the complex litigation list
13 for CJA.  Initially I thought Mr. Gorence would be able to,
14 but I am disabused of that notion.  However, both Billy
15 Blackburn and Joe Romero have indicated to me that they would
16 be willing to take such a case.  They're both on the complex
17 litigation calendar.  The reason I did this is because I
18 wanted to make sure that Mr. Jarvis had counsel that had
19 staff, that had experience in doing this kind of thing, and
20 both of these gentlemen are highly thought of and have done
21 this type of work and believe that they could do it.
22         I also wanted the Court to be assured that they're --
23 and of course the Court can appoint whomever the Court feels
24 is appropriate if I am allowed to withdraw, but I wanted to be
25 able to supply some names to the Court of people on the

1    complex litigation calendar who are willing to take it and are
2    willing to take it immediately. That's pretty much -- and I
3    believe that my client agrees that that this is not the, I'm
4    not the appropriate counsel for him under all the
5    circumstances.
6         THE COURT: I would note that I did receive a letter
7    from Mr. Jarvis dated December 18, 2005 requesting other
8    counsel.
9         MS. ROSENSTEIN: Okay. Thank you.
10        THE COURT: Mr. Braun, anything on behalf of the
11   government?
12        MR. BRAUN: The government has no objection to Miss
13   Rosenstein's request.
14        THE COURT: I will grant Miss Rosenstein's motion to
15   withdraw and will refer the matter to the magistrate for
16   appointment of other counsel.
17        Other issue in this case deals with defendant
18   Jarvis's motion to release assets and for leave to retain
19   counsel. And I've reviewed that motion. I've reviewed the
20   government's motion to strike the motion. If you would like
21   to comment on either of the motions I'll give you the
22   opportunity to do so.
23        MR. GORENCE: Your Honor, to cure the government's
24   motion to strike, Mr. Kennedy and I would file, and would file
25   in open court, a limited entry of appearance and seek leave

1   for you to approve that to the extent that we can litigate the
2   motion that's been filed.  I've provided a copy to the
3   government to cure the local rule, I would file it in open
4   court, and at least allow Mr. Jarvis to have a meaningful
5   Sixth Amendment right to retain counsel of his choice, which
6   would then get into the merits of the motion we've filed with
7   regard to a Jones hearing.  And I can address that in some
8   detail in terms of a suggestion that how this indictment is
9   structured, but I see Mr. Braun is up and will defer to that,
10  at least on the jurisdictional issue, do we have standing, Mr.
11  Kennedy and I, to even argue this.
12          THE COURT:  All right.  Mr. Braun.
13          MR. BRAUN:  Well, Your Honor, I don't think that Mr.
14  Gorence's limited entry of appearance cures the first defect
15  and resolves the government's motion to strike.  First the
16  Court needs to rule under Local Rule 44.1(g) on whether to
17  allow this limited entry of appearance.  If it does, the
18  motion should still be stricken.  The clerk's office should
19  have never accepted it for filing.  Mr. Gorence should have
20  never filed it without first obtaining leave of the Court.  He
21  can then refile his motion if the Court grants his limited
22  entry of appearance.
23          But on the issue of whether to grant that limited
24  entry of appearance, I would note that in his letter to the
25  Court Mr. Jarvis listed several attorneys that he would be

comfortable representing him, including Mr. Gorence and Jackie Robins, both of whom are on the CJA panel. And Mr. Gorence has indicated that he has the time to take this type of case, he's on the CJA panel, the Court can simply appoint him or the Court can simply appoint Jackie Robins, who Mr. Jarvis has also indicated he would be comfortable with, or the two lawyers that Miss Rosenstein mentioned, Billy Blackburn or Joe Romero, and that would solve this whole problem by just appointing those. So I don't think the Court needs to grant the limited entry of appearance, it can simply appoint an attorney on the CJA panel who is competent to handle this type of case.

