IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,                )  | |
|                                                                  ) | |
|            Plaintiff,                                     ) | |
|                                                                  ) | |
|      vs.                                                    ) | Cr. No. 05-1849 JH |
|                                                                  ) | |
| DANA JARVIS,                                       ) | |
|                                                                  ) | |
|            Defendant.                                 ) | |

UNITED STATES' RESPONSE TO DEFENDANT DANA
JARVIS'S "MOTION TO SEAL PROCEEDINGS RELATED TO
ATTORNEY-CLIENT ISSUE REGARDING ROBERT GORENCE"

The United States hereby responds to defendant Dana Jarvis's "Motion to Seal Proceedings Related to Attorney-Client Issue Regarding Robert Gorence" (Doc. 1090).

1.    The United States opposes the use of a "special master" to conduct any proceedings relating to the existence of an attorney-client relationship between attorney Robert Gorence and defendant Jarvis. Rule 44(c), Fed. R. Crim. P., clearly contemplates that these types of proceedings should be conducted by the court. *In re Merriam*, 250 B.R. 724 (Bkrtcy.D.Colo. 2000), cited in Jarvis's motion, does not support Jarvis's request for a special master. That case involved a dispute over the scope of an attorney's representation in a bankruptcy proceeding. The portion of *In re Merriam* quoted in Jarvis's motion relates to a discussion of the duties owed by an attorney to a client, as opposed to those owed to the court. *Id.* at 736. As Jarvis acknowledges (Def. Mot. at

¶4), however, the issue in this case involves Mr. Gorence's duties to the court, which "are actually duties owed to the legal system." *In re Merriam*, 250 B.R. at 736. It is for this court, not a special master, to decide whether Mr. Gorence established an attorney-client relationship with Jarvis and, if so, whether that relationship should preclude Mr. Gorence from representing co-defendant Dennis Wilson.

      2.     The United States opposes the sealing of these proceedings or any related pleadings, except to the extent necessary to protect attorney-client privilege or confidential information or to prevent defense strategy from being revealed. *See United States v. McVeigh*, 119 F.3d 806, 811 ("It is clearly established that court documents are covered by a common law right of access. Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure.").

      3.     Jarvis has cited to no authority in support of his request for the court to order the United States "to utilize a special prosecutor and 'Chinese Wall'" in any proceeding related to Wilson's motion. In any event, as discussed in the "United States' Response to Defendant Wilson's "Motion to Determine Whether an Alleged Conflict of Interest Exists with Robert J. Gorence's Representation of Dennis Wilson" (Doc. 1117), the United States requests that the court hear evidence relating to defendant Wilson's motion *in camera*. Under that procedure, no attorney-client privileged or confidential information or defense strategy will be revealed to the government.

        Respectfully submitted,

        LARRY GOMEZ
        United States Attorney

        */s/ James R.W. Braun*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the defendant to be served by electronic means.

        */s/ James R.W. Braun*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney