IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO "DEFENDANT DANA
JARVIS'S APPEAL TO THE DISTRICT COURT OF THE CHIEF
MAGISTRATE JUDGE'S REPORT ON ORDER OF DESIGNATION"

The United States hereby responds to "Defendant Dana Jarvis's Appeal to the District Court of the Chief Magistrate Judge's Report on Order of Designation" (Doc. 1182).

1.  On December 7, 2007, the Court entered an order under 28 U.S.C. § 636(b)(1)(A) designating Chief United States Magistrate Lorenzo F. Garcia "to conduct an *in camera* review of the material set forth in [Defendant Jarvis's] privilege log for the purpose of determining whether the materials detailed in the privilege log rebut or impeach Mr. Gorence's testimony that he would not have represented Defendant Jarvis if the Court had released only Jarvis' Mora County property."  Doc. 1158 at 2.

2.  On December 14, 2007, Judge Garcia issued his "Magistrate Judge's Report on Order of Designation."  Doc. 1166.  In that report, Judge Garcia found "that Robert

Gorence's testimony at the November 20, 2007 hearing before Judge Herrera, to the effect that he would not have taken on representation of Jarvis if the Mora property alone were released, is not impeached by the materials submitted for *in camera* inspection." *Id.* at 6.

3. On December 26, 2007, Jarvis filed his "appeal" of Judge Garcia's report. In his pleading, Jarvis alleges that Judge Garcia made two errors which should cause this Court to "revisit his decision." Doc. 1182 at 3.

4. Jarvis's first claim of error relates to his assertion that Judge Garcia "notes that Mr. Gorence and Paul Kennedy filed a motion and appeared in court in an effort to have all of the various properties released." *Id.* at 2 (citing Doc. 1166 at 4) (emphasis in original). Jarvis asserts that this is error because the motion to release assets filed by Mr. Gorence and Mr. Kennedy on January 9, 2006 requested "not the release of all the properties, but for a *Jones* evidentiary hearing at paragraphs 2, 5 and in the prayer ...." *Id.* (emphasis in original). Jarvis's attempt to restrict the scope of the motion is unavailing; the purpose of requesting a *Jones* hearing was clearly to obtain the release of property. As Mr. Gorence testified, "the motion was framed very explicitly to deal with assets outside of just the Mora property." 11/20/07 Tr. at 61. Moreover, this Court has already reached the same conclusion in describing the January 9, 2006 motion to release assets: "That motion expressly asserts that Mr. Gorence and Mr. Kennedy would represent Defendant if the Court released all of those assets." Doc. 1145 at 2 (emphasis in

original).  Therefore, Judge Garcia's finding is not clearly erroneous.

5. On cross-examination at the November 20 hearing, Mr. Gorence testified that he did not recall having received documents from Jarvis.  11/20/07 Tr. at 62.  In his report, Judge Garcia stated, "While it appears that Jarvis did deliver an envelope to Gorence, the contents of the envelope were concerned primarily with information concerning ownership and value of properties or assets."  Doc. 1166 at 4-5.  Judge Garcia found that evidence that Mr. Gorence received an envelope from Jarvis "does not impeach the key point of Gorence's testimony that he would not have undertaken representation of Jarvis even if the Mora property, by itself, had been released."  *Id.* at 5 n.2.

Jarvis asserts that "the law does not require that a party directly refute a particular statement by a witness to have impeached the witness."  Doc. 1182 at 3.  While that assertion may be true, it ignores the limited inquiry that Judge Garcia was designated to make.  Judge Garcia was not asked to determine whether any of the materials listed in the privilege log impeached Mr. Gorence in general; he was asked to determine whether any of those materials "rebut or impeach Mr. Gorence's testimony that he would not have represented Defendant Jarvis if the Court had released only Jarvis' Mora County property."  Doc. 1158 at 2.  That is exactly what Judge Garcia did.  He found that the evidence that Jarvis gave Mr. Gorence an envelope did not specifically impeach (i.e., rebut) Mr. Gorence's testimony that he would not have represented Jarvis if the court had

released only Jarvis' Mora County property.  That finding is not clearly erroneous.

                                          Respectfully submitted,

                                          LARRY GOMEZ
                                          United States Attorney

                                          */s/ James R.W. Braun*

                                          JAMES R.W. BRAUN
                                          Assistant U.S. Attorney
                                          P.O. Box 607
                                          Albuquerque, New Mexico  87103
                                          (505) 346-7274


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 15th day of January, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the defendant to be served by electronic means.

                                          */s/ James R.W. Braun*

                                          JAMES R.W. BRAUN
                                          Assistant U.S. Attorney