IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

v.                   Cr. No. 05-1849 JH

**DANA JARVIS, et. al,**

  **Defendants.**

### ORDER AFFIRMING MAGISTRATE JUDGE'S RULING
### REGARDING IMPEACHMENT OF ATTORNEY ROBERT GORENCE

  This matter comes before the Court on an appeal by Defendant Dana Jarvis regarding a decision by Chief United States Magistrate Judge Lorenzo Garcia. After considering the arguments of counsel, the briefs, the law, and the facts, the Court concludes that Judge Garcia's decision is not clearly erroneous or contrary to law. Accordingly, the Court affirms his decision, and the appeal will be denied.

### **LEGAL STANDARD**[1]

  Pursuant to Federal Rule of Civil Procedure 72(a), the Court will modify or set aside a portion of a magistrate judge's order only if it finds that order to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); *Comeau v. Rupp*, 142 F.R.D. 683, 684-85 (D. Kan. 1992). An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City*

---

[1] The Court set forth a more detailed discussion of the applicable legal standard, as well as the procedural history of this case, in another Order filed contemporaneously with this Order.

*of Bessemer City*, 470 U.S. 564, 573 (1985); *United States v. Markling*, 7 F.3d 1309, 1319 (7th Cir. 1993) (a factual finding is clearly erroneous "only if that finding strikes us as wrong with the force of a five-week old, unrefrigerated dead fish").

## DISCUSSION

In his *Appeal to the District Court of the Chief Magistrate Judge's Report on Order of Designation* [Doc. No. 1182], Jarvis appeals the Magistrate Judge's determination [Doc. No. 1166] that certain materials, which he viewed in camera, do not impeach particular testimony of attorney Robert Gorence ("Gorence") given at a hearing before the undersigned District Judge on November 20, 2007. At that hearing, Gorence testified solely on the question of whether he would have undertaken to represent Jarvis if the notice of lis pendens on Jarvis' Mora, New Mexico property had been released while Jarvis' other assets remained frozen. Gorence testified that he would not have undertaken the defense of Jarvis if the Mora property alone were released because the value of that one piece of property would not have been sufficient to pay the legal fees for himself and his co-counsel, Paul Kennedy. Jarvis disputes Judge Garcia's determination that the materials Jarvis provided do not impeach Gorence's testimony, arguing that the Magistrate Judge's ruling is clearly erroneous or contrary to law. The Court disagrees.

First, Jarvis disputes Judge Garcia's observation that in Gorence's motion filed ostensibly on behalf of Jarvis [*see* Doc. No. 314], Gorence requested the release of all of Jarvis' properties that were subject to a notice of lis pendens or otherwise restrained by the Government. According to Jarvis, the only relief that Gorence requested in his motion was an evidentiary hearing pursuant to *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998).[2] However, that is an inaccurate

---

[2] In *Jones* the Tenth Circuit held that due process requires a postrestraint, pretrial hearing when a defendant challenging restraint of allegedly forfeitable assets demonstrates that she has

description of Gorence's motion. The title of the document plainly states, "Dana Jarvis' Motion to Release Assets and For Leave to Retain Counsel," making it clear that the relief sought is the release of assets. In addition, the first sentence of the motion clearly states the purpose of the motion and the relief sought: Jarvis "moves this Court to release assets to allow Defendant to retain defense attorneys." Though the motion invokes the procedural mechanism of a *Jones* hearing, by its express terms the motion seeks much more than just a *Jones* hearing. It seeks the release of Jarvis' assets so that he may retain private counsel. In other words, if Gorence's motion had not violated the Local Rules and this Court had opted to hold a *Jones* hearing, the mere fact that the Court held the hearing would not have mooted Gorence's motion. Indeed, the *Jones* hearing would have resulted in a substantive decision on Gorence's motion to release assets.[3]

Jarvis also contends that the written motion implies that Gorence would have entered his appearance for Jarvis upon the release of only the Mora properties. However, Paragraphs 4 and 5 of Gorence's motion clearly state that he seeks a hearing to determine that the Government improperly restrained both the real property in Mora County as well as all of Jarvis' other assets, including bank accounts and real property in other locations. Nothing in the motion indicates that Gorence would have accepted the representation of Jarvis if only the Mora property had been released. In short, the Court agrees with Judge Garcia's conclusion that Gorence's motion sought the release of all of Jarvis' assets.

---

no assets, other than those restrained, with which to retain private counsel and provide for herself and her family and makes prima facie showing of bona fide reason to believe that the grand jury erred in determining that the restrained assets are, or are derived from, gross proceeds traceable to the commission of the charged offense.

[3] As it was, because it violated the Local Rules the Court struck the motion from the record and never ruled on the merits.

3

Finally, Jarvis argues that Judge Garcia improperly concluded that Gorence had not been impeached by evidence that demonstrated that Jarvis had given Gorence a file, which Gorence later returned. At the November 20, 2007 hearing, Gorence testified that he did not recall receiving an envelope from Jarvis. It appears from Judge Garcia's report that the documentary evidence he reviewed *in camera* demonstrates that Gorence did in fact receive such written materials from Jarvis. However, after reviewing all of those materials Judge Garcia concluded that Gorence's lapse of memory on this point did not undermine the credibility of his unequivocal statement that he did not intend to undertake representation of Jarvis based only upon the release of the Mora property. Jarvis argues that Judge Garcia's conclusion is clearly erroneous and contrary to law, although the basis for this argument is undeveloped. It appears that Jarvis is contending that once evidence contradicting a witness' testimony comes to light, all of that witness' testimony—even that relating to different facts—is suspect. Whether that is in fact the case depends on the totality of the circumstances, including the nature and extent of the contradiction. Here, Judge Garcia weighed Gorence's testimony and all of the evidence presented by Jarvis *in camera*, and concluded that the evidence did not undermine Gorence's unequivocal testimony as to his intentions regarding the representation of Jarvis.[4] This Court finds no clear error in that determination, and concludes that it is not contrary to law.

Accordingly, Jarvis' appeal of Judge Garcia's report will be denied.

---

[4] In addition, the Court notes that the undersigned United States District Judge observed Mr. Gorence's testimony at the hearing and had the opportunity to observe his demeanor and evaluate his credibility. The Court found Mr. Gorence to be very credible when he testified that he would not have undertaken the representation of Jarvis upon the release of only the Mora property. That is particularly true because his testimony was consistent with Gorence's motion [Doc. No. 314] seeking the release of Jarvis' assets.

**IT IS THEREFORE ORDERED** that Defendant Jarvis' *Appeal to the District Court of the Chief Magistrate Judge's Report on Order of Designation* [Doc. No. 1182] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**