IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT
DANA JARVIS'S "MOTION FOR RECONSIDERATION OF THE
DENIAL OF HIS APPEAL TO THE DISTRICT COURT OF THE CHIEF
MAGISTRATE JUDGE'S REPORT ON ORDER OF DESIGNATION" (DOC. 1232)

The United States hereby responds to defendant Dana Jarvis's ("Jarvis") "Motion for Reconsideration of the Denial of His Appeal to the District Court of the Chief Magistrate Judge's Report on Order of Designation" (Doc. 1232).

1. On October 4, 2007, Jarvis filed a motion to dismiss the indictment in this case (hereinafter referred to as "the motion to dismiss") based largely on a claim that he was denied his qualified right to choice of counsel. In support of that claim, Jarvis asserted that if the court had ordered the United States to remove notices of *lis pendens* on his property in Mora County in early 2005, attorneys Robert Gorence and Paul Kennedy would have entered their appearances on his behalf.

2. At the November 20, 2007 hearing on the motion to dismiss, defense counsel proffered the affidavits of two attorneys in response to Mr. Gorence's testimony –

one from attorney Judy Rosenstein and two from attorney Hope Eckert. 11/20/07 Tr. at 64. Defense counsel asserted that Ms. Rosenstein's affidavit concerned "non-privileged matters" but that Ms. Eckert's affidavits "refer to and have attached an e-mail that is work product." *Id.* at 65. The court stated that it was "reluctant to view privileged documents, privileged issues." *Id.* at 66. Defense counsel suggested that Chief United States Magistrate Judge Lorenzo F. Garcia review Ms. Eckert's affidavits and the e-mail. *Id.* at 71.

3.  Subsequently, on December 5, 2007, Jarvis filed a motion asking the court to designate Judge Garcia, pursuant to 28 U.S.C. § 636(b)(1)(A), to, *inter alia*, review all of the documents referenced in Jarvis's "privilege log" (Doc. 1129-2) and to "make a ruling as to whether the Government's proposition, that Gorence in January[,] February and March of 2006 would not have agreed to enter his appearance on behalf of Mr. Jarvis if the Mora property had been released, has been proven by a preponderance of the evidence." Doc. 1154 at 6.

4.  On December 7, 2007, the court entered an order under Section 636(b)(1)(A) designating Judge Garcia "to conduct an *in camera* review of the material set forth in [Jarvis's] privilege log for the purpose of determining whether the materials detailed in the privilege log rebut or impeach Mr. Gorence's testimony that he would not have represented Defendant Jarvis if the Court had released only Jarvis' Mora County property." Doc. 1158 at 2.

2

5.      On December 14, 2007, Judge Garcia issued his "Magistrate Judge's Report on Order of Designation." Doc. 1166. In that report, Judge Garcia found "that Robert Gorence's testimony at the November 20, 2007 hearing before Judge Herrera, to the effect that he would not have taken on representation of Jarvis if the Mora property alone were released, is not impeached by the materials submitted for *in camera* inspection." *Id.* at 6.

6.      On December 26, 2007, Jarvis filed an "appeal" to this court of Judge Garcia's report. In his pleading, Jarvis alleged that Judge Garcia made two errors and asked this court to "revisit his decision." Doc. 1182 at 3. Jarvis did not demand a *de novo* review. Rather, he requested the following:

> If the matter can be resolved as one of law and without this Court delving into privileged materials, <u>such is the preferred manner of resolution</u> in continuing protection of Mr. Jarvis' privileged materials. If the Court determines that review of the privileged materials is necessary for resolution by the District Court pursuant to the requirements of 28 U.S.C. [§] 636 and for preservation for circuit review, Mr. Jarvis suggests appointment of an independent Article III judge will be necessary to review the privileged materials in light of these objections.

*Id.* at 3-4 (emphasis added).

7.      On February 7, 2007, the court entered an order denying Jarvis's "appeal" of Judge Garcia's report. The court, implicitly finding that a review of the privileged material was unnecessary, ruled that Judge Garcia's decision was neither clearly erroneous nor contrary to law. Doc. 1217.

8.      On February 26, 2008, the court entered an order denying Jarvis's motion to

dismiss. (Doc. 1231). Shortly thereafter on February 26, Jarvis filed the instant motion to reconsider the court's order affirming Judge Garcia's report (hereinafter referred to as "the motion to reconsider"), in which he belatedly demands a full *de novo* review of Judge Garcia's decision. (Doc. 1232).

9. Jarvis filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit from the order denying the motion to dismiss on March 7, 2008. (Doc. 1238).

10. Because the motion to reconsider relates to an issue underlying Jarvis's motion to dismiss, this court is arguably without jurisdiction to rule on the motion to reconsider pending the appeal of the order denying the motion to dismiss, absent a finding by this court that the appeal is frivolous. *See Stewart v. Donges*, 915 F.2d 572, 574-78 (10th Cir. 1990) ("Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed. To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial.").[1] If Jarvis's appeal is decided on the merits, it will certainly dispose of the issue raised in the motion to reconsider.

11. If this court determines that it has not been divested of jurisdiction over this

---

[1] The United States does not concede that the order denying the motion to dismiss encompasses an appealable issue.

4

issue, or if the appeal is not decided on the merits and is instead dismissed by the court of appeals, then this court should at that time deny the motion to reconsider because the order denying the motion to dismiss makes it moot and/or untimely.  Jarvis asserts in his motion to reconsider that "... all of the record and proceedings before the Magistrate Judge must be reviewed *if the defendant so demands*."  Doc. 1232 at 2 (*citing United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996)) (emphasis in Jarvis's motion).  Jarvis, however, did not demand such a *de novo* review in his "appeal" of Judge Garcia's report.  To the contrary, he asserted that it was preferable for this court not to review the privileged material.  Thus, Jarvis's motion to reconsider, filed after the court denied the motion to dismiss to which it relates, comes too late.

12.    If this court determines that Jarvis's motion to reconsider is not moot and/or untimely, then the United States respectfully requests leave to submit additional briefing on the merits of the motion as the court may deem appropriate.

        Respectfully submitted,

        GREGORY J. FOURATT
        United States Attorney

        */s/ James R.W. Braun*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 21st day of March, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

                                               */s/ James R.W. Braun*

                                               JAMES R.W. BRAUN
                                               Assistant U.S. Attorney