FILED
United States Court of Appeals
Tenth Circuit

May 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANA JARVIS,

    Defendant - Appellant.

No. 08-2066
(D.C. No.1:05-CR-1849-JCH-1)

---

ORDER

---

Before **TACHA**, **KELLY** and **O'BRIEN**, Circuit Judges.

---

    This is an interlocutory appeal by a criminal defendant from an order of the district court denying his pre-trial motion to dismiss based on the denial of his right to retained counsel of choice. The government has filed a motion to dismiss, contending that this court lacks appellate jurisdiction because no final judgment has been entered. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984) (the final judgment rule generally prohibits appellate review in a criminal case until after conviction and imposition of sentence). The defendant contends that there is jurisdiction under the collateral order doctrine. *See Will v. Hallock*, 546 U.S. 345, 349 (2006). We agree with the government and dismiss.

The parties are familiar with the facts, and we will not repeat them here.

To satisfy the collateral order doctrine, the order must meet three requirements: 1) the order must conclusively determine the disputed question; 2) the order must resolve an important issue completely separate from the merits; and 3) the order must be effectively unreviewable on appeal from a final judgment. *United States v. Quaintance*, 523 F.3d 1144, 1146 (10th Cir. Apr. 15, 2008) (quotations omitted).

The government correctly contends that the order does not meet the third requirement. "Generally, an order is effectively unreviewable under the third prong of this test only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id*. (quotation omitted).

> A right not to be tried rests upon an explicit statutory or constitutional guarantee that trial will not occur. Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases.

*Id*. (alteration in the original) (quotations and citations omitted).

"Defendants have the burden of establishing the legal and factual basis" for a right not to be tried. *United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999). Section 1291 "'requires courts of appeals to view claims of a "right not to be tried" with skepticism, if not a jaundiced eye.'" *Id*. (quoting *Digital Equipment*

*Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994)).

The appellant, relying on *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir. 1992), argues that there is "a continuous thirty-two month pre-trial assault on [his] various Sixth Amendment rights to counsel" and that this "implicates" important rights which would be irreparably lost if review had to await final judgment. *See* Response to Motion to Dismiss at p. 2. He also relies on *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557 (2006), contending that because the Supreme Court held that the denial of the right to counsel of one's choice is structural error, that the order being appealed is not effectively reviewable on appeal from a final judgment.

The reliance of the appellant on *P.H.E.* is misplaced. In *P.H.E.* federal prosecutors engaged in a nationwide campaign against pornography. This court held that the "substantial evidence of an extensive government campaign ... designed to use the burden of repeated criminal prosecutions to chill the exercise of First Amendment rights" warranted application of the collateral order doctrine. *P.H.E.*, 965 F.2d at 855. The allegations of the appellant do not amount to "an extensive government campaign" to chill his constitutional rights.

Moreover, if construed as a speedy-trial type claim, the appellant fares no better. This court does not have jurisdiction to review interlocutory orders of the district courts refusing to dismiss indictments on speedy trial grounds. *See United States v. deShazer*, 451 F.3d 1221, 1222 (10th Cir. 2006) (citing to *United States v.*

*MacDonald*, 435 U.S. 850, 861 (1978)).

Similarly, the appellant's reliance on *Gonzalez-Lopez* is misguided. Although the Court held that the wrongful denial of the right to be assisted by counsel of one's choice constitutes structural error, this does not mean that a defendant is entitled to an interlocutory appeal.

"Structural errors" are those that "defy analysis by 'harmless-error' standards because they affect the framework within which the trial proceeds." *Gonzalez-Lopez*, 548 U.S.___, 126 S.Ct. at 2564 (quotation omitted). This is not the same test under the collateral order doctrine, i.e., whether the right not to be tried is implicated. *See Ambort*, 193 F.3d at 1171 (there is a "'crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges.'") (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982)).

Moreover, *Gonzalez-Lopez* was an appeal from a final judgment. *See also United States v. Collins*, 430 F.3d 1260 (10th Cir. 2005) (in an appeal after entry of final judgment, this court held that the constructive denial of counsel during a competency proceeding, a critical stage, constituted structural error).

"[W]ere we to conclude that the possibility of wrongful imprisonment rendered an order immediately reviewable, the collateral order exception would certainly swallow the final judgment rule." *Quaintance*, 523 F.3d at 1147.

Accordingly, because the rights asserted here can be vindicated by appellate review after the district court has entered a final judgment, the government's motion

to dismiss is **GRANTED**.  The mandate shall issue forthwith.

                                            Entered for the Court
                                            ELISABETH A. SHUMAKER, Clerk

                                            Ellen Rich Reiter
                                            Deputy Clerk/Jurisdictional Attorney