IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                             )<br>            Plaintiff,                          )<br>                                                             )<br>   vs.                                                  )           Cr. No. 05-1849 JH<br>                                                             )<br>DANA JARVIS,                              )<br>                                                             )<br>            Defendant.                       ) | |

UNITED STATES' RESPONSE TO DEFENDANT DANA JARVIS'S
OBJECTIONS AND EXCEPTIONS TO THE PRESENTENCE REPORT

The United States hereby responds to defendant Dana Jarvis's Objections and Exceptions to the Presentence Report (Doc. 1539) as follows:

1.      On March 10, 2009, counsel for the government and counsel for the defendant met with representatives from the United States Probation Office to discuss the defendant's objections to the Presentence Report (PSR). The parties were able to resolve all but one of those objections.

2.      The defendant's remaining objection is to the two level increase in his offense level pursuant to U.S.S.G. § 2S1.1(b)(2)(B), at ¶180 of the PSR. The defendant does not argue that Probation incorrectly applied the guidelines in this regard. Rather, he asserts that "[b]ecause the guidelines are advisory only, the application of this enhancement should only be accepted by the Court if it appears appropriate under all the facts and circumstances of this case." Def. Obj. at 23. But while the ultimate guidelines imprisonment range is now advisory pursuant to *United States v. Booker*, 543 U.S. 220

(2005), the process of determining that range through application of the guidelines is conducted the same as it was before *Booker*. *United States v. Medrano,* 164 Fed. Appx. 737 (10th Cir. 2006) (unpublished); *accord United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("The Guideline range should be determined in the same manner as before *Booker/Fanfan*").  Nevertheless, to the extent this two level increase results in a guideline imprisonment range that may be "greater than necessary," as the defendant argues, it would simply provide an additional basis for this Court to find that the sentence to which the parties stipulated pursuant to Rule 11(c)(1)(C) is justified.

        Respectfully submitted,

        GREGORY J. FOURATT
        United States Attorney

        *ELECTRONICALLY FILED*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 13th day of March, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

        *ELECTRONICALLY FILED*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney