IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  CR 05-1849 JH

DANA JARVIS, *et al.*,

        Defendant.

**SECOND MOTION TO ENFORCE PLEA AGREEMENT AND FOR SPECIFIC PERFORMANCE OF AGREEMENT & SENTENCE:**

**RE FORFEITURE OF THE REAL PROPERTY KNOWN AS
1440 CALLE CIELO VISTA**

COMES NOW the Defendant, Dana Jarvis, by and through his counsel of record, hereby moving this Court to Order the United States to complete all steps necessary to forfeit from the Defendant the real property known as 1440 Calle Cielo Vista, consistent with the plea agreement accepted herein and sentence imposed by this Court to do so, upon finding that the United States breached the plea agreement and unilaterally altered the Defendant's final sentence by cooperating with a third party to foreclose the real property contrary to 21 U.S.C. § 853 subsections (k) & (n).

Upon such finding of breach, the Defendant requests an Order directing the United States to comply with the sentence imposed by this Court to properly and conclusively forfeit 1440 Calle Cielo Vista, such that clear and unassailable title passes leaving the Defendant free from

1

future sentencing penalties stemming from unperfected title, consistent with the Parties' contractual plea agreement and the final sentence imposed herein. As grounds, Mr. Jarvis states as follows.

### Statement of Facts

On November 18, 2008, Mr. Jarvis entered a change of plea before the Honorable James A. Parker.  Pursuant to this change of plea and uncontested by Mr. Jarvis, the United States sought and was granted a Preliminary Order of Forfeiture consistent with the plea agreement forfeiture provisions at ¶ 11 of the Agreement. *E.g. Preliminary Order of Forfeiture*, Doc. 1488; *also Plea Agreement* at Doc. 1464.   The forfeiture provision included the property known as 1440 Calle Cielo Vista.

Subsequently, and pursuant to the directive at ¶ 5 of the Preliminary Order, the United States properly published notice of the Preliminary Order for the requisite time required pursuant to 21 U.S.C. § 853(n), such that any third party interest holders were provided statutorily required notice. *See Declaration of Publication*, Doc. 1543.

Upon information and belief, the actual constitutional notice required by the Fifth Amendment due process provisions was **not** served on Wells Fargo Bank as to the Cielo Vista real property. Such notice would have indicated third party stake holders' rights to ancillary proceedings to protect their property interests. (Statement based upon telephone comments by AUSA Kotz, SAUSA Braun participating, July 15 & 16, 2009); *also* via telephone communication with AUSA Weisman July

2

30, 2009 (confirming that AUSA Kotz failed to give notice to Wells Fargo Bank, instead allowing foreclosure in favor of the Bank as the property had been wasted , i.e., burned out during the pretrial period).

As in *Garcia v. Meza,* "It is ironic that the government was involved in extended litigation with the plaintiffs [third party stake holders], ....., and yet was unable to provide the plaintiffs with actual notice of its ongoing forfeiture proceeding. " *Garcia v. Meza,* 235 F.3d 287, 291 (7th Cir. Ill. 2000). So it is here with the United States involved in the State foreclosure action with the third party, Wells Fargo Bank. AUSA Weisman, in the July 30, 2009 phone conversation, refused to commit the particulars of notice provided by the United States to Wells Fargo Bank to writing, such that Mr. Jarvis could independently verify the validity of the forfeiture procedure.

On the date of Mr. Jarvis' sentencing, March 24, 2009, there was no Wells Fargo bank foreclosure proceeding pending against his Cielo Vista residence. *See Wells Fargo v. Dana Jarvis,* D-1329-CV-2007-1307, retrieved from nmcourts.com on August 6, 2009.  This state court foreclosure action had been dismissed for lack of prosecution a month earlier on February 27, 2009.  *Id.* The state court docket reflects reinstatement on June 16, 2009, two and a half months *post*-sentencing.

Under the most generous reading of the published notice and Preliminary Order, the deadline for third party ancillary claims by Wells Fargo pursuant to Fed. R. Crim. P. 32.2 would have expired 19 days

3

*before* sentencing, as the United States' published Notice allowed 60 days to file third party claims. *See* Doc. 1543, p. 2, attachment 1. This is, of course, *if* the United States had perfected constitutionally required actual notice on the Bank simultaneously with publication as generally happens. "Notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable." *Garcia v. Meza*, 235 F.3d at 292, *citing Robinson v. Hanrahan*, 409 U.S. 38, 40, 1972).

