IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
            *Plaintiff,*         )
                                )
    v.                          )       Criminal No.  05-1849 JH
                                )
DANA JARVIS,                    )
                                )
            *Defendant.*        )
                                )
WELLS FARGO BANK, N.A.,         )
                                )
            *Third Party Petitioner.*  )

UNITED STATES' RESPONSE TO DEFENDANT JARVIS'
"SECOND MOTION TO ENFORCE PLEA AGREEMENT AND FOR
SPECIFIC PERFORMANCE OF AGREEMENT & SENTENCE:
RE  FORFEITURE OF THE REAL PROPERTY KNOWN AS
1440 CALLE CIELO VISTA" (DOC. 1705)

The United States hereby responds to defendant Dana Jarvis' "Second Motion to Enforce

Plea Agreement and for Specific Performance of Agreement and Sentence: Re Forfeiture of the

Real Property Known as 1440 Calle Cielo Vista" (Doc. 1705, filed 8/17/09).

**Factual Background Regarding This Property**

1.      On August 23, 2005, the indictment filed against Defendant Jarvis and twenty

other defendants included a forfeiture allegation that listed the real property at issue herein (the

"Subject Real Property"), known as 1440 Calle Ceilo Vista, Bernalillo, Sandoval County, New

Mexico.  (Doc. 1 p. 9.)

2.      On August 25, 2005, the United States recorded a Notice of Lis Pendens for the

Subject Real Property with the County Clerk of Sandoval County, New Mexico.  On August 30,

2005, the United States filed herein the recorded Notice of Lis Pendens.  (Doc. 66.)

3.      On April 25, 2006, the superseding indictment filed against Defendant Jarvis and twenty-one other defendants included a similar forfeiture allegation that listed the Subject Real Property.  (Doc. 414 p. 9.)

4.      On October 2, 2007, Wells Fargo Bank, N.A. ("Wells Fargo") filed a "Complaint for Foreclosure" in New Mexico State Court, *Wells Fargo v. Jarvis*, No. D-1329-CV-200701307, based on the mortgage executed by Defendant Jarvis on the Subject Real Property in April of 2002.  In the foreclosure complaint, Wells Fargo referred to the United States' August 2005 Notice of Lis Pendens, which contained the caption of this criminal proceeding and which provided the bank with actual notice of this proceeding.  In the foreclosure complaint, Wells Fargo noted that there was an agreement between the United States and Wells Fargo in June 2007 to allow Wells Fargo to proceed with foreclosure of the Subject Real Property.

5.      On November 21, 2008,[1] Defendant Jarvis and the United States entered into a plea agreement in this action, in which Defendant Jarvis  "voluntarily and immediately agree[d] to forfeit to the United States all of his right, title, and interest to the following property, or the net proceeds resulting from the interlocutory sale of the property."  The Subject Real Property was listed as one of the forfeited properties.  (Doc. 1465[2] pp. 4-5, ¶ 11.)  Nothing in the plea agreement created an obligation on the part of the United States to seize the Subject Real Property.

6.      On December 12, 2008, the United States filed an Unopposed Motion for Preliminary Order of Forfeiture pursuant to the forfeiture allegation in the superseding

---

[1]Misstated as November 18, 2008, in Defendant's motion.  (Doc. 1705 p. 2.)

[2]The plea agreement is misstated in Defendant's motion as Doc. 1464 (Doc. 1705 p. 2). The plea agreement is Document No. 1465.

indictment.  The Subject Real Property was one of the properties listed therein.  (Doc. 1481.)

7.     On December 19, 2008, the Court entered a Preliminary Order of Forfeiture that included the Subject Real Property.  (Doc. 1488.)  As stated in the United States' motion:  "The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture;...."  (Doc. 1481 p. 4.)  The Order states:  "Upon the entry of this Order, the United States (or a designee) is authorized to seize and maintain custody of the Subject Property..."  (Doc. 1488 p. 3.)  The government's seizure of the Subject Real Property was allowed, but not required.  The Order required the United States to publish notice of the Order, and allowed (but did not require) the United States to "provide written notice to any person known to have alleged an interest in the Subject Property."  (Doc. 1488 pp. 3-4.)

8.     On February 10, 2009, the United States filed a Declaration of Publication of the Preliminary Order of Forfeiture.  (Doc. 1543.)

9.     On February 27, 2009, in the *Wells Fargo v. Jarvis* foreclosure action, the state court entered an Order Dismissing Action for Failure to Prosecute.  (See Doc. 1705, Motion, p. 3.)

