IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                CR 05-1849 JH

DANA JARVIS,

        Defendant.

**MOTION TO DISMISS WELLS FARGO BANK AS THIRD PARTY
PETITIONER IN THESE CRIMINAL PROCEEDINGS
RE ENFORCEMENT OF THE DEFENDANT'S PLEA AGREEMENT AS
INCORPORATED INTO THE DEFENDANT'S FINAL SENTENCE**

COMES NOW the Defendant, Dana Jarvis, by and through his counsel of record, hereby requesting that Wells Fargo Bank be dismissed from these criminal proceedings regarding the enforcement of the Defendant's plea agreement, as incorporated into his final sentence. As grounds, Mr. Jarvis states as follows:

1. Wells Fargo Bank has filed an entry of appearance and purported notice of claim to property currently the subject of the Defendant's Second Motion to Enforce his Plea Agreement. *See* Doc. 1710.

2. The Bank's filing gives no notice to the Court that the property at issue, 1440 Calle Cielo Vista, is currently the subject property underlying the Defendant's Second Motion to Enforce

1

his Plea Agreement, field at Doc. 1705.

3. The Bank's motion attempts to enter an appearance and make a claim to Calle Cielo Vista. It cites no legal authority, nor the Bank's compliance with Rule 32.2 and or 21 U.S.C. 853(n)(2) and (3) to assert a timely and complete claim via third party petition. The Bank does not provide any basis as to its present standing or it's standing to intervene at this point as to property subject to a motion in the criminal portion of these proceedings.

4. The Bank is without standing to intervene in the criminal aspects of this matter, including matters related to the defendant's enforcement of his plea agreement and sentence. *See e.g.* DOJ Civil & Criminal Forfeiture Procedure Manual, Vol. 2, January 2005, §§ XIX. Right of Third Party to Object to Forfeiture, through Section A, pp. II-66, II-67[1], collecting cases on 21 U.S.C. 853(k)'s prohibitions on third party intervention in the criminal proceedings.

5. The Bank cannot intervene in the criminal proceedings to seek civil ancillary proceedings to establish its interest in the

---

[1] Collecting cases on 21 U.S.C. 853(k)'s prohibitions on third party intervention in the criminal proceeding and prohibitions on third party filings of separate civil actions against the United States *before* the final order of forfeiture is entered.

property until after a final order of forfeiture has been entered, and the Bank's pleading makes no required allegations as to a final order having been entered, when or as to which Parties. *United States v. Kramer*, 912 F.2d 1257, 1261 (11th Cir. 1990); United *States v. Kirschenbaum*, 156 F.3d 784, 796 (7th Cir. 1998).

6. The Bank does not explain how its rights have *not* been "automatically extinguished" by its statutory *non*-compliance with the time for filing claims, such that this Court can entertain any properly filed Petition it seeks to file. *United States v. Gilbert*, 244 F.3d 888, 910 (11th Cir. 2001).

7. Voice message was left for the Bank seeking its position, but none has yet been received.

8. The United States opposes this Motion.

WHEREFORE, the Bank's purported entry of appearance, without provision of authority to this Court as to how the Court can entertain the Bank's requests, should be dismissed without prejudice at this time to allow the sentencing matters to be resolved as to the real property, with leave given the Bank to properly assert any factually and legally supported interests it claims in the subject property after Mr. Jarvis' Second Motion to Enforce his plea agreement has been resolved and an Amended Final Order of Forfeiture has been entered.

| | Respectfully submitted: |
|---|---|
| I hereby certify that true copies of this pleading were sent electronically to SAUSA J. Braun, AUSAs C. Weisman and S. Kotz and Wells Fargo Bank, D. Renae Richards Charney, on this 4th day of September, 2009. | JUDITH A. ROSENSTEIN<br>P.O. Box 25622<br>(505) 379-1289 (telephone)<br>(505)797-8086(facsimile)<br>jrosenstein7@cybermesa.com |
| ELECTRONICALLY FILED | ELECTRONICALLY FILED |
| _____<br>Judith A. Rosenstein | _____<br>Judith A. Rosenstein<br>Attorney for Defendant |
| | JODY NEAL-POST<br>Attorney for Defendant<br>317 Amherst Dr. SE<br>Albuquerque, NM 87106-1403<br>(505) 268-7263 (telephone)<br>(505) 255-2782 (facsimile) |
| | GARY C. MITCHELL<br>Attorney for Defendant<br>P.O. Box 2460<br>Ruidoso, NM 88355-2460<br>(575) 257-3070 (telephone)<br>(575) 257-3171 (facsimile) |