IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )| |
| *Plaintiff,*               ) | |
| ) | |
| v.                            ) | Criminal No. 05-1849 JH |
| ) | |
| DANA JARVIS,                  ) | |
| ) | |
| *Defendant,*                  ) | |
| ) | |
| ) | |
| ARIZONA DEPARTMENT OF TRANSPORTATION,  ) | |
| ) | |
| *Third Party Petitioner.*      ) | |

## **EXPEDITED SETTLEMENT AGREEMENT**

It is hereby stipulated by and between Plaintiff the United States and Third Party Petitioner Arizona Department of Transportation ("AZ DOT") to compromise and settle AZ DOT's claim of interest in the following Subject Property: 1972 Cessna 421B Aircraft, United States Registration Number N#3AJ, Serial Number 421B0230 (hereafter referred to as the "aircraft").

This settlement is entered into between the United States and AZ DOT on the following terms:

1.  The United States and AZ DOT hereby stipulate that any violations of 21 U.S.C. § 846 Conspiracy to distribute 1000 kilograms and more of marijuana, and violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) Money Laundering, involving the aircraft occurred without the knowledge of AZ DOT.

1

2.    Defendant Dana Jarvis's right, title and interest in the aircraft was forfeited to the United States, and title is vested in the United States, in this Court's Preliminary Order of Forfeiture (Doc. 1488, filed 12/19/08); at Defendant Dana Jarvis' sentencing pursuant to Fed.R.Crim.P. 32.2(b)(3) (Doc. 1603, filed 4/22/09); and in the Final Order of Forfeiture (Doc. 1679, filed 7/14/09).

3.    The United States duly published a notice of criminal forfeiture on an official government internet site at www.forfeiture.gov for at least 30 consecutive days, from January 6, 2009 through February 4, 2009, with respect to the aircraft. (Doc. 1543, filed 2/10/09.)

4.    The only Third Party Claim filed herein for the aircraft was the one filed by AZ DOT. (Doc. 1763.)

5.    Plaintiff United States and Third Party Petitioner AZ DOT agree as follows:

a.    The United States Marshals Service ("USMS") will try to sell the aircraft at an aircraft auction, the next one being scheduled for December 16, 2009.

b.    If the aircraft sells, and after the USMS receives sale proceeds, the USMS will satisfy the lien held by the Arizona Department of Transportation (AZ DOT). The USMS will pay $850.00 via check payable to "Motor Vehicle Division," with "N#3AJ" in the "memo" section of the check, and will mail that check to:

> Arizona Department of Transportation
> attention: Norman Tapaha
> Aviation Tax Collector
> P.O. Box 2100
> Mail Drop 542M
> Phoenix, AZ 85001-2100

c.    Upon receipt of that check, AZ DOT (Mr. Tapaha or his designee or successor) will mail the <u>original</u> release of lien to the Federal Aviation Administration ("FAA"), and will mail a <u>copy</u> of the release of lien to:

> United States Marshals Service
> District of New Mexico
> attention: Cathy Pasciuto

Property Management Specialist
333 Lomas Blvd. NW, Suite 180
Albuquerque, NM 87102

d. The USMS (Ms. Pasciuto, or her designee or successor) will mail a copy of the release of lien to the buyer of the aircraft.

6. The $850 payment from the USMS to AZ DOT shall be in full settlement and satisfaction of any claim by AZ DOT in the aircraft in this forfeiture action and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

7. Upon receipt of the $850 from the USMS, AZ DOT agrees to release the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any claim by AZ DOT and its agents that currently exist or that may arise as a result of the United States' actions against and relating to the aircraft.

8. AZ DOT agrees to waive all attorneys' fees under 28 U.S.C. § 2465.

9. AZ DOT understands and agrees that by entering into this Expedited Settlement of its interests in the aircraft, it waives any rights to litigate further against the United States its interest in the aircraft and to petition for remission or mitigation of the forfeiture. Unless specifically directed by an order of the Court, AZ DOT shall be excused and relieved from further participation in this action.

10. AZ DOT agrees to execute further documents, to the extent necessary, to implement the terms of this settlement.

11. The $850 payment from the USMS to AZ DOT pursuant to this settlement agreement is contingent upon receipt by the USMS of sale proceeds for the aircraft. The terms of this settlement agreement shall be subject to approval by this court, therefore violating any

terms and conditions of this agreement shall be construed as a violation of an order of the court.

DATED: 12·3-09

CYNTHIA L. WEISMAN
Assistant United States Attorney
Attorneys for United States of America
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

DATED: 12-3-09

John P. Thurau
Assistant Attorney General
Arizona Office of the Attorney General
1275 W. Washington St.
Phoenix, AZ 85008
602-542-8356

DATED: 12-3-09

Norman Tapaha, Aviation Tax Collector
Authorized Agent or Officer for
Arizona Department of Transportation