IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                        No. 05-CR-1849-JH

DANA JARVIS,

      Defendant/Movant.

# MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

Dana Jarvis, by and through counsel of record, Scott M. Davidson, hereby moves for reduction of sentence pursuant to 18 U.S.C. § 3582. *See also* U. S. Const. Amend. V & VI; U.S. Sentencing Guidelines § 1B1.10; U.S. Sentencing Guidelines Amendments 782 & 788. His sentence of 168 months was based on a calculation of the guidelines and he is eligible for relief under § 3582(c)(2) pursuant to the plurality opinion in *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) (holding that "the district court has authority to entertain § 3582(c)(2) motions when sentences are imposed in light of the Guidelines, even if the defendant enters into an 11(c)(1)(C) agreement").

### 1.    Proceedings.

On March 24, 2009, Mr. Jarvis was sentenced to 168 months imprisonment for the offense of conspiracy to violate 21 U.S.C. § 841(b)(1)(A), contrary to 21 U.S.C. § 846, and money laundering, contrary to 18 U.S.C. § 1956(a)(1)(A)(i).  *See* Doc. 1587 (Amended Judgment) at 1.

The district court calculated the base offense level to be level 36.  *See* PSR at 39, ¶ 155.  The base offense level of 36 was based on the guidelines then in effect, prior to Amendments 782 and 788.  *See* PSR at 39, ¶ 154 (applying 2008 edition of Guidelines).  Two levels were added under U.S. Sentencing Guidelines § 2S1.1(b)(1)(B) (specific offense characteristic for offense of overseeing transport of bulk cash for the organization and laundering drug proceeds, contrary to 18 U.S.C. § 1956).  *See* PSR at 40, ¶ 156.  Four additional levels were added under U.S. Sentencing Guidelines § 3B1.1 (organizer/leader enhancement).  After three levels were deducted for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, *see* PSR at 41, ¶ 162, the total offense level was calculated to be 39.  *See* PSR at 40, ¶ 163

Due to Mr. Jarvis's extremely low criminal history score of 1, the Court placed him in criminal history category I, pursuant to U.S. Sentencing Guidelines Ch. 5, Part 1.  *See* PSR at 42, ¶ 168.  *See also* Statement of Reasons at 1, ¶ III (stating that the Court determined the total offense level to be 39).

The Court observed that the sentence is within an advisory guideline range that is more than 24 months. *See* Statement of Reasons at 2, ¶ IV.B. The Court noted that the sentence was based on the quantity of marijuana involved, concluding that "a four level increase is warranted." *Id.* This evidently refers to the four-level role adjustment under U.S. Sentencing Guidelines § 3B1.1. *Id.*

The Second Addendum to the PSR shows that the sentencing guidelines calculation is based on the guideline range that was applicable at that time. For instance, at page 11, Response No. 57, the PSR states that the base offense level is 36. At page 12, Response No. 59, the PSR states that the base offense level is 36, the adjusted offense level is 42, and the total offense level is 39. At page 14, Response No. 73, the PSR states that the total offense level is 39, resulting in a guideline imprisonment range of 262-327 months. The amended PSR was adopted by the Court. *See* Doc. 1564 (Clerk's Minutes) at 1.

In the Court's amended judgment and sentence, it noted that the sentence imposed is based on the guidelines, which the Court expressly mentioned as being considered in arriving at the sentence of 168 months. *See* Doc. 1587 at 1 ("The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a)." *See also* Doc. 1564 at 2 (observing that "the Court has

considered the sentencing guidelines").

Mr. Jarvis's sentence is based on the guidelines, as further demonstrated by statements made during the sentencing hearing.  On page 7, lines 14-20, of the transcript of the sentencing hearing, defense counsel Judith Rosenstein referred to the parties' agreement that the (base) offense level under the Sentencing Guidelines Drug Quantity Table, *see* U.S. Sentencing Guidelines § 2D1.1, was level 36.  *See* Doc. 1572 (Sent. Tr.) at 7.  On page 9, lines 11-16, Ms. Rosenstein observed that the 168-month sentence is based on the guidelines.  *See* Doc. 1572 at 9.  On page 11, lines 17-20, the Court stated that the sentence is in accordance with the plea agreement.  *See* Doc. 1572 at 9.  And on page 24, lines 12-25, the Court concluded that it would accept the agreement made by the parties under Rule 11(c)(1)(C) and accept their plea agreement.  The Court further stated that the sentence for Mr. Jarvis is based on the guideline calculation of total offense level 39, criminal history category I, resulting in an advisory sentencing guideline range of 262-327 months of imprisonment.   *See* Doc. 1572 at 24.  The Court specifically stated that "the Court accepts the plea agreement which includes a specific sentence of 168 months, as the Court is satisfied that the agreed sentence departs for justifiable reasons."  Doc. 1572 (Sent. Tr.) at 24, lines 21-25.