    MR. GORENCE: Your Honor, to answer that, and I think obviously the Sixth Amendment contemplates counsel of choice if an individual has the wherewithal to hire counsel. I, notwithstanding Miss Rosenstein's motion, I think there was a communication snafu, but I was not interested in this case as a CJA matter. I have informed the clerk's office that I'm on the panel but I don't do narcotics cases across the board on a CJA matter. In fact, the last one I had was with Mr. Braun and I have indicated that I would rather, actually in my mind, just do Native American cases and things of that nature. So I'm not interested as a CJA representation but, more fundamentally, Miss Rosenstein is absolutely correct in looking at the breadth of this indictment. The -- what's at

1  stake in this case for Mr. Jarvis, and it's not only my
2  opinion but it's my colleague's Mr. Kennedy, that Mr. Jarvis
3  needs the services of both of us to represent him on this
4  continuing criminal enterprise indictment among other charges
5  and with the serious ramifications, and we're of the belief
6  that Mr. Jarvis has the financial wherewithal to hire us if
7  the Court were to grant the motion to release assets that have
8  been seized.
9       The structure of the indictment, Your Honor, has,
10 well, there's numerous property, both personal property and
11 real estate, that has, the government has indicated it either
12 seeks to forfeit as directly traceable or as substitute
13 assets.  I think preliminarily with regard, you can see from
14 the indictment, the Mora County property that the government
15 has filed les pendens on under the theory that if they are
16 successful in obtaining the money judgment, those are
17 substitute assets preliminarily, without even showing that
18 they are traceable, those ought to be released and this Court
19 ought to order the les pendens removed so that Mr. Jarvis can
20 retain counsel of his choice.  And it's not --
21      THE COURT:  Before we get to that issue let me just
22 say that I did refer to the fact that I reviewed the letter
23 submitted by the defendant and I did note, in reviewing that,
24 there are are a number of lawyers that he indicated he would
25 consider to be appropriate to defend this case.  So what I'm

1  going to do is, I'm going to basically take it one step at a
2  time.  I'm going to, as I indicated, not only allow Miss
3  Rosenstein's withdrawal, but he will be appointed other CJA
4  counsel.  What I'm going to do then is let his new counsel
5  review this issue and we can take up the issue of releasing
6  assets at a later time.  So that's what I'm going to do.
7          MR. JARVIS:  May I speak, please?
8          THE COURT:  You may speak through Miss Rosenstein,
9  she's representing you today but she will be withdrawing.
10         MS. ROSENSTEIN:  Mr. Jarvis wants the Court to know
11 that he is the defendant and he would very much like to be
12 able to retain Mr. Gorence and Mr. Kennedy in this matter with
13 his own personal funds, which will save the government a lot
14 of money.
15         THE COURT:  Well, what we're going to do is, we're
16 going to get new counsel appointed and then that's an issue
17 that you and your new counsel can take up.  And we're going --
18 and that's the way I'm going to proceed in this matter.
19         Anything else?
20         MR. BRAUN:  Not for the government, Your Honor.
21         MS. ROSENSTEIN:  Does the Court want me to submit an
22 order on my motion?
23         THE COURT:  I have a draft order.
24         MS. ROSENSTEIN:  Oh, okay.
25         THE COURT:  Let me show it to you.  And it is a

1  draft, but if it meets with both of your approvals you can let
2  me know and I'll enter it.  So I'll let you review that.
3       MR. BRAUN:  I guess, Your Honor, my only question
4  would be whether the government's motion to strike was then
5  granted and the resolution of the limited entry of
6  appearance?
7       THE COURT:  I'm sorry, Mr. Braun.
8       MR. BRAUN:  Just for the record, whether the
9  government's motion to strike Mr. Gorence's motion is granted
10 and the resolution of the limited entry of appearance.
11      THE COURT:  Well, I will grant the motion to strike,
12 however, I recognize that I, as I've indicated, the motion can
13 be revisited after new counsel is appointed.  So I think it's
14 up to -- so you all are free to submit another motion,
15 obviously.
16      Anything else?
17      MR. BRAUN:  Not for the government.
18      MS. ROSENSTEIN:  No, Your Honor.  Thank you.
19      THE COURT:  All right, we'll be in recess.
20      (Court stood in recess.)
21
22
23
24
25

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228

REPORTER'S CERTIFICATE

I, PAUL BACA, a court reporter for the United States, do hereby certify that I reported the foregoing case in stenographic shorthand and transcribed, or had the same transcribed under my supervision and direction, the foregoing matter and that the same is a true and correct record of the proceedings had at the time and place.

I FURTHER CERTIFY that I am neither employed by nor related to any of the parties or attorneys in this case, and that I have no interest whatsoever in the final disposition of this case in any court.

WITNESS MY HAND this 8th day of December, 2006.

_____
Official Court Reporter

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228