It is this constitutionally required actual notice, which allows entry of a Final Order of Forfeiture resolving the Wells Fargo third party interests, which Mr. Jarvis cannot now verify.

Mr. Jarvis was only made aware of this notice issue when the United States' filed its Motion for Final Order of Forfeiture on July 13, 2009, which filing unexplainably excepted the Cielo Vista real property from final order of forfeiture in favor of foreclosure. Doc. 1678. Mr. Jarvis has sought a stay of the state foreclosure proceedings through the United States but the United States has taken no action of which the Defendant is aware. As of the time of filing this Motion, the United States has not responded to Mr. Jarvis' request for a written explanation or confirmation as to the constitutional notice provided Wells Fargo, nor filed any proof of constitutional notice in the Court record.

Mr. Jarvis files this Motion as expediently as possible after failed negotiations with the United States, in his efforts to obtain final

4

resolution of his case in conformance with the sentence he actually received by this Court.

The United States opposes this Motion.

### **The Plea Agreement is Being Breached:  It Requires Forfeiture of the Listed Properties, Not Foreclosure.**

#### a. **Preservation of the Issue in the District Court is Mandatory**

The very day Mr. Jarvis was sentenced in this case, the United States Supreme Court resolved a circuit split as to whether a defendant must object contemporaneously under Rules 51(b) and 52(b) to preserve alleged government breaches of plea agreements.  *Puckett v. United States*, 129 S. Ct. 1423, 1426 (March 24, 2009). The answer was "yes." This Motion is therefore the required contemporaneous objection to the government's breach of its plea agreement obligation to forfeit, rather than foreclose, the real property known as 1440 Calle Cielo Vista.

#### b.  **Standard of Proof**

Mr. Jarvis has the burden to prove the factual basis of the breach he alleges by a preponderance of the evidence. *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995). "[I]f the pleadings reveal a factual dispute on the issue of breach of a plea agreement, the district court must hold a hearing to resolve the factual issues." *United States v. Guzman*, 318 F.3d 1191, 1196 (10th  Cir. 2003).

#### c. **General Principles Regarding Plea Contract Breaches**

"The law governing the interpretation of plea agreements is an amalgam of constitutional, supervisory, and private contract law

5

concerns." *United States v. Novosel*, 481 F.3d 1288, 1291 (10th Cir. 2007), *citing United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004); *United States v. Thompson*, 237 F.3d 1258, 1260 (10th Cir. 2001). The "rules of contract law inform the interpretation and enforcement of promises in a plea agreement." *Id.* "Plea agreements, however, are 'unique contracts, and we temper the application of ordinary contract principles with special due process concerns for fairness.'" *United States v. Hamdi*, 432 F.3d 115, 122-23 (2nd Cir. 2005). Thus, the Court evaluates plea agreements from the reasonable perspective of the defendant. *Guzman*, 318 F.3d at 1195-96.

Due process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise *must* be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971)(emphasis added). A government promise must be read as the *defendant's* reasonable understanding of the promise at the time the plea was entered. *United States v. Scott*, 469 F.3d 1335, 1338 (10th Cir. 2006).

Any ambiguities in the plea agreement will be construed against the government, on both due process grounds and the maxim that contracts are construed against the drafter. *See United States v. Altamirano-Quintero*, 511 F.3d 1087, 1093-94 (10th Cir. 2007); *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir. 1998). Courts must resist government invitation's to allow it to escape the letter of it's obligations.

6

*See Scott*, 469 F.3d at 1339, *quoting United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990), *quoting United States v. Shorteeth*, 887 F.2d 253, 256 (10th Cir. 1989).

Express limitation on the government's obligations in the plea contract will be construed as exactly that, and will be "broadly" construed in favor of the defendant's understanding. *See Allen v. Hadden*, 57 F.3d at 1535. The prohibition against the District Court allowing government interpretations of the contact language contrary to a defendant's reasonable understanding naturally leads to the understanding that the government is as bound by its implicit promises in the agreement as by its explicit promises. *United States v. Lawlor*, 168 F.3d 633, 637 (2nd Cir. 1999); *United States v. Nolan-Cooper*, 155 F.3d 221, 237 (3rd Cir. 1998); *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998). "Contracts are to be interpreted as a whole." *Hamdi*, 432 F.3d at 123.

The spirit of the agreement also binds the United States. *See id.* The Court is to protect the defendant against "end-runs" subverting the government's obligations to the defendant just as vigilantly as the Court is to protect against open and direct government acts in derogation of the plea contract. *United States v. Bowe*, 257 F.3d 336, 346 (4th Cir. 2001). Because a plea bargain requires the defendant to waive fundamental constitutional rights, the government is held "to the most meticulous

standards of both promise and performance." *United States v. Velez Carrero*, 77 F.3d 11, 11 (1st Cir. 1996).