10.     On March 17, 2009 -- before Defendant Jarvis was sentenced -- Wells Fargo filed six (6) pleadings in the *Wells Fargo v. Jarvis* state court foreclosure action:  (1) application for default judgment; (2) motion for summary judgment; (3) affidavit by attorney; (4) affidavit of non-military service; (5) plaintiff's affidavit of amounts due; and (6) certificate as to the state of the record and non-appearance.  (**Exhibit A** is a true and correct printout of the state court docket as provided on www.nmcourts.gov.)

11.     On March 24, 2009, Defendant Jarvis was sentenced.  (Doc. 1564, clerk's minutes; Doc. 1572, transcript of sentencing hearing.)   The Judgment entered on April 3, 2009

(Doc. 1577) was amended twice.

12.     On April 22, 2009, the Second Amended Judgment was filed, stating:

"Consistent

with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to the

items and property noted in paragraph 11 of the plea agreement" (Doc. 1603 p. 5), which

paragraph included the Subject Real Property.

13.     On April 28, 2009, the United States Marshals Service recommended <u>against</u>

seizing the Subject Real Property based on its determination there was insufficient equity in the

Subject Real Property to justify the United States seizing it and marketing it for sale.

14.     On June 15, 2009 -- after Defendant Jarvis was sentenced -- Wells Fargo filed two

pleadings in the *Wells Fargo v. Jarvis* state court foreclosure action: (1) motion for

reinstatement; and (2) request for hearing on motion to reinstate.  (**<u>Exhibit A</u>** is a true and correct

copy of the state court docket from www.nmcourts.gov.)

15.     On June 16, 2009, state court entered an Order of Reinstatement in the *Wells

Fargo v. Jarvis* state court foreclosure action.   *Id.*

16.     On July 13, 2009, the United States filed a Motion for Final Order of Forfeiture

Regarding Certain Dana Jarvis Assets.  As stated in that motion:  "The only Dana Jarvis asset for

which the United States [did] not seek final order of forfeiture at [that] time" was the Subject

Real Property because it "is the subject of an unresolved state foreclosure action" (Doc. 1678),

referring to *Wells Fargo v. Jarvis*, *supra*.

17.     On July 14, 2009, the Court entered the Final Order of Forfeiture Regarding

Certain Dana Jarvis Assets (Doc. 1679), which of course did not mention the Subject Real

Property.

18.     After entry of this order on July 14, 2009, counsel for Defendant Jarvis contacted counsel for the United States to request that the United States proceed with forfeiture of the Subject Real Property pursuant to the plea agreement.  Although the plea agreement did not require the United States to complete the forfeiture, counsel for the United States agreed to do so.

19.     To that end, during the latter part of July 2009, counsel for the United States was in contact with counsel for Wells Fargo in an effort to accomplish transfer of title for the Subject Real Property to Wells Fargo via forfeiture and not via foreclosure, as the United States had no interest in seizing the Subject Real Property based on its prior calculations.

20.     Towards those efforts, as of July 23, 2009, the United States incurred additional costs attributable only to Defendant Jarvis' desire for the forfeiture to proceed, and not the foreclosure.  These costs included almost $500 for a full appraisal, and over $2,000 to re-key and board up the Subject Real Property.  Until then the United States had determined it would not be taking possession of the Subject Real Property.

21.     After telephone calls with counsel for Defendant Jarvis during the latter part of July 2009, counsel for the United States confirmed to counsel for Defendant Jarvis via emails on July 30, 2009, and again on August 6, 2009, the United States' efforts to effect transfer of title of the Subject Real Property to Wells Fargo via forfeiture and not foreclosure, in accord with the stated wishes of counsel for Defendant Jarvis.

22.     Despite being aware of the United States' good faith efforts to give the defendant exactly what he was requesting, Defendant Jarvis filed the instant motion to enforce plea agreement on August 17, 2009.  (Doc. 1705.)

23.     On August 18, 2009, Wells Fargo filed in its state court foreclosure action a

"Notice of Delay in Putting Case at Issue."  (**Exhibit B** is a certified true and correct copy of

Wells Fargo's Notice of Delay.)  In the Notice, Wells Fargo stated that as of <u>July 30, 2009</u>, it has

been considering dismissing the foreclosure action based on the United States' offer of a

Marshal's deed for the Subject Real Property.[3]

24.     On September 2, 2009, Wells Fargo filed an appearance and claim herein as a

Third Party Petitioner.  (Doc. 1710, "Entry of Appearance and Notice of Claim.")