The sentence imposed---168 months---represents a 36% downward departure or variance from the lower end of this guideline sentencing range.

## 2.    Amendment to the U.S. Sentencing Guidelines.

In 2014, the U.S. Sentencing Commission amended the U.S. Sentencing Guidelines by "revising the Drug Quantity Table and chemical quantity tables across drug and chemical types."  U.S. Sentencing Guidelines Amendment 782, app. note 6.  The Sentencing Commission made Amendment 782 retroactive under Amendment 788.  The Amendments' net effect in Mr. Jarvis's case is a lowering of the base offense level (and thus the total offense level) by two points. Hence, Mr. Jarvis's revised based offense level is 34 and his revised total offense level is 37.  Due to his low criminal history score, resulting in criminal history category I, the resulting sentencing guideline range is 210-262 months.  *See* U.S. Sentencing Guidelines § 1B1.10; U.S. Sentencing Guidelines Amends. 782 & 788. If Mr. Jarvis's sentence were calculated using the proportional reduction reflected in the original sentence---*viz.*, 36% downward departure or variance from the low end of the range---Mr. Jarvis's new sentence would be 134 months.  A sentence of 134 months represents a 36% reduction from the lower end of the applicable guideline sentencing range. Consequently, Mr. Jarvis's new sentence should be 134 months.

## 3.    Mr. Jarvis is eligible for relief under § 3582(c)(2).

Mr. Jarvis is eligible for a reduction of sentence under § 3582(c)(2) and recent case law.  The fact that the parties earlier entered into a plea agreement pursuant to Rule 11(c)(1)(C) does not impede an individual's eligibility for relief under § 3582(c)(2).  *See Freeman*, 131 S. Ct. at 2695 ("Even when a defendant

enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be able to seek § 3582(c)(2) relief.").

Mr. Jarvis's 168-month sentence was based on the Guidelines, notwithstanding the parties' earlier agreement as to the term of imprisonment. As the Supreme Court concluded in *Freeman*, "[t]he district judge's decision to impose a sentence may therefore be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C).  Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction."  *Freeman*, 131 S. Ct. at 2690.

The Court emphasized that there "is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range."  *Freeman*, 131 S. Ct. at 2690.

A.     **The plurality opinion in *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011), establishes that an 11(c)(1)(C) plea does not preclude relief under § 3582(c)(2).**

One might argue that because Mr. Jarvis's sentence---168 months---is outside the guideline sentencing range of 210-262 months, it is not based on the guidelines.  This faulty logic was rejected by a plurality of the Supreme Court in *Freeman*. "Even where the judge varies from the recommended range, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence."

*Freeman*, 131 S. Ct. at 2692 (internal citations omitted).

The parties' agreement on a specified sentence outside the guideline range does not necessarily preclude its being based on the guidelines because, prior to accepting the plea agreement, the judge must find that the agreed-upon sentence departs from the guideline range for justifiable reasons.  The *Freeman* plurality explained the interplay between the parties' proposed sentence and the judge's decision to accept it:

> Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court "once the court accepts the plea agreement," but the governing policy statement confirms that the court's acceptance is itself based on the Guidelines.  That policy statement forbids the district court to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range.  The commentary to § 6B1.2 advises that a court may accept an 11(c)(1)(C) agreement "only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons."  Any bargain between the parties is contingent until the court accepts the agreement.  The Guidelines require the district judge to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea.

*Freeman*, 131 S. Ct. at 2692.   The teaching of *Freeman* is threefold: first, if the court accepts an 11(c)(1)(C) agreement, that acceptance itself is based on the Guidelines; second, where the sentence agreed upon is outside the guideline range, the court's acceptance of the plea agreement necessarily entails the court's finding that the departure from the guideline range is justifiable; and third, that the district judge will always be giving due consideration to the relevant

guideline range.