### d.   The Contract Clauses at Issue

The Parties' plea contract contains a section entitled "Forfeiture," which was adopted as the sentence of this Court. *See Agreement* Doc. 1465, p. 4, ¶ 11; Doc. 1603, *Amended Judgment* at p. 5.  At ¶ 11 of this section it states, "The defendant voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to the following property, or the net proceeds resulting from the interlocutory sale of the property:" What follows is a listing of properties including the real property currently at issue, 1440 Calle Cielo Vista. This is the clause Mr. Jarvis alleges was breached by the United States action to "allow" the state foreclosure to proceed without objection or removal to federal court.

The following paragraphs under "forfeiture, 12-14, reflect Mr. Jarvis' duties in the agreement.  Mr. Jarvis is required to "truthfully assist the United States fully in the forfeiture of the above described property and to take whatever steps are necessary to pass clear title. Doc. 1465, Paragraph 12. Paragraph 13 reflects Mr. Jarvis' agreement to waive all "constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding," and additional waivers of various enumerated rights.  Mr. Jarvis specifically notes here he makes no prohibited challenge to the forfeiture in abrogation of this clause- instead, the Defendant is in the curious position of moving the Court to

enforce the forfeiture of a specific property in fulfillment of his obligation under his plea agreement and sentence.

The plea contract contained an additional section entitled "Violation of the Plea Agreement" at ¶ 20, which makes clear that if the United States construes the Defendant's efforts to assist in perfecting the forfeiture less than satisfactory, the penalties to the defendant are the maximum available pursuant to the charges in the indictment, plus perjury, false statement and obstruction charges as determined in the charging discretion of the United States.  This clause stated that

> if he [defendant] violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation, including, but not limited to, any crime(s) or offense (s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

*Id.* at 9-10.

Concluding the agreement at paragraph 21 under the heading of "Entirety of Agreement," it states "This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties."  However, as the forfeiture provisions included in this agreement, accepted by the Court at the March 24, 2009 sentencing, are now part of the Defendant's final sentence, no substantive alteration is now possible by the Parties or the Court.

### e.  The Problem: The Government was the Contract Drafter Choosing the Specific Terms It Wanted and Did Not Want,
### &

### The Government Did Not Reserve Foreclosure of 1440 Calle Cielo Vista as an Option

The United States drafted the plea agreement; the agreement's language, other than the factual basis, was not negotiated. The United States could have reserved the right to foreclose the Calle Cielo Vista real property, but did not choose to reserve that contract option. The plea contract, and the sentence imposed consistent with it, simply do not allow the United States to elect to allow a foreclosure of property it only reserved the right to forfeit or sell it.

### f.  Mr. Jarvis' Reasonable Understanding of the Agreement at the Time of the Plea

Mr. Jarvis knowingly, voluntarily and intelligently accepted the plea agreement so the United States would stop prosecuting him and interfering with his property rights. *Affidavit prepared for previous successful Motion to Enforce.* In his acceptance of responsibility, Mr. Jarvis sought a just and fair finality, and he agreed to substantial detriments as his tri-part consideration to achieve this purpose in the plea agreement: Mr. Jarvis bargained away fourteen years of his liberty; he forfeited approximately 1.2 million dollars in assets and waived "all constitutional, legal and equitable defenses to the forfeiture of said [enumerated] property in any proceeding"; he also agreed to dismiss his detention appeal rehearing motion at the Tenth Circuit, 08-2223, upon finality of this cause in the District Court, and he has carried through with the dismissal of his detention appeal. *See* Doc. 1676.

Mr. Jarvis agreed to all of this so that the United States would stop prosecuting him, and interfering with his property, now and for good. He gave up these rights and substantial assets for finality, not to have civil lawsuits looming years from now because of the government's allowing a void foreclosure and an improper title transfer of real property intended to be forfeited.

Mr. Jarvis understood paragraphs 11 through 16 of the plea agreement to achieve finality as to government rights to and interference in his property rights. This bargain for finality is what is breached here, as Mr. Jarvis is subject to defending the current foreclosure action and future lawsuits at his own expense, a cost equivalent to an enhanced sentence penalty. What the United States has done here is unilaterally change Mr. Jarvis' sentence, and this it cannot do.