25.     On September 2, 2009, 2009, the United States filed an Unopposed Motion for

Final Order of Forfeiture regarding the Subject Real Property, recognizing Wells Fargo's

superior interest, stating the government's intention to provide a Marshal's deed to Wells Fargo.

(Doc. 1711.)

**ARGUMENT**

**1.  Defendant's Motion is Moot since the Government is in the
Process of Transferring Title to the Bank via Forfeiture**

Defendant's motion is moot since it is clear that the government is (and has been)

engaged in the process of trying to complete the forfeiture by choosing to transfer its interest and

Jarvis' interest to Wells Fargo, which would also be the end result of a foreclosure.  The

government has filed a motion for final order of forfeiture on the Subject Real Property (Doc.

1711).  Defendant has cited to no legal authority that would require the government to complete

the forfeiture instead of allowing the foreclosure to proceed, nor does the plea agreement entered

into between the parties contain such a requirement.  However, in this particular case, the

---

[3]Defendant states he "has sought a stay of the foreclosure proceedings through the United States but the United States has taken no action of which the Defendant is aware."  (Motion, Doc. 1705, p. 4.)  To the contrary, the actions of the United States resulted in the Notice of Delay filed by Wells Fargo in the foreclosure action, as of July 30, 2009, when the United States notified defense counsel of its activities with regard to Wells Fargo.

government is choosing to try to work with the bank to achieve what would be the end result of the foreclosure in an effort to appease the defendant, not because the government is required to do so.

In April 2009, after sentencing in March 2009, the government determined there was insufficient equity in this real property to justify the United States seizing it and marketing it for sale. The defendant's forfeiture of his interest in the property is mandatory as part of his sentencing. However, there is no authority that forces the government to complete that forfeiture. It would be against public policy for a court to force the government to complete a forfeiture and take possession of real property which the government determined lacked sufficient value for the government to sell.

In this case, the government did not take any steps toward possession of the property until the latter part of July 2009 when it had the locks re-keyed and had the property boarded up in order to secure it. These costs were incurred only after the government had decided to appease this defendant and secure transfer of title to the bank via forfeiture to perhaps obviate the foreclosure. These costs were incurred in the midst of discussions with counsel for Defendant Jarvis and with counsel for Wells Fargo towards the goal of transfer of interest in the property to Wells Fargo via a Marshal's deed. Because the inside of this property is burned out (see Motion, Doc. 1705, p. 3), the government has no interest in taking on the burden of having to sell this property.

Counsel for Defendant Jarvis was aware as of July 30, 2009, of the government's efforts, yet chose to file the instant motion to force the government to take action that is *not* mandatory. The government is pursing this transfer of title only in order to appease this defendant and is not in any way setting a precedent for other criminal defendants to force the government to seize

forfeited property even if the property's net equity does not support the government's decision to seize and sell the property.

### 2.  Forfeiture is Part of Defendant's Punishment -- Whether the Government Chooses to Seize the Property is *not* Defendant's Decision

Forfeiture of the Subject Real Property and the vesting of title in the United States in this property is imposed as a punishment against the defendant.  *See United States v. Nichols,* 841 F.2d 1485,1487 (10th Cir. 1988) ([C]riminal forfeiture was designed both to penalize and to deter criminal activity.");  *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, 1218 (10th Cir. 1986).  By virtue of the statute's relation-back provision, the United States obtains a vested "right, title, and interest" in such tainted § 853(a) property superior to that of third parties "upon the commission of the act giving rise to forfeiture." *Id.* § 853(c).

There is no law that requires the government to complete a forfeiture of the property.  All that is required is that the defendant's interest in tainted property be forfeited at the time of sentencing upon a motion by the government.  That motion resulted in the Preliminary Order of Forfeiture, which listed the property subject to forfeiture and authorized the government to seize it.  (Doc. 1488; Fed. R. Crim. P. 32.2(b)(2).)  The Preliminary Order of Forfeiture became final at or before sentencing as to the defendant and was a part of the sentence and was included in the judgment.  (Docs. 1488, 1603; Fed. R. Crim. P. 32.2(b)(3).)  Neither the defendant nor the court can force the government to seize property that the defendant has forfeited, when the property does not have sufficient value as determined by the government.