The *Freeman* plurality further reasoned that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 131 S. Ct. at 2692-93.

Some counter-arguments confuse eligibility for relief under § 3582(c)(2) with the analytically-distinct question of discretion to reduce sentence under § 3582(c)(2). For instance, in *Freeman*, the government expressed concern that eligibility for relief under § 3582(c)(2) would produce a windfall for individuals who already got the benefit of the bargain reflected in the 11(c)(1)(C) plea agreement. *See Freeman*, 131 S. Ct. at 2694. The plurality persuasively set aside this mis-placed concern, noting that the question of eligibility under § 3582 is separate from the question of success in obtaining a reduction under § 3582. *See* 131 S. Ct. at 2694. At this juncture, we are concerned only with whether Mr. Jarvis is eligible for relief. The plurality examined the practicalities of the application of § 3582 and the considerable leeway district courts have in deciding whether to grant a reduction, given the particular characteristics of each individual case, concluding that "[t]his discretion ensures that § 3582(c)(2) does not produce a windfall." *Freeman*, 131 S. Ct. at 2694. Consequently, any concern that allowing an individual who was sentenced after entering into an 11(c)(1)(C) plea would produce a windfall is not a valid basis for denying eligibility for relief

8

under § 3582(c)(2).

Similarly, the Court rejected the notion that § 3582(c)(2) relief should be restricted to only cases where the plea agreement specifically ties the sentence to a guidelines calculation. The *Freeman* plurality examined the purposes underlying the Sentencing Reform Act, the purposes animating § 3582(c)(2), and the reason for the guideline amendment at issue. *See* 131 S. Ct. at 2694. In so doing, the plurality persuasively refuted the narrower approach adopted by Justice Sotomayor. The plurality observed that "there is no good reason to extend the benefit of the Commission's judgment only to an arbitrary subset of defendants whose agreed sentences were accepted in light of a since-rejected Guidelines range based on whether their plea agreements refer to the Guidelines. Congress enacted § 3582(c)(2) to remedy systemic injustice, and the approach outlined in the opinion concurring in the judgment would undercut a systemic solution." *Freeman*, 131 S. Ct. at 2694-95.

Under *Freeman*, Mr. Jarvis is eligible for reduction of sentence under § 3582(c)(2) because the guidelines formed an important part of this Court's analytical framework when it accepted the plea agreement's stipulation to a sentence of 168 months. The record is replete with references tying the sentence of 168 months to the guidelines. That is, although the plea agreement itself does not expressly tie the sentence of 168 months to the guideline that was later rejected as excessive, the record in Mr. Jarvis's case---including the plea hearing, the sentencing hearing, the PSR, the addenda to the PSR, the judgment, and the

statement of reasons---provides abundant references tying the 168-month sentence to the Guidelines. *See, e.g.,* PSR at 39, ¶ 155 (calculating base offense level to be 36); PSR at 40, ¶ 156 (adding two levels for overseeing transfer of bulk cash to launder drug proceeds); PSR at 41, ¶ 162 (calculating total offense level of 39); Statement of Reasons at 1, ¶ III (same) PSR at 42, ¶ 168 (placing Mr. Jarvis in criminal history category I, due to extremely low criminal history score of 1); Statement of Reasons at 2, ¶ IV.B (sentence is based on quantity of marijuana and four-level enhancement); Second Addendum to PSR at 11, Response No. 57 (base offense level is 36); Second Addendum to PSR at 12, Response No. 59 (adjusted offense level is 42; total offense level is 39); Second Addendum to PSR at 14, Response No. 73 (total offense level 39, criminal history category I, results in guideline imprisonment range of 262-327 months); Doc. 1564 (Court's adoption of amended PSR); Doc. 1587 at 1 ("The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals.  Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a)."); Doc. 1564 at 2 (observing that "the Court has considered the sentencing guidelines"); Doc. 1572 (Sent. Tr.) at 7, lines 14-20 (reference to parties' agreement on base offense level of 36); *Id.* at 9, lines 11-16 (observing that 168-month sentence is based on guidelines); *Id.* at 11, lines 17-20 (stating that the sentence is in accordance with

the plea agreement); *Id.* at 24, lines 12-25 (concluding that court will accept agreement by parties under Rule 11(c)(1)(C)); *Id.* at 24, lines 21-25 (stating that the "Court accepts the plea agreement which includes a specific sentence of 168 months, as the Court is satisfied that the agreed sentence departs for justifiable reasons").