Further, what the United States is complicit in with the Bank foreclosure is abrogating the clear statutory language of 21 U.S.C. 853 (k) and (n), which prohibit the state foreclosure proceeding. Section (k) states:

> (k) **Bar on intervention**. Except as provided in subsection (n), ***no party*** claiming an interest in property subject to forfeiture under this section may—
>
>   (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
>   (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

11

21 U.S.C. § 853 (emphasis added); *see also* Cassella, Stefan, "*Asset Forfeiture Law in the United States*," 2007, § 21-6 n. 47 (string cite in support of statement "Congress made it clear that the ancillary proceeding is the *exclusive* forum for adjudicating third-party interests in property forfeited in a criminal case.")(emphasis added).

Operation of federal preemption would allow the United States to move for dismissal of the state foreclosure action. *See e.g. U.S. Attorney's Civil & Criminal Forfeiture Procedure Manual,* 2005, Vo. 11-109, § XXXVI. The plea agreement and final sentence *require* the United States to move to dismiss it, *require* the United States take action to conform the disposition of title to 1440 Calle Cielo Vista to the letter of what their plea agreement contract requires. This Government compliance with the bargain results in the real property disposition conforming to the sentence imposed. *See United States v. Roberts*, 141 F.3d 1468, 1470 (11th Cir. 1998)(dismissal of parallel civil proceeding regarding properties implicated in indictment required under 21 U.S.C. 853(k)(2)).

Simply put, as Mr. Jarvis was the only interest holder in 1440 Calle Cielo Vista, Wells Fargo Bank cannot now foreclose upon it and take judgment against either Mr. Jarvis or the United States – Mr. Jarvis' sole interest in the property passed to the United States as of this Court's perfection of the forfeiture through the proper sentencing colloquy on

12

March 24, 2009. 21 U.S.C. 853 (k) prohibits the present foreclosure proceeding against the true title holder, the United States and the United States' complicity in this foreclosure proceeding can only end in a void judgment naming Mr. Jarvis - a judgment Mr. Jarvis will then need to legally tend from federal prison, clearly an additional penalty outside the parameters of the plea agreement.

Despite the clarity of the statute, the United States inexplicably indicated on August 6, 2009 that they were waiting for agreement with Wells Fargo for dismissal of the state foreclosure action. The United States does not need agreement or anything else from Wells Fargo. Once the United States has complied with statutory and constitutional notice to Wells Fargo, which has yet to reflect on this Court's docket, Wells Fargo, like any other third party interest holder, is entitled to protect their property rights in the ancillary proceedings available pursuant to Rule 32.2 and 21 U.S.C. 853 (n)(2).

21 U.S.C. 853 dictates but one "certain result" - the foreclosure proceeding can only result in a void judgment against both the defendants therein, Mr. Jarvis and the United States, and title will not pass unclouded, in breach of the plea agreement and in abrogation of Mr. Jarvis' final imposed sentence. *See United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007)("The issue before us is purely legal in nature and the relevant statutory language and case law dictate a certain result.").

WHEREFORE, Mr. Jarvis respectfully requests that this Court Order the United States to proceed consistent with 21 U.S.C. 853(k) and (n) and confirm provision of constitutionally adequate notice to forfeit 1440 Calle Cielo Vista in conformance with the sentence of this Court, further ordering the United States take whatever steps necessary at law to terminate the state foreclosure proceeding such than Mr. Jarvis is subject to no future judgments or lawsuits in relation to the title of the real property 1440 Calle Cielo Vista, and the real property is forfeited to the United States without foreclosure.

Respectfully submitted:

| | |
|---|---|
| I hereby certify that a true copy of this pleading was sent to SAUSA James Braun and AUSA Cynthia Weissman on this 17th day of August, 2009. | JUDITH A. ROSENSTEIN<br>P.O. Box 25622<br>(505) 379-1289 (telephone)<br>(505)797-8086(facsimile)<br>jrosenstein7@cybermesa.com |
| ELECTRONICALLY FILED<br>_____<br>Judith A. Rosenstein | ELECTRONICALLY FILED<br>_____<br>Judith A. Rosenstein<br>Attorney for Defendant |
| | JODY NEAL-POST<br>Attorney for Defendant<br>317 Amherst Dr. SE<br>Albuquerque, NM 87106-1403<br>(505) 268-7263 (telephone)<br>(505) 255-2782 (facsimile) |
| | GARY C. MITCHELL<br>Attorney for Defendant<br>P.O. Box 2460<br>Ruidoso, NM 88355-2460<br>(575) 257-3070 (telephone)<br>(575) 257-3171 (facsimile) |

15