Moreover, this court ordered forfeiture of the Subject Real Property as part of Defendant Jarvis' sentence in March of 2009.  (Docs. 1564, 1572, & 1577.)  Therefore Defendant Jarvis lacks standing to challenge the ancillary proceeding involving Plaintiff United States and Third

Party Petitioner Wells Fargo regarding the Subject Real Property. The ancillary proceeding is not part of Defendant Jarvis' sentencing. Fed. R. Crim. P. 32.2(c)(4). Defendant Jarvis cannot oppose the government's motion for a final order of forfeiture for this property (Doc. 1711), because the disposition of his interests was final at sentencing. *See* 18 U.S.C. § 1963( *l*)(2) (stating that "any person other than the defendant" is authorized to file a third party claim to the interests forfeited to the United States.); 21 U.S.C. § 853(n)(2) (stating same); *Young v. United States,* 489 F.3d 313, 315 (7th Cir. 2007) ("Young's interest in the disputed funds was resolved through the jury's verdict, the 'preliminary' order of forfeiture, and the judgment of conviction.").

### 3.  The Government is not Involved in the Bank's Decision Whether to Dismiss its Foreclosure Action

The government steps into the defendant's shoes regarding the defendant's interest in the property, but the defendant's obligation to the mortgagee is a contractual matter between the defendant/borrower/mortgagor, and the bank/mortgagee. Even though it appears that a Marshal's deed would be satisfactory to Wells Fargo, the government has no control over whether Wells Fargo decides to dismiss its foreclosure action based on receipt of the Marshal's deed.

### 4.  Defendant Jarvis' Financial Obligation to the Bank Under his Mortgage Remains

Even though Defendant Jarvis' interest has vested in the United States, Defendant Jarvis remains contractually responsible for his mortgage. In other words, the forfeiture did not extinguish the mortgage. Although the United States plans to deed the property back to the lienholder with an interest superior to the government's upon entry of a final order of forfeiture, and the government has no monetary interest in the property, the defendant still has a contractual

obligation to pay the mortgage regardless of what happens to the property.

### 5.  Notice to the Bank

Title 21 U.S.C. § 853(n)(1) states that, following the entry of an order of forfeiture, the government must "publish notice of the order" and indicate "its intent to dispose of the property."  Further, "[t]he Government *may* also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." 21 U.S.C. § 853(n)(1) (emphasis added).  As the statute makes clear, while notice through publication is required, written notice to specific persons known to have an interest is permissive.  *U.S. v. Phillips,* 185 F.3d 183, 186-187 (4th Cir. 1999).

In this case, direct written notice to Wells Fargo was permissive, not mandatory, since Wells Fargo had actual notice of and was aware of the criminal proceeding (including forfeiture allegations) even before filing the foreclosure action.  In 2007, after the 2005 indictment and 2006 superseding indictment, the bank obtained the government's permission to proceed with its foreclosure action prior to the initiation of same.  After the defendant was sentenced in March 2009, because the government again decided to recognize the bank's superior interest, in June 2009 the bank sought reinstatement of its foreclosure action.  Defendant Jarvis and the United States are the only two defendants in the foreclosure action.  (See **Exhibit A**, state court foreclosure docket.)

At all times relevant to these proceedings the government has been aware of Wells Fargo's interest and recognizes the bank's interest in the Subject Real Property is superior to the defendant's, and thus superior to the government's.  (*See* Doc. 1711, Motion for Final Order of Forfeiture.)  "[I]f a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest, then the interest that the government acquires

when it steps into the defendant's shoes is subordinate to that of the third party." *United States v. Schoenauer*, 237 F.Supp.2d 1094, 1096 (S.D.Iowa 2002), *citing United States v. Lavin,* 942 F.2d 177, 185 (3d Cir.1991). "The government, through forfeiture, simply steps into the defendant's shoes. Thus, the government can acquire through forfeiture no greater interest than the defendant held at the time the defendant committed the criminal acts." *United States v. Schoenauer*, 237 F.Supp.2d 1094, 1097 (S.D.Iowa 2002), *citing Kuhn v. Vista Disposal, Inc.,* 826 F.Supp. 218, 224 (E.D.Mich.1993) (citing *United States v. Lavin,* 942 F.2d 177 (3d Cir.1991)).

In this case, notice to the bank in order to preserve the bank's interest in the property was permissive and arguably unnecessary since the government has always recognized and never challenged the bank's superior interest.

WHEREFORE, the United States respectfully requests the Court to deny Defendant Jarvis' Second Motion to Enforce Plea Agreement (Doc. 1705), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
GREGORY J. FOURATT
United States Attorney

Electronically filed 9/3/2009
JAMES R.W. BRAUN
STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 3, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Electronically filed 9/3/09
Cynthia L. Weisman
Assistant U.S. Attorney