> ### B. The D.C. Circuit's case in *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013), provides persuasive authority for Mr. Jarvis's eligibility for relief under § 3582(c)(2).

The most persuasive case for Mr. Jarvis's eligibility for relief under § 3582(c)(2) is *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013).  In *Epps*, the defendant entered into a plea agreement under Rule 11(c)(1)(C), as Mr. Jarvis did in this case.  *See Epps*, 707 F.3d at 340.  The district court calculated the guideline range, arriving at a total offense level of 35, a criminal history category of III, resulting in a guideline range of 210 to 260 months.  *See* 707 F.3d at 341. The agreement stipulated a sentence of 188 months, "to avoid the need to litigate disputes regarding the Guidelines calculations."  707 F.3d at 341.

The D.C. Circuit noted that applying guideline amendments from 2007 and 2008 to Mr. Epps' sentence "would reduce [his] offense level to 33 and the applicable Guidelines sentencing range to 168 to 210 months."  707 F.3d at 341. The government argued that Mr. Epps was not entitled to relief under  3582(c)(2), reasoning that it "was based on the 188 months stipulated in his Rule 11(c)(1)(C) plea agreement, not on the Guidelines range that was applicable to him."  707

F.3d at 341.  Mr. Epps responded that "because his sentence and the stipulated range were calculated in relation to, and therefore 'based on,' a Guidelines range that was subsequently reduced, § 3582(c)(2) authorized the district court to reduce his sentence."  707 F.3d at 341.

The D.C. Circuit in *Epps* provided a thorough review of the various opinions in the Supreme Court's fractured opinion in *Freeman*.  *See* 707 F.3d at 346-51.  The court analyzed carefully in particular the plurality opinion in comparison to Justice Sotomayor's concurring opinion.  It concluded that Justice Sotomayor's opinion is not the narrowest grounds for the Court's ruling: "Under [*Marks v. United States*, 430 U.S. 188 (1977)], then, we conclude that there is no controlling opinion in *Freeman* because the plurality and concurring opinion do not share common reasoning whereby one analysis is a 'logical subset' of the other."  707 F.3d at 350.  The *Epps* court explained further that "eight of the nine Justices rejected the framework of the concurring opinion, with the dissent correctly predicting that it would 'foster[] confusion in a[n] area in need of clarity.'"  707 F.23d at 350.  Eight of the nine justices agree that the approach proposed by Justice Sotomayor in her concurring opinion is arbitrary and unworkable" insofar as it begins with an analysis of "what the district court judge did but then 'suddenly' shifted its focus to the parties' intent."  707 F.3d at 350 (quoting dissent by Roberts, C.J., joined by Scalia, Thomas, and Alito, J.J., dissenting).

The plurality in *Freeman* rejects Justice Sotomayor's concurring opinion's approach "because § 3582(c)(2) 'calls for an inquiry into the reasons for a judge's sentence, not the reasons that motivated or informed the parties.'" *Freeman*, 131 S. Ct. at 3694 (plurality opinion). The D.C. Circuit noted that courts, including the D.C. Circuit in an earlier case, that have construed Justice Sotomayor's concurrence to express the narrowest holding of the Court, "appear not to have considered circumstances where § 3582(c)(2) relief would be available under the concurring opinion but not the plurality opinion." *Epps*, 707 F.3d at 350. The D.C. Circuit concluded as follows: "In other words, the set of cases where the defendant prevails under the concurrence is not always necessarily nestled within the set of cases where the defendant prevails under the plurality as the *Marks* framework requires, whether articulated as in *King* or in terms of 'one opinion . . . always lead[ing] to the same result that a broader opinion would reach.'" *Epps*, 707 F.3d at 350.

In *Epps*, the appellate court adopted the plurality's approach: "In light of the [Sentencing Reform] Act, Rule 11(c)(1)(C)'s requirement for court approval, and the instructions in applicable Guidelines policy statements, the plurality in *Freeman* interpreted § 3582(c)(2) to mean that the focus, even when there is a Rule 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement." 707 F.3d at 351 (citing *Freeman*, 131 S. Ct. at 2694 (plurality opinion)).

A focus on the parties' intent would lead to disparities.  "A contrary focus on the parties' intentions would contribute to the unwarranted disparity that the Act was designed to reduce."  *Epps*, 707 F.3d at 351.  In *Epps*, the appellate court noted that "in departing downward from the Guidelines sentencing range and explaining the basis for its departure, the district court anchored the inference that Epps' sentence . . . was determined 'based on' a specific Guidelines range." 707 F.3d at 352.

Under the careful analysis and reasoning of the D.C. Circuit in *Epps*, Mr. Jarvis's 168-month sentence was based on the guidelines.  Under the plurality opinion of Justices Kennedy, Ginsburg, Breyer, and Kagan, "[e]ven where the judge varies from the recommended range . . . if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence."  *Freeman*, 131 S. Ct. at 2692.  In Mr. Jarvis's case, this Court used the sentencing range calculated by the probation office and reflected in the PSR and various addenda thereto---*viz.*, total offense level of 39, criminal history category of I, and resulting advisory guideline range of 262-327 months---before it agreed with the parties that a downward departure to 168 months was justifiable.   Doc. 1572 (Sent. Tr.) at 24, lines 21-25.

For these reasons, Mr. Jarvis is eligible for relief under § 3582(c)(2).

### C.   Tenth Circuit case law does not stand in the way of Mr. Jarvis's eligibility for relief under § 3582(c)(2).

One might argue that Mr. Jarvis is not eligible for relief under § 3582(c)(2) due to the 11(c)(1)(C) plea, and point to Tenth Circuit case law, much of it unpublished, that appears at first glance to provide support for that position.  A closer analysis reveals that Tenth Circuit case law is far from certain on this point.  None of these cases stands in the way of this Court's concluding that in Mr. Jarvis's case, his having entered into an 11(c)(1)(C) plea agreement does not preclude his eligibility for relief under § 3582(c)(2).  The fundamental fact is that the record in Mr. Jarvis's case shows that the sentence imposed was based on a guideline that was later amended, and made retroactive, resulting in a lower sentence under the new guideline.

The cases that at first blush might appear to stand in Mr. Jarvis's way are *United States v. White*, 765 F.3d 1240 (10th Cir. 2014); *United States v. Gray*, 2015 WL 6468029 (10th Cir. 2015) (unpublished opinion); *United States v. Price*, 627 Fed. Appx. 738 (10th Cir. 2015) (unpublished opinion); *United States v. Samuels*, 528 Fed. Appx. 953 (10th Cir. 2013) (unpublished opinion); *United States v. Fields*, 500 Fed. Appx. 755 (10th Cir. 2012) (unpublished opinion); *United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013).  But none of these cases is controlling authority precluding relief for Mr. Jarvis under the circumstances of his case.

### i.    *United States v. White*, 765 F.3d 1240 (10th Cir. 2014).

In *White*, the court held that the district court lacked jurisdiction because the sentence at issue was not based on the subsequently-lowered guideline, but was based on a 60-month mandatory minimum, plus a discretionary 87-month upward departure, which was itself connected to a later-rejected guideline range for crack cocaine offenses.  *See* 765 F.3d at 1245.  There was no 11(c)(1)(C) plea in *White*.   In *White*, the sentence was based on a calculation of the defendant's guideline range that was dictated by a 60-month mandatory minimum sentence. *See* 765 F.3d at 1242.  The Court reasoned under established precedent that the 87-month departure for a crack cocaine offense was not based on a guideline range that was subsequently lowered because "the range upon which a sentence is 'based' is the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but *prior to* any discretionary departures."   765 F.3d at 1242.   The question presented in *White* is easily distinguishable from the issue presented in Mr. Jarvis's case: "The question in [*White*] is whether § 3582(c)(2) bestows on district courts the power to reduce a sentence like Mr. White's---namely, one in which a subsequently modified guideline range was employed during the calculation of an upward departure but was not used in calculating the guideline range for the defendant's underlying crime of conviction. . . . [W]e conclude that it does not."  765 F.3d at 1245.

Consequently, *White* does not apply to Mr. Jarvis's case.   There was no 11(c)(1)(C) plea in *White* and his sentence reflected a massive upward departure, a circumstance not present in Mr. Jarvis's case.   Furthermore, whereas the sentencing guideline range in *White* was not based on any guideline range that was subsequently lowered, the sentencing guideline range in Mr. Jarvis's case is based on a guideline that has been subsequently lowered and made retroactive.

### ii.   *United States v. Gray*, 2015 WL 6468029 (10th Cir. 2015) (unpublished opinion).

In *Gray*, the Tenth Circuit ruled in an unpublished order and judgment that the defendant was not eligible for relief under § 3582(c)(2) because he waived his rights under § 3582(c)(2) in his plea agreement.   *See* 2015 WL 6468029 at *1 (observing that the plea agreement "included a section where Gray 'waive[d] any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which was determined in any collateral attack, including, but not limited to . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . .'").

The Tenth Circuit's unpublished order and judgment in *Gray* is easily distinguished from Mr. Jarvis's case because Mr. Jarvis's plea agreement contains no waiver of under § 3582(c)(2).

### iii.   *United States v. Price*, 627 Fed. Appx. 738
### (10th Cir. 2015) (unpublished opinion).

The Tenth Circuit's unpublished order and judgment in *Price* is similar to

*Gray*.   In *Price*, the defendant pleaded guilty under an 11(c)(1)(C) plea

agreement, and was sentenced to 240 months in prison, which was within the

applicable guideline range of 210-262 months.  *See Price*, 627 Fed. Appx. at 739.

He sought relief under § 3582(c)(2), arguing that the guideline range, under new

sentencing guidelines made retroactive, would be 168-210 months.  *See id.* at 740.

The defendant "waived his right to file any motion under 18 U.S.C. § 3582(c)(2)."

*Id.* at 739.

In *Price*, as in *Gray*, the defendant waived his rights under § 3582(c)(2),

whereas Mr. Jarvis did not do so.   Consequently, neither of these unpublished

orders apply to Mr. Jarvis's case.

### iv.   *United States v. Samuels*, 528 Fed. Appx. 953
### (10th Cir. 2013) (unpublished opinion).

In *Samuels*, the defendant was sentenced on the basis of the career

offender guideline under U.S. Sentencing Guidelines § 4B1.1.  *See* 528 Fed. Appx.

at 954.  He moved for reduction under § 3582(c)(2) due to Amendment 750 and

the Fair Sentencing Act of 2010 ("FSA").   *Id.*   But his § 3582(c)(2) motion was

rejected on grounds that the reduction in the crack cocaine to powder cocaine

ratios did not affect his sentence.  *See* 528 Fed. Appx. at 954.  Case law is well

established nationally that when an individual is sentenced on the basis of a

career offender guideline, a subsequent lowering of the guidelines for drug

offenses does not entitle the defendant to relief under § 3582(c)(2) because the defendant's guideline range is based on § 4B1.1, not on the lowered drug sentencing guideline. *See* 528 Fed. Appx. at 955.

The Tenth Circuit's unpublished order and judgment in *Samuels* is easily distinguishable from Mr. Jarvis's case insofar as he is not a career offender and his sentencing guideline range was not calculated on the basis of § 4B1.1.

### v.   *United States v. Fields*, 500 Fed. Appx. 755 (10th Cir. 2012) (unpublished opinion).

In *Fields*, in an unpublished order and judgment, the Tenth Circuit rejected the defendant's appeal after the district court denied his § 3582(c)(2) motion seeking relief from a twenty-year sentence. *See* 500 Fed. Appx. at 755-56. On appeal, the appointed attorney for Mr. Fields filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the Tenth Circuit that he discerned no colorable basis for an appeal and seeking leave to withdraw. This is a potent indication that, in all likelihood, there was no merit to the defendant's motion for § 3582(c)(2) relief in the first place, and that the district court was correct in denying relief.

The reasoning in *Fields* shows that it has no application to Mr. Jarvis's case: "It is apparent that Mr. Fields' sentence, to the extent it was 'based on' anything outside the plea agreement itself, was based on the twenty-year statutory minimum sentence he faced. There is no indication in the record that the guidelines advisory range of 108 to 135 months, considerably less than the

statutory mandatory minimum the parties stipulated to, formed any 'relevant part of the analytical framework' the district court applied to Mr. Field's sentence." 500 Fed. Appx. at 757.  Mr. Fields' 20-year sentence was based on the mandatory minimum 20-year sentence, not on a guideline that was subsequently lowered.

In Mr. Jarvis's case, his sentence was not based on a twenty-year statutory mandatory minimum, or any other mandatory minimum sentence.  Accordingly, the Tenth Circuit's unpublished order in *Fields* provides no grounds for denying Mr. Jarvis's eligibility for relief under § 3582(c)(2).

### vi.   *United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013).

In *Graham*, the Court held that its previous ruling in a prior appeal by Mr. Graham from the district court's denial of an earlier motion under § 3582(c)(2) governed his appeal, under the doctrine of law of the case.  *See Graham*, 704 F.3d at 1278.  The Court noted that there was no indication that there was any connection between the sentence imposed and the guideline sentencing range: "Graham's sentence was based solely on the parties' agreement for a 25-year sentence rather than any Guideline sentencing range."  704 F.3d at 1278.  In contrast, Mr. Jarvis's sentence was based on the guideline range because the sentencing guideline range and calculation formed the basis for the analytical framework of this Court's sentence and acceptance of the plea agreement and 168-month sentence.

### 4. Mr. Jarvis is a worthy candidate for relief under § 3582(c)(2).

Mr. Jarvis is deserving of this Court's exercise of discretion under § 3582 to reduce his sentence by two levels.

First, the conduct underlying his conviction was distribution of marijuana only. There were no other drugs involved in his offense. As the Court is well aware, marijuana distribution companies in more than a dozen states now operate legally under state law, and free from federal prosecution under current enforcement policies. Whether under a medical marijuana program or a statutory regime that has legalized the recreational use of marijuana, multi-million dollar operations are currently in business in the open in many parts of the United States. In the same state where Mr. Jarvis is incarcerated---Colorado---marijuana can be legally manufactured, distributed, sold, purchased and consumed.

In a cruel irony, one can see legal marijuana dispensaries near his prison. Although Mr. Jarvis broke federal law, the point is that he is a person deserving of this Court's exercise of discretion under § 3582(c)(2) because the gravamen of his offense is conduct that is quickly becoming legalized or de-criminalized across the Nation.

Second, there was no violence involved in Mr. Jarvis's offense.

Third, Mr. Jarvis has been an exemplary inmate. Even before sentencing, he was lauded by the Deputy Warden at the Torrance County Detention Facility

for being very helpful to the staff in the printing room, and helping to calm things down in the detention facility due to his maturity and intelligence.   In the Federal Bureau of Prisons, Mr. Jarvis has been a model inmate.

Mr. Jarvis's case presents a compelling one for this Court's exercise of discretion to reduce sentence from 168 months to 134 months under § 3582(c)(2). The sentencing guidelines that were originally used to calculate the guidelines sentencing range in Mr. Jarvis's case are widely recognized as being too harsh. Reduction of sentence in accordance with the request in this motion is consistent with the purpose of the Sentencing Reform Act, § 3582(c)(2), Rule 11(c)(1)(C), and Amendments 782 and 788.

A non-violent distributor of marijuana such as Mr. Jarvis, who has a very low criminal history score and has been an exemplary inmate, is a perfect candidate for this Court's exercise of discretion under § 3582(c)(2).

**5.    Conclusion and prayer for relief.**

For these reasons, Mr. Jarvis respectfully requests this Court to reduce his sentence to 134 months under § 3582(c)(2).

Respectfully submitted,

Electronically filed
Scott M. Davidson
JustAppeals.Net
The Appellate Law Office of Scott M.
    Davidson, Ph.D., Esq.
1011 Lomas Boulevard NW
Albuquerque, NM 87102
505.255.9084 (ph)
505.213.7212 (fax)

## Certificate of Service

I hereby certify that on this 22nd day of June 2016, I filed the foregoing motion electronically through the CM/ECF system, which caused counsel for the Government to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

<u>Electronically filed</u>
Scott M. Davidson